*EXHIBIT 1*

Case No. 10CVE 09 13480
CitiMortgage, Inc. successor by merger
to ABN AMRO Mortgage Group, Inc.
vs. Leonard Nyamusevya, et al

## SUPPLEMENTAL FINAL JUDICIAL REPORT
*Issued by:*
## First American Title Insurance Company

**FILE NO. FC10122771**              **JR NO. 5007339-28202**
**LSR NO.  201037726**              **PREMIUM: $50.00**

An examination of the record title from the Effective Date of the Preliminary Judicial Report,
any Supplemental Judicial Report or Final Judicial Report dated August 31, 2010 at 7:29 A.M.,
Order No. 5007339-28202 has been made to the date hereof and the Company finds the
following matters of record:

1.    Pending Foreclosure filed by CitiMortgage, Inc. successor by merge to ABN AMRO
      Mortgage Group, Inc., Plaintiff, against Leonard Nyamusevya, et al., Defendants, filed
      September 14, 2010, as Case No. 10CVE 09 13480, in the Records of Franklin
      County, Ohio.

2.    Parcel No. 010-144771-00, Taxes and Assessments for the year 2019 are $1731.65 per
      half. The first half has not been paid. The second half has not been paid. Taxes and
      Assessments for the year 2020, and subsequent years, are a lien not yet due and
      payable.

Property Address: 2064 Worcester Court, Columbus, OH 43232

Permanent Parcel No. 010-144771-00

This examination is made for the use and benefit of the Guaranteed Party to said proceedings and
purchaser at judicial sale thereunder and is further subject to the Exclusions from coverage, the
Exceptions contained in Schedule B and the Conditions and Stipulations of the Preliminary
Judicial Report, Final Judicial Report and any supplements related hereto.

Effective date: June 10, 2020 at 7:29 A.M.

## First American Title Insurance Company
By: InTitle Agency, Inc.

By: *[signature]*
      Authorized Signatory

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | LEONARD | | NYAMUSEVYA |
| | First Name | Middle Name | Last Name |
| Debtor 2 | NONE | N/A | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Southern District of Ohio

Case number   2:19-bk-52868
(if known)

FILED

2019 AUG -5 PM 3: 35

NICH...JONES
CLERK OF COURT
U.S. BANKRUPTCY COURT
COLUMBUS, OHIO

☐ Check if this is an
amended filing

**EXHIBIT 2**

## Official Form 108

# Statement of Intention for Individuals Filing Under Chapter 7    12/15

If you are an individual filing under chapter 7, you must fill out this form if:
- creditors have claims secured by your property, or
- you have leased personal property and the lease has not expired.

You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form.

If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List Your Creditors Who Have Secured Claims

1. For any creditors that you listed in Part 1 of *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D), fill in the information below.

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name:  Capitol Mortgage Services, Inc.<br><br>Description of property securing debt:  Real estate located at 2064 Worcester Court, Columbus, Ohio 43232 | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>☑ Retain the property and [explain]: <u>Satisfied Paid in Full; Exempted; I owe $0.00</u> | ☐ No<br>☑ Yes |
| Creditor's name:  Dept of Treasury-Internal Revenue Service<br><br>Description of property securing debt:  Real estate located at 2064 Worcester Court, Columbus, Ohio 43232. | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>☑ Retain the property and [explain]: <u>Disputed; Exempted; Residence & Business</u> | ☐ No<br>☑ Yes |
| Creditor's name:  NONE  N/A<br><br>Description of property securing debt: | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]: _____ | ☐ No<br>☐ Yes |
| Creditor's name:  NONE  N/A<br><br>Description of property securing debt: | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]: _____ | ☐ No<br>☐ Yes |

| Debtor 1 | LEONARD | | NYAMUSEVYA | Case number *(if known)* 2:19-bk-52868 |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

---

| Part 2: | List Your Unexpired Personal Property Leases |
|---|---|

For any unexpired personal property lease that you listed in *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G), fill in the information below. Do not list real estate leases. *Unexpired leases* are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).

Describe your unexpired personal property leases

Will the lease be assumed?

