# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **LEONARD NYAMUSEVYA** | : | |
| | : | |
| | : | **Case No. 2:24-cv-4216** |
| **Plaintiff,** | : | |
| | : | JUDGE EDMUND A. SARGUS |
| v. | : | |
| | : | MAGISTRATE JUDGE |
| **STATE OF OHIO, et, al.,** | : | CHELSEY M. VASCURA |
| | : | |
| | : | |
| **Defendants.** | : | |

## MOTION TO DISMISS OF DEFENDANT THE HONORABLE JUDGE DANIEL HAWKINS AND REQUEST FOR STAY PENDING MOTION TO DISMISS

Defendant Judge Daniel Hawkins ("Defendant"), pursuant to Civ.R. 12(b)(6) and 12(b)(1),

hereby move this Court to dismiss Plaintiff's complaint for failure to state a claim upon which

relief can be granted. A Memorandum in Support is attached.

Respectfully submitted,

**G. GARY TYACK**
**PROSECUTING ATTORNEY**
**FRANKLIN COUNTY, OHIO**

/s/Charles R. Ellis
Charles R. Ellis (0090492)
Assistant Prosecuting Attorney
Civil Division
cellis@franklincountyohio.gov
373 South High Street, 15th Floor
Columbus, Ohio 43215
Tel: (614) 525-7437
Fax: (614) 525-6012
*Counsel for Defendant*
*Honorable Judge Daniel Hawkins*

<u>**MEMORANDUM IN SUPPORT**</u>

## I.   INTRODUCTION AND BACKGROUND

*Pro se* Plaintiff Leonard Nyamusevya's Complaint, ECF No. 1, lacks any merit and should therefore be dismissed. Leonard Nyamusevya ("Plaintiff") lodges his latest complaint against Judge Daniel Hawkins, formerly of the Franklin County Court of Common Pleas and current Justice of the Supreme Court of Ohio, and multiple other defendants alleging a wrongful taking of his home after he allegedly received protections from a bankruptcy filing. ECF No. 1. The underlying case concerning his house (real property) was a civil foreclosure in Franklin County Court of Common Pleas ("trial court"), Case 10CV13480, in which the Court entered a final judgment entry and decree of foreclosure on November 15, 2018, against Plaintiff. In examining the case history, a Judgment and Decree of Foreclosure for CitiMortgage was entered on May 20, 2014. Plaintiff first appealed the trial court's decision in the Ohio Tenth District Court of Appeals, Case 14AP464. The Ohio Tenth District Court of Appeals affirmed in part and remanded in part. This Ohio Tenth District Court of Appeals affirmed the trial court's decision with respect to the default of the note and mortgage and remanded the case back to the trial court to determine the total amount owed form Plaintiff. A jury trial was held in the trial court and judgement was found in favor of CitiMortgage. Plaintiff then filed a second appeal in the Ohio Tenth District Court of Appeals, Case 18AP949. The Ohio Tenth District Court of Appeals then affirmed the trial court's decision on October 22, 2020.

Plaintiff filed a Chapter 13 Bankruptcy in the United States Bankruptcy Court, Southern District of Ohio, Eastern Division, Case No. 19-52868. Plaintiff attempted to attack the Common Pleas Court foreclosure Case 10CV13480 by way of the Bankruptcy Court. Plaintiff filed three adversary proceedings in the Bankruptcy Court along with various motions to prevent the sale of the

underlying property. Said motions were denied by the Bankruptcy Court. The United States Court of Appeals for the Sixth Circuit affirmed the Bankruptcy Court's decision.

Plaintiff filed a Complaint for Writs of Prohibition and Mandamus against Defendant The Franklin County Court of Common Pleas: Honorable Judge Daniel R. Hawkins in the Ohio Tenth District Court of Appeals, Case No. 19AP199 seeking to prevent Judge Hawkins (Defendant) from further presiding the foreclosure action in Franklin County Court of Common Pleas, Case 10CV13480, and to rule and dispose of certain motions. The Ohio Tenth District Court of Appeals dismissed that case, 19AP199. Plaintiff then appealed to the Supreme Court of Ohio, Case No. 2020-0728. On Supreme Court Case No. 2020-0728, the Supreme Court of Ohio affirmed the decision of the appellate court.

Plaintiff filed complaints for writs of prohibition and procedendo against The Franklin County Court of Common Pleas: Honorable Judge Daniel R. Hawkins in the Supreme Court of Ohio, Case 2021-0853. In that case Defendant Judge Hawkins' motion to dismiss was granted and Plaintiff's emergency verified motion for an alternative writ or temporary restraining order, or preliminary injunction order was denied.

