# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **LEONARD NYAMUSEVYA,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:24-CV-4216 |
| | : | |
| v. | : | Judge Edmund Sargus Jr. |
| | : | |
| **STATE OF OHIO et al.,** | : | Magistrate Vascura |
| | : | |
| Defendants. | : | |

## STATE DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER VENUE

### I. INTRODUCTION

Plaintiff's motion to transfer venue (ECF No. 8) is meritless, made in bad faith, and should be denied. In his latest attempt to undo prior decisions from this Court and others, Plaintiff filed his complaint, seeking to have certain real property returned to him as well as $250 million from each of the named Defendants. *See generally* Compl., ECF No. 1. In doing so, he filed in the only district where venue is appropriate, the Southern District of Ohio. Unfortunately, he is using the murder of his son, who was the victim of a tragic shooting in Chicago, as a means to try to get this case before a new judge and court—the Northern District of Illinois. But as none of the Defendants played any role in that heinous crime, venue is not appropriate in Illinois, and the State Defendants do not consent to transfer. Alternatively, Plaintiff has not and cannot carry his burden to establish that the Northern District of Illinois is a more convenient forum. Accordingly, Plaintiff's motion should be denied.

1

## II.     LAW AND ARGUMENT

A court may only transfer a case to a district where venue is proper or to a venue in which all the parties consent. 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."). In other words, transfer of a case is proper if the case could have been brought in the new venue in the first place. Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b)(1)-(2). Moreover, a "district court may transfer a case from a proper venue to a more convenient forum." *Jianyi Zhang v. Appriss, Inc.*, No. 23-5845, 2024 U.S. App. LEXIS 7794, at *3 (6th Cir. Apr. 1, 2024) (citing 28 U.S.C. § 1404(a)). "In determining whether to transfer pursuant to § 1404(a), district courts typically consider a variety of factors, including 'the convenience of the witnesses, the location of operative facts, the ability to compel unwilling witnesses, the interests of justice, [] ease of access to sources of proof, . . . the convenience of the parties . . . [and] the plaintiff's choice of forum.'" *Id.* at *3-4 (quoting *Means v. United States Conf. of Cath. Bishops*, 836 F.3d 643, 651 (6th Cir. 2016)). Finally, "[t]he party moving to transfer venue bears 'the burden of establishing the need for a transfer of venue.'" *First Fin. Bank v. Knapschaefer*, No. 1:22-cv-698, 2023 U.S. Dist. LEXIS 64734, at *2 (S.D. Ohio Apr. 12, 2023) (quoting *Dayton Superior Corp. v. Yan*, 288 F.R.D. 151, 165 (S.D. Ohio 2012)). Plaintiff fails to carry his burden here.

2

### A. The Northern District of Illinois is not a proper venue for this case.

Initially, this Court should deny Plaintiff's motion because the Northern District of Illinois is not a proper venue for this case. First, none of the Defendants are residents of Illinois. Rather, Defendants are residents of different states, including Ohio, Missouri, California, and Florida. Compl., ECF No. 1, PageID 1-2, 8-11. Accordingly, venue is not proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(1). Second, the Northern District of Illinois is not the district where a "substantial part of the events or omissions giving rise to the claim occurred" or where "a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Nearly all of Plaintiff's claims are related to the allegedly unlawful taking of his real property. *See generally* Compl., ECF No. 1. The complaint clearly states that this occurred in Ohio. *See, e.g.*, *id.* at PageID 4, ¶ 5 (alleging that his bankruptcy was handled in Ohio); PageID 16, ¶ 49 (alleging that the Judicial Defendants violated his rights during the various state proceedings in Ohio). Moreover, Plaintiff alleges that the real property is located in Columbus, Ohio, which is located in the Southern District of Ohio. *Id.* at PageID 3, ¶ 4. Thus, venue for these claims is only proper in the Southern District of Ohio. This leaves Plaintiff's wrongful death claim related to the murder of his son in Chicago, Illinois.

Plaintiff cannot rely on his wrongful death claim to establish proper venue in the Northern District of Illinois. The State Defendants do not dispute that Plaintiff's son was killed in Chicago. However, Plaintiff fails to allege or establish how any of the Defendants were involved in that crime. *See generally* Mot. to Dismiss, ECF No. 16. Suggesting that any of the Defendants were involved simply to get venue transferred to a different district is wrong, frivolous, and fraudulent. In other scenarios, fraudulent pleading requires denial of the requested relief. In one case, a plaintiff was not permitted to avoid removal to federal court when he fraudulently pleaded a Jones

3

Act claim to stay in state court. *Casas v. Northrop Grumman Ship Sys.*, 533 F. Supp. 2d 707, 708-09 (S.D. Tex. 2008). Similarly, it is well established that plaintiffs are not permitted to fraudulently join in-state defendants to avoid removal to federal court. *See, e.g.*, *Walker v. Philip Morris USA, Inc.*, 443 Fed. App'x 946, 951 (6th Cir. 2011) ("A party who removes a case involving non-diverse parties to federal court on diversity grounds will defeat a motion to remand if it can show that the non-diverse parties were fraudulently joined.") (citing *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (citing *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999))). This Court should apply that same logic here.