Lessor's name: NONE        N/A
☐ No
Description of leased NONE    N/A
property:
☐ Yes

Lessor's name: NONE        N/A
☐ No
Description of leased NONE    N/A
property:
☐ Yes

Lessor's name: NONE        N/A
☐ No
Description of leased NONE    N/A
property:
☐ Yes

Lessor's name: NONE        N/A
☐ No
Description of leased NONE    N/A
property:
☐ Yes

Lessor's name: NONE        N/A
☐ No
Description of leased NONE    N/A
property:
☐ Yes

Lessor's name: NONE        N/A
☐ No
Description of leased NONE    N/A
property:
☐ Yes

Lessor's name: NONE        N/A
☐ No
Description of leased NONE    N/A
property:
☐ Yes

---

| Part 3: | Sign Below |
|---|---|

Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal property that is subject to an unexpired lease.

✗ /s/ LEONARD NYAMUSEVYA                    ✗ NONE        N/A
Signature of Debtor 1                        Signature of Debtor 2

Date 08/05/2019                              Date _____
    MM / DD / YYYY                               MM / DD / YYYY

CERTIFICATE OF JUDGMENT UNDER SECTION 2329.02

OHIO REVISED CODE

UNITED STATES OF AMERICA

SS.     

SOUTHERN DISTRICT OF OHIO

I, Richard W. Nagel, Clerk of the United States District Court for the Southern District of Ohio, do certify that on _____ there was entered in the record in this court, _____ at _____, Ohio in

Case Number: _____

Case Name: _____

Judgment in favor of: _____

and against: _____

In the amount of: _____

_____

_____

_____

_____

_____

_____

_____
Appeal filed/Pending

IN TESTIMONY WHEREOF, I have Hereunto set my hand and affixed the seal of this Court, at _____, Ohio this _____ Day of _____, A.D. _____.

RICHARD W. NAGEL, CLERK

BY:_____

_____, Deputy Clerk

*Revised 7/14/15*

| Information to identify the case: | | | | |
|---|---|---|---|---|
| Debtor 1 | **Leonard Nyamusevya Sr.** | | Social Security number or ITIN | xxx-xx-0901 |
| | First Name   Middle Name   Last Name | | EIN   __-_____ | |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | | Social Security number or ITIN | ____ |
| | | | EIN   __-_____ | |
| United States Bankruptcy Court | **Southern District of Ohio** | | | |
| Case number: | **2:19-bk-52868** | | | |

## Order of Discharge



12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Leonard Nyamusevya Sr.
fdba Academic I Am

<u>11/21/19</u>

By the court:   <u>John E. Hoffman Jr.</u>
United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

For more information, see page 2 >

**Some debts are not discharged**
Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for most taxes;

- ♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- ♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- ♦ some debts which the debtors did not properly list;

- ♦ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- ♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**



**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D. C. 20535-0001



May 2, 2024

Dear Mr. Nyamusevya:

This is to acknowledge your correspondence to FBI Director Wray. Because of the large volume of mail received by the FBI, our resources will not permit us to individually answer each communication we receive. However, we have personally reviewed your correspondence and have determined the following:

(1) ☐ No violation within the investigative jurisdiction of the FBI was identified; therefore, we are unable to assist you with your complaint/inquiry.

(2) ☐ Your concerns should be directed to your local or state law enforcement authorities.

(3) ☐ The FBI does not have statutory authority to provide you with personal protection. Your concerns should be directed to your local law enforcement authorities.

(4) ☐ No preprinted material is available concerning your topic. You may wish to check the reference section of your local library.

(5) ☐ You may wish to discuss your concerns with private legal counsel of your choice, a legal aid society, or local bar association.

(6) ☐ Your concern may be of interest to _____

(7) ☐ We are unable to provide any information on the topic of your request inasmuch as FBI and Department of Justice policy prohibits comment on ongoing investigations.

(8) ☑ Since FBI investigations are conducted by our local field offices, your communication has been forwarded to the Cincinnati Field Office for appropriate handling. Please contact that office directly if you have any additional information/concerns.

(9) ☐ Your communication has been forwarded to _____.

Please contact that agency directly if you have any additional information.

(10) ☐ Your material is being returned as it may be of further use to you.

(11) ☐ The information you are requesting can be found on our website at www.fbi.gov.

(12) ☐ Please note the following:

Executive Secretariat Office



**APPENDICES**

# Ohio Revised Code
## Section 2329.02 Judgment lien - certificate of judgment - filing - transfer.

Effective: October 24, 2024
Legislation: Senate Bill 94

Any judgment or decree rendered by any court of general jurisdiction, including district courts of the United States, within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment, setting forth all of the following:

(A) The court in which the same was rendered;

(B) The title and number of the action;

(C) The names of the judgment creditors and judgment debtors;

(D) The last known address, without further inquiry or investigation, that is not a post office box, of each judgment debtor;

(E) The amount of the judgment and costs;

(F) The rate of interest, if the judgment provides for interest, and the date from which such interest accrues;

(G) The date of rendition of the judgment;

(H) The volume and page, or instrument number, if any, of the journal entry thereof.