Plaintiff filed a petition for writ of certiorari in the Supreme Court of the United States, Case No. 21-7106. The petition and a subsequent petition for rehearing was denied by the Supreme Court of the United States.

In the case at bar, Plaintiff further alleges that all Defendants are liable for the death of his son who was allegedly murdered by gun violence in Chicago, Illinois. Plaintiff is seeking a remedy that includes the return of his house along with money damages. Plaintiff's claims fail because Judge Daniel Hawkins is entitled to absolute judicial immunity, barring all individual capacity claims brought against him. Furthermore, Plaintiff's claims related to the foreclosure of his house are time

barred by the two-year statute of limitations. Plaintiff's § 1983 claim is not proper. As Plaintiff's claim against Judge Daniel Hawkins lacks viability, Defendant Judge Daniel Hawkins respectfully requests that this Court dismiss all claims against him, with prejudice.

### A. The Court May Take Judicial Notice Of Pleadings In Other Matters.

Defendant incorporates public records from the various cases discussed above, and Defendant understand that the Court generally only considers content in the pleadings when considering a motion to dismiss. Defendant respectfully request the Court to take judicial notice of the existence of the court proceedings discussed above as the Sixth Circuit has determined that courts can take judicial notice of public records. *See, e.g.*, *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) ("on a motion to dismiss, we may take judicial notice of another court's opinion not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity"). Defendant is not requesting this Court to take judicial notice of any facts, contained in the public records of the various court proceedings discussed in this Motion to Dismiss, which Plaintiff could dispute. The mere existence of these public records from court proceedings are only offered to show that Plaintiff has litigated and attempts to relitigate claims that have been rejected by multiple courts.

Further, Defendant prays that the Court finds no reason to convert the instant Motion to Dismiss to a motion for summary judgment because all documents offered by Defendants in support of its Motion to Dismiss are public records, not subject to reasonable dispute, and may be considered by the Court. *See In re Huffy Corp. Secs. Litig.*, 577 F. Supp.2d 968, 981 (S.D. Ohio 2008) ("It is a matter of settled precedent in the Sixth Circuit that courts may take judicial notice of proceedings in other courts"); *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010) (stating

that a court may take judicial notice of other court proceedings without converting a motion to dismiss into one for summary judgment).

## II.    ANALYSIS

Rule 12 of the Federal Rules of Civil Procedure provides for this Court to dismiss claims for "lack of subject-matter jurisdiction" and for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(1) and (6). In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012), citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.*, quoting Fed. R. Civ. P. 8(a)(2). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.*, quoting *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.*, quoting *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

A document filed *pro se* is "to be liberally construed" and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson*, 551 U.S. 94, quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). The Sixth Circuit has also recognized, however, that this liberal construction does

not come at the expense of "abrogat[ing] basic pleading essentials in pro se suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citations omitted).

The Plaintiff's claims should be dismissed for the following reasons: (1) the *Rooker-Feldman* doctrine precludes this Court from exercising jurisdiction over any state court decisions; (2) judicial immunity bars Plaintiff's claims for monetary and injunctive relief; (3) the Complaint is insufficient and fails to state a claim for which relief may be granted.

**A. Under the *Rooker-Feldman* doctrine, this Court does not have jurisdiction to review Plaintiff's claims against Judge Daniel Hawkins to the extent he is challenging judicial determinations previously made by the Judge.**

The Sixth Circuit has stated, "[t]he *Rooker-Feldman* doctrine prevents a federal district court from exercising jurisdiction over a claim alleging error in a state court decision. Federal courts have no jurisdiction over challenges to state court decisions, even if the challenges allege that the state court [actors] acted unconstitutionally." *Luber v. Sprague,* 90 Fed. Appx. 908, 910 (6th Cir. 2004) (*internal citation omitted).* In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280 (2005), the U.S. Supreme Court held "the *Rooker-Feldman* doctrine...is confined to cases brought by state-court losers complaining of injuries cause by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284.

Plaintiff's Complaint alleges Franklin County Court of Common Pleas Judge Daniel Hawkins "was unlawfully and corruptly and unconstitutionally and fraudulently and improperly and egregiously and maliciously acting in the course and scope of his function and under color of state law" during the Franklin County Court of Common Pleas foreclosure case. ECF No.1, PAGE ID# 10 at ¶23. Any and all of the allegations made by Plaintiff with respect to Judge Hawkins'

judicial actions and are not within this Court's jurisdiction. *Luber* at 910; *See also Jones v. Perrysburg Mun. Court*, No. 3:05-cv-7424, 2007 U.S. Dist. 58584, *12 (*Rooker-Feldman* doctrine applied to judge's actions). Plaintiff is requesting a review of an Ohio state court's decision by a federal court which lacks jurisdiction to review his claim. Plaintiff's attempt to appeal a state court decision in a federal district court should be dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine.