There are no allegations related to *any* of the Defendants outside of those involving Plaintiff's former real property. All those alleged actions took place in the Southern District of Ohio. Plaintiff relies solely on his own unfounded legal conclusions to support his claim for wrongful death. But this Court need not give any weight to these allegations. *Oliver v. Jpay, L.L.C.*, No. 1:23-cv-3031-SEG-CMS, 2023 U.S. Dist. LEXIS 156455, at *10-11 (N.D. Ga. Sep. 5, 2023) ("This allegation is a legal conclusion, and Plaintiffs failed to allege facts to support it. Plaintiffs' venue allegation, therefore, does not establish that venue is proper in this District."); *see also Murcia v. A Capital Elec. Contrs., Inc.*, 270 F. Supp. 3d 39, 42 (D.D.C. 2017) ("The plaintiff, however, 'bears the burden of establishing that venue is proper,' *Varma v. Gutierrez*, 421 F. Supp. 2d 110, 113 (D.D.C. 2006) (citation omitted), and must offer more than mere legal conclusions."). Because Plaintiff did not allege any facts that tie any of the Defendants to his son's murder, venue is not proper in the Northern District of Illinois.

### B. The Northern District of Illinois is not a more convenient forum.

Even if venue was proper in the Northern District of Illinois, which it is not, Plaintiff failed to establish that it is a more convenient forum than the Southern District of Ohio. None of the

factors that courts consider in determining whether to transfer venue are present here. Initially, most of the conceivable witnesses would be located in Ohio. It is unclear whether any witnesses, outside of the parties, would be necessary in this case. Of the 15 parties (1 plaintiff and 14 defendants), 12 reside in Ohio, including Plaintiff.[1] *See* Compl., ECF No. 1, PageID 1-2. Moreover, all of the underlying allegations, with the exception of Plaintiff's fraudulently pleaded wrongful death claim, took place in Ohio. Additionally, several of the Defendants have either previously been sued or sued Plaintiff in Ohio's state courts or federal district courts. *See* Mot. to Dismiss, ECF No. 16, PageID 176. In other words, it is very likely that this matter will be able to proceed to final resolution in this District. This also supports a conclusion that this District is convenient for the parties. Finally, although he is now trying to transfer the case to an allegedly less antagonistic district, *Plaintiff chose* to file in this District. He should not be permitted to file in a proper district and then immediately move to transfer to an improper venue. In sum, Plaintiff cannot show any reason why this case should be transferred to the Northern District of Illinois, a district where venue is not proper.

### III. CONCLUSION

For these reasons, the State Defendants respectfully ask this Court to deny Plaintiff's motion to transfer venue (ECF No. 8).

---

[1] Although Plaintiff alleges that he is homeless, he uses a Reynoldsburg, Ohio mailing address. Compl., ECF No. 1, PageID 1. Therefore, he should be considered a resident of Ohio for venue purposes. *See Gleason v. Lynch*, No. 2:20-cv-2406-JAM-EFB, 2021 U.S. Dist. LEXIS 52471, at *5 (E.D. Cal. Mar. 19, 2021) ("while plaintiff states he is homeless, he has provided the court with an address based in San Bernardino, California").

        Respectfully submitted,

        DAVE YOST
        Ohio Attorney General

        */s/ Michael A. Walton*
        MICHAEL A. WALTON* (0092201)
        JULIE M. PFEIFFER (0069762)
            **Lead Counsel*
        Assistant Attorneys General
        Constitutional Offices Section
        30 East Broad Street, 16th Floor
        Columbus, Ohio 43215
        T: 614-466-2872 | F: 614-728-7592
        Michael.Walton@OhioAGO.gov
        Julie.Pfeiffer@OhioAGO.gov

        *Counsel for State Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the U.S. District Court, Southern District of Ohio, on December 26, 2024, and served by U.S. Postal Service on December 26, 2024, upon:

    Leonard Nyamusevya
    P.O. Box 314
    Reynoldsburg, OH 43068

    *Plaintiff pro se*

        */s/ Michael A. Walton*
        MICHAEL A. WALTON (0092201)
        Assistant Attorney General