No such judgment or decree shall be a lien upon any lands, whether or not situated within the county in which such judgment is rendered, registered under sections 5309.02 to 5309.98 and 5310.01 to 5310.21 of the Revised Code, until a certificate under the hand and official seal of the clerk of the court in which the same is entered or of record, stating the date and purport of the judgment, giving the number of the case, the full names of the parties, plaintiff and defendant, the last known address


that is not a post office box of each defendant, and the volume and page, or instrument number, of the journal or record in which it is entered, or a certified copy of such judgment, stating such facts, is filed and noted in the office of the county recorder of the county in which the land is situated, and a memorial of the same is entered upon the register of the last certificate of title to the land to be affected.

Such certificate shall be made by the clerk of the court in which the judgment was rendered, under the seal of said court, upon the order of any person in whose favor such judgment was rendered or upon the order of any person claiming under a person in whose favor such judgment was rendered, and shall be delivered to the party so ordering the same; and the fee therefor shall be taxed in the costs of the action.

When any such certificate is delivered to the clerk of the court of common pleas of any county in this state, the same shall be filed by such clerk, and the clerk shall docket and index it under the names of the judgment creditors and the judgment debtors in a judgment docket or similar record, which shall show as to each judgment all of the matters set forth in such certificate as required by this section. The fee for such filing, docketing, and indexing shall be taxed as increased costs of such judgment upon such judgment docket or similar record and shall be included in the lien of the judgment.

When the clerk of any court, other than that rendering the judgment, in whose office any such certificate is filed, has docketed and indexed the same, the clerk shall indorse upon such certificate the fact of such filing with the date thereof and the volume and page of the docket entry of such certificate and shall return the same so indorsed to the clerk of the court in which the judgment was rendered, who shall note upon the original docket the fact of the filing of said certificate, showing the county in which the same was filed and the date of such filing. When such certificate is filed, docketed, and indexed in the office of the clerk of the court which rendered the judgment, such clerk shall likewise indorse the certificate and make like notation upon the original docket.

Each such judgment shall be deemed to have been rendered in the county in which is kept the journal of the court rendering the same, in which journal such judgment is entered.

Certificates or certified copies of judgments or decrees of any courts of general jurisdiction, including district courts of the United States, within this state, may be filed, registered, noted, and


AUTHENTICATED,
OHIO LEGISLATIVE SERVICE
COMMISSION
DOCUMENT #244246

# Ohio Revised Code
## Section 2329.191 Preliminary judicial report by petitioner.

Effective: September 11, 2008
Legislation: House Bill 138 - 127th General Assembly

(A) As used in this section, "title insurance company" has the same meaning as in section 3953.01 of the Revised Code.

(B) In every action demanding the judicial sale of residential real estate consisting of one to four single-family units, the party seeking that judicial sale shall file with the clerk of the court of common pleas within fourteen days after filing the pleadings requesting relief a preliminary judicial report on a form that is approved by the department of insurance that is prepared and issued by a duly licensed title insurance agent on behalf of a licensed title insurance company or by a title insurance company that is authorized by the department of insurance to transact business in this state. The preliminary judicial report shall be effective within thirty days prior to the filing of the complaint or other pleading requesting a judicial sale and shall include at least all of the following:

(1) A legal description of each parcel of real estate to be sold at the judicial sale;

(2) The street address of the real estate or, if there is no street address, the name of the street or road upon which the real estate fronts together with the names of the streets or roads immediately to the north and south or east and west of the real estate;

(3) The county treasurer's permanent parcel number or other tax identification number of the real estate;

(4) The name of the owners of record of the real estate to be sold;

(5) A reference to the volume and page or instrument number of the recording by which the owners acquired title to the real estate;

(6) A description of the record title to the real estate; however, easements, restrictions, setback lines, declarations, conditions, covenants, reservations, and rights-of-way that were filed for record prior


to the lien being foreclosed are not required to be included;

(7) The name and address of each lienholder and the name and address of each lienholder's attorney, if any, as shown on the recorded lien of the lienholder.