**B. Judge Hawkins is entitled to judicial immunity from civil liability.**

It has long been established that judges are absolutely immune from individual liability for monetary relief for the performance of any "judicial act" unless there is a "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 357 (1978); *King v. Love*, 766 F.2d 962, 966-67 (6th Cir.), *cert. denied*, 474 U.S. 971 (1985). This immunity will be lost only where a judge "knows he lacks jurisdiction, or acts in the face of clearly valid statutes or case law expressly depriving him of jurisdiction[.]" *Schorle v. Greenhills*, 524 F. Supp. 821, 828 (S.D. Ohio 1981). Such far-reaching protection is justified by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability. *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) (*quoting Antoine v. Byers & Anderson*, 508 U.S. 429, 435 (1993)). The Supreme Court and Sixth Circuit have renewed their support for an expansive reading of absolute judicial immunity. *See, Mireles v. Waco*, 502 U.S. 9, 112 S. Ct. 286, 288-89 (1991)(immunity applicable to claims that a judge ordered court officers to use excessive force to drag an attorney into his courtroom); *Cooper v. Parrish,* 203 F.3d 937, 945-46 (6th Cir. 2000) (immunity applicable to claims a judge improperly engaged in *ex parte* contact with prosecutors and gave them legal advice on how to improve their case); *Barnes,*105 F.3d 1111 (immunity applicable to claims that a judge aided prosecutors in the preparation of a complaint against a criminal defendant

in his courtroom). Thus, as one court noted, the "law has been settled for centuries that a judge may not be attacked for exercising his judicial authority, even if done improperly."[1] *Dean v. Shirer*, 547 F.2d 227, 230-32 (4th Cir. 1976), *citing Mullins v. Oakley*, 437 F.2d 1217, 1218 (4th Cir. 1971) (immunity applies to a judge's utterance of vile and slanderous statements to an attorney).

As long as Judge Hawkins was acting within his jurisdiction, he is immune. Even "[w]here a court has *some* subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Depiero v. City of Macedonia,* 180 F.3d 770, 785 (6th Cir. 1999) (*citing Adams v. McIlhany*, 764 F.2d 294, 298 (5th Cir. 1985)). The court in *Doe v. McFaul*, 599 F. Supp. 1421, 1431 (D. Ohio 1984) added:

> [A] judicial officer does not act in the clear absence of all
> jurisdiction if he merely acts in excess of his authority . . .
> The Supreme Court has held, for instance, that if a judicial
>  officer exceeds his authority in a type of case that he normally
> has jurisdiction to hear, the officer has not acted in the clear
> absence of all jurisdiction.

*See also Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984).

Judge Hawkins presided over Plaintiff's case in the Franklin County Court of Common Pleas. The Franklin County Court of Common Pleas, established pursuant to §2305.01 of the Ohio Revised Code, had proper jurisdiction over Plaintiff's foreclosure case. The sale of foreclosed property is governed by §2323.07 of the Ohio Revised Code. The Ohio Supreme Court has said that "actions in foreclosure are within the subject-matter jurisdiction of a court of common pleas." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d

---

[1] Judicial immunity extends to cases in which judges acted maliciously (*e.g., Pierson v. Ray*, 386 U.S. 547, 554 (1967)). It extends to cases in which a trial judge failed to conduct a speedy trial (*Smith v. Martin*, 542 F.2d 688, 690 (6th Cir. 1976), *cert. denied*, 431 U.S. 905 (1977)); and ordered a person detained for mental examination (*Turney v. O'Toole*, 898 F.2d 1470 (10th Cir. 1990)). The courts have unequivocally held judicial immunity extends to claims a judge conspired with others to deprive a plaintiff of his property and rights. *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986); *Billingsley v. Kyser*, 691 F.2d 388, 389 (8th Cir. 1982).

1040, ¶ 20. "[A]bsent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction[.]" *State ex rel. Steffen v. Myers*, 143 Ohio St.3d 430, 2015-Ohio-2005, 39 N.E.3d 483, ¶ 17, citing *State ex rel. Enyart v. O'Neill*, 71 Ohio St.3d 655, 646 N.E.2d 1110 (1995). It is clear that Judge Hawkins was acting in his jurisdiction when he presided over Plaintiff's foreclosure matter. Therefore, Judge Hawkins' absolute immunity meets the first prong of the absolute immunity analysis and cannot be challenged.