Prior to submitting any order or judgment entry to a court that would order the sale of the residential real estate, the party submitting the order or judgment entry shall file with the clerk of the court of common pleas a final judicial report that updates the state of the record title to that real estate from the effective date of the preliminary judicial report through the date of lis pendens and includes a copy of the court's docket for the case. The cost of the title examination necessary for the preparation of both the preliminary judicial report and the final judicial report together with the premiums for those reports computed as required by the department of insurance, based on the fair market value of the real estate, or in the case of a foreclosure, the principal balance of the mortgage or other lien being foreclosed on or any other additional amount as may be ordered by the court shall be taxed as costs in the case.

(C) In every action demanding the judicial sale of residential real estate consisting of more than four single-family units or of commercial real estate, the party seeking that judicial sale shall file with the clerk of the court of common pleas within fourteen days after filing the pleadings requesting relief either a preliminary judicial report or a commitment for an owner's fee policy of title insurance on the form approved by the department of insurance that is prepared and issued by a duly licensed title insurance agent on behalf of a licensed title insurance company. Division (B) of this section applies if the party seeking the judicial sale files a preliminary judicial report. If the party seeking the judicial sale files a commitment for an owner's fee policy of title insurance, the commitment shall have an effective date within fourteen days prior to the filing of the complaint or other pleading requesting a judicial sale and shall contain at least all of the information required in divisions (B)(1) to (7) of this section. The commitment shall cover each parcel of real estate to be sold, shall include the amount of the successful bid at the judicial sale, shall show the purchaser at the judicial sale as the proposed insured, and shall not expire until thirty days after the recordation of the deed by the officer who makes the sale to that purchaser. After the officer's return of the order of sale and prior to the confirmation of the sale, the party requesting the order of sale shall cause an invoice for the cost of the title insurance policy, commitment cost related expenses, and cancellation fees, if any, to be filed with the clerk of the court of common pleas. The amount of the

# Kennedy v. City of Zanesville, Ohio

Decided Aug 20, 2008

Case No. 2:03-cv-1047.

August 20, 2008

## ORDER

ALGENON MARBLEY, District Judge

Defendant Muskingum County moves this Court to stay Plaintiffs' execution on judgment without bond pending appeal, pursuant to Fed.R.Civ.P. 62(f). Rule 62(f) provides that "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state would give." Under Ohio law, a judgment entered by a court of general jurisdiction, including a United States District Court, becomes a lien upon the filing of the judgment in the office of the clerk in the requisite court of common pleas. Ohio Revised Code § 2329.02 ("[n]o such judgment or decree shall be a lien upon any lands . . . until a certificate under the hand and official seal of the clerk of the court in which the same is entered or of record . . . is filed and noted in the office of the county recorder. . . ."). Therefore, this Court's judgment in favor of the Plaintiffs does not independently constitute a lien on the Defendant's property pursuant to Rule 62(f) and does not require a stay of execution as a matter of federal law.

Defendant also argues that it is entitled to a stay without bond because this Court is required to apply substantive state law with respect to the finding for Plaintiffs on their state law claim. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

2  Defendant asserts that under Ohio *2 law, a political subdivision of the state of Ohio does not have to post a supersedeas bond to obtain a stay pending appeal. Ohio Revised Code § 2505.12.

In this case, however, the substantive state law claim has been argued and judgment was entered in favor of the Plaintiffs. Presently before the Court is the procedural matter of whether a stay of execution will be issued without bond. *See Markowitz Co. v. Toledo Metro. Hous. Auth.*, 74 F.R.D. 550, 551 (N.D. Ohio 1977) (holding that a stay of execution is a procedural rule, not a substantive law that effects the outcome of litigation). As discussed above, Fed.R.Civ.P. 62 does not require a stay of execution pending appeal under these circumstances.

The Defendant County, therefore, is not entitled to a stay without bond as a matter of law.