The remaining prong of the absolute immunity analysis then questions whether Judge Hawkins' actions were "judicial acts," and thus protected by his immunity. A "judicial act" has been defined as a function normally performed by a judge in a situation where the parties have dealt with the judge in a judicial capacity. *Stump,* 435 U.S. at 362*; King v. Love*, 766 F.2d 962 (6th Cir. 1985). Plaintiff is challenging the way Judge Hawkins presided over the underlying foreclosure case; thus, he is challenging Judge Hawkins' judicial acts. *See also DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999) ("function[s] normally performed by a judge"). Because the decisions in the underlying litigation were within the jurisdiction of the Franklin County Court of Common Pleas, and the acts upon which the Complaint is based were judicial in nature, Judge Hawkins is entitled to absolute judicial immunity.

## C. Plaintiff's claims related to violations of Ohio's Rules of Professional Conduct fail for lack of Court's jurisdiction.

Purported disciplinary violations committed by Ohio lawyers and/or judges falls within the exclusive jurisdiction of the Supreme Court of Ohio. See, e.g., *Rodojev v. Sound Com Corp.,* No. 1:10CV1535, 2010 WL 5811886, at *6 (N.D. Ohio Dec. 30, 2010), report and recommendation *adopted by*, No. 1:10CV1535, 2011 WL 589059 (N.D. Ohio Feb. 10, 2011); s*ee also Fred Siegel*

*Co., L.P.A. v. Arter & Hadden,* 85 Ohio St.3d 171, 178, 707 N.E.2d 853 (1999) (stating that "the power to determine violations of the Disciplinary Rules is reserved to this court"). Additionally, "both the Sixth Circuit and the Ohio Supreme Court have held that the Ohio Rules of Professional Conduct do not create a private cause of action." *Viola v. Ohio Att'y Gen.,* No. 1:20CV765, 2021 WL 510746, at *19 (N.D. Ohio Feb. 11, 2021) (citing *Kafele v. Frank & Wooldridge Co.,* 108 F. App'x 307, 309 (6th Cir. 2004)); *Fred Siegel Co., L.P.A.* , 85 Ohio St.3d at 178. Consequently, any claim related to Judge Daniel Hawkins allegedly violating the Ohio Rules of Professional Conduct falls outside of the jurisdiction of this Court, therefore are not appropriate in Plaintiff's Complaint.

### D. Plaintiff's claims related to the taking of his house (real property) are time barred by the two-year stature of limitations.

Plaintiff's allegations of an unlawful taking of his house (real property) are barred by the two-year statute of limitations. "The statute of limitations for § 1983 claims is the relevant state's statute of limitations for personal-injury torts." *Beaver Street Investments., LLC v. Summit County, Ohio,* 65 F.4th 822, 826 (6th Cir. 2023) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Ohio law provides for a two-year statute of limitations here. Id. (citing *Cooey v. Strickland,* 479 F.3d 412, 416 (6th Cir. 2007)). "Although the statute of limitations is determined by state law, 'the accrual date of a §1983 cause of action is a question of federal law that is not resolved by reference to state law." *Id.* (quoting *Wallace,* 549 U.S. at 388). Plaintiff makes reference to the Fourteenth Amendment in his Complaint, but he conflates his claim indicating Defendants actions "extinguished Plaintiff's due process of law", "unlawfully and unconstitutionally confiscating and depriving Plaintiff's real property." ECF No. 1, PageID 21, ¶ 65¶ 66; *see also Id.* at PageID 13-14, ¶ 36. Those Sixth Circuit cases all espouse that the statute

of limitations clock will start to run upon the point of the government taking and individuals property, i.e. when the redemption period comes to a close during foreclosure proceedings on Plaintiff's house. *Beaver Street Investments,* 65 F.4th at 827.

Plaintiff's two-year statute of limitations concluded on December 13, 2020. That date is derived from the Franklin County Court of Common Pleas final judgment entry of foreclosure being issued on November 15, 2018. *CitiMortgage, Inc. v. Nyamusevya*, 2020-Ohio-5024, ¶ 14 (Ct. App.). In accordance with Ohio Rev. Code § 323.65, Plaintiff had 28 days from November 15, 2020, to redeem his property. Therefore, the stature of limitations period ran from December 13, 2018, to December 13, 2020. If Plaintiff were to argue that the statute of limitations was tolled by his direct appeal, Plaintiff would still be time barred by the statute of limitations. The Ohio Tenth District Court of Appeals issued its decision affirming the lower court's decision on October 22, 2020. *See generally CitiMortgage, Inc. v. Nyamusevya,* 2020-Ohio-5024 (Ct. App.). Thus, if the stature of limitations were found to have been tolled by direct appeal, Plaintiff would still be time barred by the statute of limitations as of October 22, 2022. Therefore, the requisite period to being any claim upon the taking of Plaintiff's property, has since expired.