Defendant County also cites this Court's Order denying Defendant City of Zanesville's motion to stay execution pending disposition on motions (Dock. 450), where the Court did not find a demonstration of adequate security that the City could pay the judgment against it. Defendant County has provided evidence of its ability to pay the judgment, and asks the Court to conduct the same analysis it used in considering the Defendant City's motion. Such analysis, however, would not be consistent with the Federal Rules of Civil Procedure. The Defendant City moved for a stay without bond pending disposition of post-trial motions pursuant to Rule 62(b), which gives the Court discretion to issue a stay upon demonstration of adequate security. In contrast,



Defendant County now asks for a stay without bond pending appeal pursuant to Rule 62(f). Unlike Rule 62(b), Rule 62(f) does not explicitly give the Court the same discretion to issue a stay without bond. Further, Defendant County cites no authority, and the Court finds none, that gives the Court the same discretionary power under Rule 62(f) that it has under Rule 62(b). Thus, in accordance with Rule 62, Defendant County's motion is hereby **DENIED.** *3

3

IT IS SO ORDERED.


casetext
Part of Thomson Reuters

201404358
(sef)

## COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

| | |
|---|---|
| CitiMortgage, Inc. | Case No. 14 CV 004358 |
| Plaintiff, | |
| | Judge David W. Fais |
| -vs- | |
| Donna D. Wiley, et al. | PRELIMINARY JUDICIAL REPORT |
| Defendants. | |

Now comes the plaintiff, by and through counsel, and respectfully submits to the

Court a Preliminary Judicial Report in connection with this foreclosure action, which is

attached hereto as Exhibit 'A'.

/s/ Jennifer N. Templeton
Jennifer N. Templeton, Trial Counsel
Ohio Supreme Court Reg. #0084661
LERNER, SAMPSON & ROTHFUSS, Attorney
P.O. Box 5480
Cincinnati, OH 45201-5480
(513) 241-3100
attyemail@lsrlaw.com

LSR201404358D509P1300C9

# InTitle Agency, Inc.

**Mercantile Center, 2nd Floor**

**120 East Fourth Street**

**Cincinnati, OH 45202**

**(513) 241-8780**

Lerner, Sampson and Rothfuss
120 East Fourth Street
Eighth Floor
Cincinnati, OH 45202-4007

| | |
|---|---|
| Invoice Date: | May 02, 2014 |
| File No.: | 201404358 |
| Invoice No.: | 003114026 |

Re:  Davies, Adella, DECEASED
     7740 Walnut Street
     New Albany, OH 43054
Court Case:  14 CV 004358

**Fees:**

| | | |
|---|---|---:|
| 05/02/2014 | Foreclosure Preliminary Judicial Report | 1,184.00 |
| | **Total Fees:** | **1,184.00** |

| | |
|---|---:|
| TOTAL BILLINGS: | $1,184.00 |
| LESS PAYMENTS APPLIED: | $0.00 |
| **TOTAL DUE THIS INVOICE:** | **$1,184.00** |

**Terms:  Net 45 days**

**Payable To:  "InTitle Agency, Inc."**

**Thank you for your business**

Court Case No. 14 CV 004358
CitiMortgage, Inc.
vs. Donna D. Wiley, et al.

OTIRB Record Products

Preliminary Judicial Report
(04/15/2010)

## PRELIMINARY JUDICIAL REPORT

Issued by First American Title Insurance Company

File No: FC14198289
LSR No: 201404358

Premium: $834.00
JR No: 5007339-146302

Guaranteed Party Name: Citimortgage Inc
Guaranteed Party Address: 1000 Technology Drive
City, State, Zip: O'Fallon, MO 63368-2240

Pursuant to your request for a Preliminary Judicial Report (hereinafter "the Report") for use in judicial proceedings, First American Title Insurance Company (herein after "the Company") hereby guarantees in an amount not to exceed $277,310.96 that it has examined the public records in Franklin County, Ohio as to the land described in Schedule A, that the record title to the land is at the date hereof vested in Donna D. Wiley and Adella Davies, by instrument recorded in Warranty Deed from Donna D. Wiley, an unmarried woman, to Donna D. Wiley and Adella Davies, marital status not shown, joint with rights of survivorship, dated June 19, 2007, recorded June 28, 2007 at 9:37 A.M., as Instrument No. 200706280112864, in the Deed Records of Franklin County, Ohio, and free from all encumbrances, liens or effects of record, except as shown in Schedule B.

This is a guarantee of the record title only and is made for the use and benefit of the Guaranteed Party and the purchaser at judicial sale thereunder and is subject to the Exclusions from Coverage, the Exceptions contained in Schedule B and the Conditions and Stipulations contained herein.

This report shall not be valid or binding until it has been signed by either an authorized agent or representative of the Company and Schedules A and B have been attached hereto.

Effective Date: March 27, 2014 at 6:00 A.M.

Issued By: InTitle Agency, Inc.