**E.  Plaintiff's Complaint fails to property state a § 1983 claim against Defendant Judge Daniel Hawkins.**

"When pleading a [§] 1983 claim, a plaintiff must establish that each defendant was personally involved in the activities which form the basis of the allegedly unconstitutional behavior." *Williams v. Warden, Chillicothe Corr. Inst*., No. 2:23-CV-1042, 2024 WL 406446, at *2 (S.D. Ohio Feb. 2, 2024), quoting *Long v. Sloan,* No. 1:18-cv-1364, 2019 WL 4396079, at *7 (N.D. Ohio May 23, 2019). Plaintiff's complaint fails to list individual activities carried out by Judge Daniel Hawkins that would be the basis of a § 1983 claim. Plaintiff merely list out every

defendant and makes the blanket conclusion that all defendants "possessed and allowed the November 29, 2022, judicial enforcement of the unlawfully and unconstitutionally fabricated draconian July 15, 2020, invalid Supplemental Final Judicial Report, for confiscating and depriving Plaintiffs real property; and for causing the wrongful September 02, 2024, death of Plaintiff s son in Chicago." ECF No. 1, PageID 16, ¶ 49. Such group pleading is improper as it fails to set forth any specific allegations related to Judge Daniel Hawkins and every other individual defendant. Therefore, Plaintiff's § 1983 claim should be dismissed.

**F. Plaintiff's state law wrongful death claim is not proper in this action.**

"Claims for wrongful death are governed by state law and not federal law." *Hopkins v. Mercy Health Springfield Reg'l Med. Ctr.*, No. 3:24-CV-00080, 2024 WL 1347452, at *2 (S.D. Ohio Mar. 29, 2024), adopted by *Hopkins v. Mercy Health Reg'l Med. Ctr.*, No. 3:24-CV-80, 2024 WL 1565299 (S.D. Ohio Apr. 11, 2024) (citing Ohio Rev. Code § 2125.01). "Therefore, wrongful death claims are typically filed in state court, not in federal court." *Id.* Further, in addition to wrongful death claims being in the purview of the state court, such claims may only be brought by the decedent's estate's administrator. Ohio Rev. Code § 2125.02. Plaintiff, pro se, has not established that he is the lawful administrator of his son's estate. This federal court action is not the proper court for a state wrongful death claim. Additionally, Plaintiff has not described any specific action by Defendant Judge Daniel Hawkins that led to the depravation of his son's life. For the forgoing reasons, Plaintiff's wrongful death claim fails and must be dismissed.

**III.  <u>MOTION TO STAY</u>**

Defendants respectfully requests an order staying this matter, and deadlines on any motions filed by Plaintiff pending a decision on this motion. The Court has broad discretion over its docket and Defendants deem a stay is justified in the interest of judicial economy.

## IV.     CONCLUSION

Plaintiff has failed to state any actionable claims, against Judge Daniel Hawkins. Further

Judge Hawkins is entitled to absolute immunity from the relief sought by Plaintiff.

For the reasons stated herein, Judge Daniel Hawkins respectfully ask this Court to

dismiss all claims against him, with prejudice.


Respectfully submitted,

**G. GARY TYACK**
**PROSECUTING ATTORNEY**
**FRANKLIN COUNTY, OHIO**


/s/Charles R. Ellis
Charles R. Ellis (0090492)
Assistant Prosecuting Attorney
Civil Division
cellis@franklincountyohio.gov
373 South High Street, 15th Floor
Columbus, Ohio 43215
Tel: (614) 525-7437
Fax: (614) 525-6012
*Counsel for Defendant*
*Honorable Judge Daniel Hawkins*


## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the forgoing motion was filed electronically on

this 24th day of December 2024 and will be sent through the Court's electronic filing system on

the electronic filing receipt. Parties may access this filing through the Court's system. This filing

will also be served on the following via ordinary mail:

**Leonard Nyamusevya**
P.O. BOX  314

Reynoldsburg, Ohio 43068

/s/Charles R. Ellis
Charles R. Ellis (0090492)
*Counsel for Defendant*
*Judge Daniel Hawkins*