Signed By: *Katherine Sevilla*

Authorized Signatory or Agent

Please Print Name: Katherine Sevilla

Court Case No. 14 CV 004358
CitiMortgage, Inc.
vs. Donna D. Wiley, et al.

OTIRB Record Products

Preliminary Judicial Report
(04/15/2010)

## First American Title Insurance Company

File No: FC14198289
LSR No: 201404358

Premium: $834.00
JR No: 5007339-146302

## PRELIMINARY JUDICIAL REPORT

### SCHEDULE A

### DESCRIPTION OF LAND

SITUATED IN THE COUNTY OF FRANKLIN, STATE OF OHIO, TOWNSHIP OF PLAIN, BEING LOCATED IN SECTION 1, TOWNSHIP 2, RANGE 18, UNITED STATES MILITARY LANDS AND BEING 2.207 ACRES OF LAND CONVEYED TO ELIZABETH C. METZGER AND TERESA M. WOODS BY DEED OF RECORD IN DEED BOOK 2969, PAGE 645, ALL REFERENCES BEING TO SAID RECORDS AT THE RECORDER'S OFFICE, FRANKLIN COUNTY, OHIO, DESCRIBED AS FOLLOWS:
BEGINNING AT A RAILROAD SPIKE WHERE THE CENTERLINE OF PETER HOOVER ROAD INTERSECTS THE CENTERLINE OF WALNUT STREET, THENCE NORTH, ALONG THE CENTERLINE OF SAID PETER HOOVER ROAD, 277.07 FEET TO A NAIL, THENCE EAST, PASSING AN IRON PIN AT 20 FEET, 344.81 FEET TO AN IRON PIN, THENCE SOUTH 0 DEG 52' EAST, PASSING AN IRON PIN AT 247.27 FEET, 277.27 FEET TO A PK NAIL IN THE CENTERLINE OF THE SAID WALNUT STREET, THENCE ALONG THE CENTERLINE OF SAID WALNUT STREET, NORTH 89 DEG 58' 21" WEST, 349.0 FEET TO THE PLACE OF BEGINNING, CONTAINING 2.207 ACRES, MORE OR LESS.

Parcel No. 220-000903-00

Property Address: 7740 Walnut Street, New Albany, OH 43054

Court Case No. 14 CV 004358
CitiMortgage, Inc.
vs. Donna D. Wiley, et al.

OTIRB Record Products

Preliminary Judicial Report
(04/15/2010)

### First American Title Insurance Company

File No: FC14198289
LSR No: 201404358

Premium: $834.00
JR No: 5007339-146302

### PRELIMINARY JUDICIAL REPORT

### SCHEDULE B

The matters shown below are exceptions to this Preliminary Judicial Report and the Company assumes no liability arising therefrom.

1. Mortgage in the amount of $277,500.00 from Adella Davies, unmarried, by Donna P. Wiley as her Attorney in Fact, and Donna D. Wiley, unmarried, joint tenants, to Mortgage Electronic Registration Systems, Inc., address P.O. Box 2026, Flint, MI 48501-2026, dated November 16, 2007, recorded November 29, 2007, at 11:13 A.M., as Instrument No. 200711290205541, in the Records of Franklin County, Ohio. Note: Special Durable Power of Attorney by Adella Davies, to Donna D. Wiley, her daughter as Attorney in Fact, dated November 16, 2007, recorded November 29, 2007 at 11:12 A.M., as Instrument No. 200711290205540, in the Records of Franklin County, Ohio.

   Assignment of Mortgage from Mortgage Electronic Registration Systems, Inc., address P.O. Box 2026, Flint, MI 48501-2026, to CitiMortgage, Inc., address 1000 Technology Drive, O'Fallon, MO 63368, dated January 2, 2014, recorded January 13, 2014, at 2:12 P.M., as Instrument No. 201401130004976, in the Records of Franklin County, Ohio.

2. Bankruptcy, Chapter 7, filed by Adella Burns Davies aka Adella B. Davies aka Adella Davies, Debtor, on January 30, 2013, as U.S. Bankruptcy Case No. 13-bk-50622, in the U.S. Bankruptcy Court Records, Southern District of Ohio (Columbus). Note: Reaffirmation Agreement filed May 3, 2013 at 4:04 P.M. Note: Discharged May 21, 2013, and terminated November 13, 2013.

3. Dissolution of Marriage by Ralph D. Wiley, Plaintiff, against Donna Wiley, Defendant, Final Decree filed June 9, 1998 at 3:25 P.M.as Case No. 98DR-04-1601, Instrument No. 36035 J04, in the Records of Franklin County, Ohio.

4. Parcel Number: 220-000903-00. Taxes for the year 2013 are $3,047.87 per half. Assessments for the year 2013 are $31.25 per half. The first half has been paid. The second half is not yet due and payable. Taxes and Assessments for the year 2014 and subsequent years are a lien, not yet due and payable. Note: There is a Homestead Credit on this property in the amount of $372.35 per half.

201404358
(bks)

COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

CitiMortgage, Inc.

Case No. 14 CV 004358

Plaintiff,

Judge David W. Fais

-vs-

Donna D. Wiley, et al.

<u>Final Judicial Report</u>

Defendants.

Now comes the plaintiff, by and through counsel, and respectfully submits to the

Court a Final Judicial Report in connection with this foreclosure action, which is attached

hereto as Exhibit "A".

Respectfully submitted,

/s/ Jennifer N. Templeton
Jennifer N. Templeton, Trial Counsel
Ohio Supreme Court Reg. #0084661
LERNER, SAMPSON & ROTHFUSS
Attorney(s) for Plaintiff
P.O. Box 5480
Cincinnati, OH 45201-5480
(513) 241-3100
attyemail@lsrlaw.com

Case No. 14 CV 004358
CitiMortgage, Inc.
vs. Donna D. Wiley, et al.

# FINAL JUDICIAL REPORT
## *Issued by:*
# First American Title Insurance Company

**FILE NO. FC14198289**                                    **JR NO. 5007339-146302**
**LSR NO.    201404358**                                       **PREMIUM: $50.00**

An examination of the record title from the Effective Date of the Preliminary Judicial Report, any Supplemental Judicial Report or Final Judicial Report dated March 27, 2014 at 6:00 A.M., Order No. 5007339-146302 has been made to the date hereof and the Company finds the following matters of record:

1.    Pending Foreclosure filed by CitiMortgage, Inc., Plaintiff, against Donna D. Wiley, et al., Defendants, filed April 21, 2014, at 4:05 P.M., as Case No. 14 CV 004358, in the Records of Franklin County, Ohio.   (Copy of Docket Sheet Attached)

2.    Parcel Number: 220-000903-00.   Taxes for the year 2013 are $3,047.87 per half. Assessments for the year 2013 are $31.25 per half. The first half has been paid. Taxes and Assessments for the second half of 2013 and subsequent years are a lien, not yet due and payable.   Note: There is a Homestead Credit on this property in the amount of $372.35 per half.

Property Address: 7740 Walnut Street, New Albany, OH 43054

Permanent Parcel No. 220-000903-00

A review of the proceedings in Case No. 14 CV 004358, Common Pleas Court, Franklin County, Ohio has been made and the Company finds no record in said proceedings of service completed on the following parties: All parties have been served.

This examination is made for the use and benefit of the Guaranteed Party to said proceedings and purchaser at judicial sale thereunder and is further subject to the Exclusions from coverage, the Exceptions contained in Schedule B and the Conditions and Stipulations of the Preliminary Judicial Report, Final Judicial Report and any supplements related hereto.

Effective date: May 2, 2014 at 7:59 A.M.


**First American Title Insurance Company**
By: **InTitle Agency, Inc.**

By:    *Katherine Sevilla*
         Authorized Signatory



CIVIL CASE DETAIL

Previous Case

Next Case

| CASE NUMBER | TYPE of CASE | STATUS | DATE FILED |
|---|---|---|---|
| 14 CV 004358 | FORECLOSURES | ACTIVE | 04/21/2014 |

**JUDGE**
DAVID W FAIS

**COURTROOM**
COURTROOM 6F
345 SOUTH HIGH STREET
6TH FLOOR
COLUMBUS, OH 43215

**PLAINTIFF(S)**

| Name | Attorney |
|---|---|
| CITIMORTGAGE INC | JENNIFER N TEMPLETON |

**DEFENDANT(S)**

| Name | Attorney |
|---|---|
| DONNA D WILEY | NO ATTORNEY ON RECORD |
| 7740 WALNUT STREET | |
| NEW ALBANY, OH 43054 | |
| FRANKLIN COUNTY TREASURER | NO ATTORNEY ON RECORD |
| JOHN DOE UNKNOWN SPOUSE DONNA D WILEY | NO ATTORNEY ON RECORD |

**CASE SCHEDULE**

| Date | Description |
|---|---|
| 04/21/14 | CASE FILED |
| ******** | INITIAL STATUS CONFERENCE |
| 09/08/14 | INITIAL JOINT DISCLOSURE OF ALL WITNESSES |
| 11/03/14 | SUPPLEMENTAL JOINT DISCLOSURE OF ALL WITNESSES |
| 11/17/14 | TRIAL CONFIRMATION DATE |
| 01/26/15 | DISPOSITIVE MOTIONS |
| 02/09/15 | DISCOVERY CUT-OFF |
| 03/23/15 | DECISIONS ON MOTIONS |
| ******** | FINAL PRE-TRIAL CONFERENCE/ORDER (OR BOTH) |
| 05/04/15 | TRIAL ASSIGNMENT |

**DOCKET**  Show All Descriptions ☐   Select Docket Category  All

| Date | Description | Image | Fiche | Frame | Pages |
|---|---|---|---|---|---|
| 05/02/14 | COMMITMENT FOR TITLE INSURANCE | | 08817 | A69 | 7 |
| 04/28/14 | SERVICE COMPLETE - CERTIFIED MAIL | | E2124 | D11 | 1 |
| 04/28/14 | SERVICE COMPLETE - CERTIFIED MAIL | | E2124 | D10 | 1 |
| 04/28/14 | SERVICE COMPLETE - CERTIFIED MAIL | | E2124 | D09 | 1 |
| 04/23/14 | SUMMONS ISSUED | | E2119 | S63 | 1 |
| 04/23/14 | SUMMONS ISSUED | | E2119 | S63 | 1 |
| 04/23/14 | SUMMONS ISSUED | | E2119 | R91 | 1 |
| 04/23/14 | PROOF OF SERVICE ISSUED - CERTIFIED MAIL | | E2119 | N29 | 1 |
| 04/23/14 | PROOF OF SERVICE ISSUED - CERTIFIED MAIL | | E2119 | N28 | 1 |
| 04/23/14 | PROOF OF SERVICE ISSUED - CERTIFIED MAIL | | E2119 | N27 | 1 |
| 04/23/14 | SUMMONS ISSUED | | E2119 | U28 | 1 |
| 04/23/14 | PROOF OF SERVICE ISSUED - SHERIFF | | E2119 | U27 | 1 |
| 04/22/14 | SECURITY DEPOSIT RECEIVED | | | 00 | |
| 04/22/14 | APPLIED - SPECIALTY DOCKET FUND | | | 00 | |
| 04/22/14 | APPLIED - LEGAL AID | | | 00 | |
| 04/22/14 | APPLIED - COURT COMPUTERIZATION | | | 00 | |
| 04/22/14 | APPLIED - E-FILING CHARGE | | | 00 | |
| 04/22/14 | APPLIED - DAILY REPORTER | | | 00 | |
| 04/22/14 | APPLIED - CLERK | | | 00 | |
| 04/22/14 | APPLIED - DEPOSIT FOR COSTS | | | 00 | |
| 04/22/14 | APPLIED - COMPUTERIZED RESEARCH LEGAL FEES | | | 00 | |
| 04/22/14 | APPLIED - SPECIAL PROJECT FEE | | | 00 | |
| 04/22/14 | ORIGINAL COPY OF HEARING NOTICE FILED | | | | |
| 04/21/14 | REQUEST FOR SERVICE - SHERIFF | | 08794 | Q81 | 1 |
| 04/21/14 | REQUEST FOR SERVICE - CERTIFIED MAIL | | 08794 | Q80 | 1 |
| 04/21/14 | REQUEST FOR SERVICE - CERTIFIED MAIL | | 08794 | Q80 | 1 |
| 04/21/14 | REQUEST FOR SERVICE - CERTIFIED MAIL | | 08794 | Q80 | 1 |
| 04/21/14 | COMPLAINT FILED | | 08794 | Q23 | 37 |
| 04/21/14 | CASE INFORMATION SHEET | | 08794 | Q22 | 1 |
| 04/21/14 | APPEARANCE FILED | | | | |
| 04/21/14 | CLERKS ORIGINAL CASE SCHEDULE FILED | | 08794 | Q82 | 1 |
| 04/21/14 | JUDGE ASSIGNED - ORIGINAL | | | | |
| 04/21/14 | HEARING/EVENT SCHEDULED | | | | |