**IN THE UNITED STATES FEDERAL DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**
**85 MARCONI BOULEVARD**
**COLUMBUS, OHIO 43215.**

FILED
RICHARD W. NAGEL
CLERK OF COURT

2024 DEC 30 PM 3: 07

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| Leonard Nyamusevya | Case No. **2:24-CV-4216** |
| P.O. Box 314 | |
| Reynoldsburg, Ohio 43068 | |
| (614) 323-5898 | **Judge Edmund A. Sargus, Jr.** |
| *nyaleo@hotmail.com* | |
| An individual | |
| Plaintiff *(Law abiding pro-se)* | **Magistrate Judge** |
| | **Chelsey M. Vascura** |
| **-vs-** | |
| | |
| **STATE OF OHIO** | |
| **MIKE DEWINE, esq.** | |
| Governor of the State of Ohio | |
| Vern Riffe State Office Center | |
| Riffe Center | |
| 77 South High Street, 30th Floor | **Plaintiff's Motion for Objection** |
| Columbus, Ohio 43215 | **to State Defendants' 12/26/2024** |
| Defendant, | **Memorandum in Opposition to** |
| | **Plaintiff's Motion to Transfer** |
| **STATE OF OHIO** | **Venue (ECF Doc. # 22)** |
| **DAVE YOST, esq.** | |
| Ohio Attorney General | |
| Rhodes State Office Tower | |
| 30 East Broad Street, 14th Floor, | |
| Columbus, OH 43215 | |
| Defendant, | |
| | |
| **Citimortgage, Inc., Successor by merger to** | |
| **ABN AMRO Mortgage Group, Inc.,** | |
| 1000 Technology Drive | |
| O'Fallon, MO 63368-2239 | |
| Defendant, | **DEMAND FOR JURY TRIAL** |
| | *(Jury Trial Demand Endorsed)* |
| **First American Financial Title Insurance Company** | Under Fed. R. Civ. P. 38(b). |
| 1 First American Way | |
| Santa Ana, California 92707 | |
| Defendant, | |
| | |
| **First American Financial Title Insurance Company** | |
| 2 Easton Oval, Suite 180 | |
| Columbus, Ohio 43219 | |
| Defendant, | |

1

**Padgett Law Group**
6267 Old Water Oak Rd Suite 203,
Tallahassee, FL 32312
                Defendant,

**Attorney Ellen L. Fornash, esq.**
**Attorney Jacqueline M. Wirtz, esq.**
**Attorney Bethany L. Suttinger, esq**
Padgett Law Group
8087 Washington Village Drive, Ste 220,
Dayton, Ohio 45458
*OHAttorney@padgettlawgroup.com*
                Defendants,

**Honorable Judge Daniel R. Hawkins, esq.**
Franklin County, Ohio Court of Common Pleas
345 South High Street, Courtroom 6B
Columbus, Ohio 43215
                Defendant,

**Honorable Sharon L. Kennedy, esq.**
Chief Justice of Supreme Court of Ohio
Supreme Court of Ohio
65 South Front Street
Columbus, OH 43215-3431
                Defendant,

**Honorable Judge David J. Leland, esq.**
Franklin County, Ohio 10th District Court of Appeals
373 South High Street,
Columbus, Ohio 43215
                Defendant,

**Honorable Judge Julia L. Dorrian, esq.**
Franklin County, 10th District Court of Appeals
373 South High Street,
Columbus, Ohio 43215
                Defendant,

**Honorable Judge Kristin Boggs, esq.**
Franklin County, 10th District Court of Appeals
373 South High Street,
Columbus, Ohio 43215
                Defendant.

2

**NOTE**

Soon in the new administration, a new F.B.I. (Federal Bureau of Investigation) director will be appointed and will be timely reminded and requested to continue the investigation pertaining to the unlawful and fraudulent and unconstitutional enforcement of the 07/15/2020, unconstitutional, invalid, draconian, unlawful, and fraudulent Supplemental Final Judicial Report (Exhibit 1) against Plaintiff and his son, for a prompt resolution of this action. A Supplemental Final Judicial Report was not filed by First American Financial Title Insurance Company in *CitiMortgage, Inc. v. Wiley*, 2016-Ohio-5902, in which a statutory Final Judicial Report under O.R.C. § 2329.191(B)(7) was filed; consequently, Wiley was not killed. A Supplemental Final Judicial Report is not a statutory Final Judicial Report under O.R.C. § 2329.191(B)(7) (Exhibit 2).

In pushing and pursuing to continue with its reign of violation of the interest of justice in the 6th Circuit regional district, in its meritless 12/26/2024, Motion (ECF Doc. # 22), State Defendants concealed that Defendant State of Ohio and Defendants enforced on November 29, 2022, its 07/15/2020, unconstitutional, invalid, draconian, unlawful, and fraudulent Supplemental Final Judicial Report, which is not provided under the whole of existing Federal and States laws and the Ohio and U.S. Constitutions, against Plaintiff and his son, which under color of law was fabricated and provided by Defendant First American Financial Title Insurance Company in conjunction and concert with State Defendants and Defendants.

### Plaintiff's Motion for Objection to State Defendants' Motion (ECF Doc. # 22)

**NOW COMES** Leonard Nyamusevya, (hereinafter "Plaintiff or Mr. Nyamusevya") and hereby respectfully moves the United States District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, Illinois within the meaning of 28 U.S.C. § 1404(a), to oppose the meritless and unsupported and unwarranted State Defendants' 12/26/2024, Motion (ECF Doc. # 22).

Within the statutory meaning of 28 U.S.C. § 1404(a), when this suit was commenced, Plaintiff had a right to sue in the United States District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, Illinois, independently of the wishes of State Defendants and Defendants; thus, the United States District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, Illinois is the statutory district "where this suit should have originally been brought."

Within the statutory meaning of 28 U.S.C. § 1404(a); therefore, the test is, did Plaintiff have an independent right to commence suit in the district to which Plaintiff beforehand sought to make transfer that is in the United States District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, Illinois? Yes! The United States District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, Illinois is the statutory district "where this suit should have originally been brought. *Blaski v. Hoffman*, 7th Cir., 260 F.2d 317.

To hold otherwise is to permit State Defendants and Defendants to select a forum not available to Plaintiff as a matter of right, and over Plaintiff's timely objection. This suit should have originally been filed at the United States District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604, which is a district "where this action should have been originally brought" for the prosecution of the 09/02/2024, wrongful death of Plaintiff's son in Chicago, Illinois and for the convenience of where the substantial witnesses reside and in the interest of justice and Plaintiff's own preferred forum. The substantive law of the United States District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604 governs the 09/02/2024, wrongful death of Plaintiff's son in this lawsuit, and that the calendar of the United States District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604 is less congested than the one of the U.S. Federal District Court, in Columbus, Ohio.

Within the statutory meaning of 28 U.S.C. § 1404(a) and by following the Court's decision in *Blaski v. Hoffman*, 7th Cir., 260 F.2d 317; thus, the factors that this U.S. District Court in Columbus, Ohio considers in determining whether to transfer venue are present here in this suit, initially, most of the conceivable and substantial witnesses are located in the State of Illinois. Defendant State of Ohio and Defendants' under color of law acts of chasing and hunting down Plaintiff's son to kill him didn't stop and continued in the State of Illinois; hence, Plaintiff and his son had no safe place to hide and were exposed to all sort of evils and danger and risks of losing their lives, due to direct and proximate causes of Defendant State of Ohio and Defendants, in violation of the Ohio and U.S. Constitutions.

## LAW; ARGUMENTS; AND LEGAL ANALYSIS

In this suit, justice would be better served at the United States District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL, in the interest of justice and for the convenience of witnesses where they reside and the parties, for being the district which was the proper statutory forum when the action was commenced by Plaintiff, following the tragic and wrongful death of Plaintiff's son in Chicago, in the State of Illinois.

Pertaining to the prosecution of the tragic and wrongful death of Plaintiff's son in Chicago, in the State of Illinois; therefore, Plaintiff had timely and beforehand established that State Defendants and Defendants would have been subject to personal jurisdiction in the United States District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL, and cannot escape prosecution under substantive Illinois laws. Within the meaning of 28 U.S.C. § 1404(a), Plaintiff could have originated this action as a matter of right, in the United States District Court of Northern District of

4

Illinois, at 219 South Dearborn Street, Chicago, IL against State Defendants and Defendants who would have been subject to personal jurisdiction and venue would have been laid properly in the State of Illinois. Plaintiff's son is a substantial part of family's belonging that is the subject of this suit and was a resident of the State of Illinois. State Defendants' removal allegations to a Federal Court in this suit are improper because removal of suit to a Federal Court is not provided within the meaning of 28 U.S.C. § 1404(a). State Defendants stated as follows:

> Second, the Northern District of Illinois is not the district where a "substantial part of the events or omissions giving rise to the claim occurred" or where "a substantial part of property that is the subject of the action is situated… This leaves Plaintiff's wrongful death claim related to the murder of his son in Chicago, Illinois… Similarly, it is well established that plaintiffs are not permitted to fraudulently join in-state defendants to avoid removal to federal court… Plaintiff relies solely on his own unfounded legal conclusions to support his claim for wrongful death… Because Plaintiff did not allege any facts that tie any of the Defendants to his son's murder, venue is not proper in the Northern District of Illinois… None of the factors that courts consider in determining whether to transfer venue are present here. Initially, most of the conceivable witnesses would be located in Ohio. It is unclear whether any witnesses, outside of the parties, would be necessary in this case.

On November 29, 2022, Defendant State of Ohio and Defendants unlawfully and unconstitutionally, using the State of Ohio's government force under its draconian law, physically attacked and uprooted and vacated Plaintiff and his son from their satisfied residential real property, which is located at 2064 Worcester Court, Columbus, Ohio 43232, against their wish, and in violation of O.R.C. § 2329, and without a valid real property deed or title to transfer it; hence, Defendants made Plaintiff and his son to become wandering and homeless in Forest Park, in the State of Illinois, under the 14th Amendment to U.S. Constitution, Plaintiff's son became a resident of the State of Illinois, where he was wrongfully killed on September 02, 2024; hence, the State of Illinois has original jurisdiction over Plaintiff's son September 02, 2024, wrongful death.

The evidentiary facts in this suit substantiate that under Defendant State of Ohio's government authority and order and instruction, Defendant State of Ohio and Defendants willfully and unlawfully and unconstitutionally under color of law vacated and nullified and ignored and rejected and extinguished justice and the rule of law and the Ohio and U.S. Constitutions and existing Federal and Ohio laws, including O.R.C. § 2329, et seq., and Bankruptcy law and Rules and Codes, including 11 U.S.C. § 727(a) and 11 U.S.C. § 524(a) and 11 U.S.C. § 1326(c) and Fed. R. Bankr. P. 3001(c)(1) and Fed. R. Bankr. P. 9011; hence, Defendant State of Ohio and Defendants had established and enforced a denial of justice and denial of the due process and the equal protection under the law rights against

5

Plaintiff and his son, in the United States District Court of Southern District of Ohio, Eastern Division, 85 Marconi Boulevard, Columbus, Ohio 43215 and in the regional Sixth Circuit Court of Appeals, for Ohio, Michigan, Kentucky, and Tennessee; hence, within the meaning of 28 U.S.C. § 1404(a) the interest of justice is substantially affected.

At the time of his wrongful death on September 02, 2024, in Forest Park, in Chicago, Illinois, Plaintiff's son was a "**fugitive**" and a "**resident**" of the State of Illinois, and was not residing in Ohio at his private residential real property at 2064 Worcester Court, Columbus, Ohio 43232, for being chased and hunted down to be killed by sheriff deputies under the order of Defendant State of Ohio and Defendants; consequently, Plaintiff's son was killed in Forest Park, in Chicago, Illinois, due to direct and proximate acts and causes of Defendant State of Ohio and Defendants; consequently, within the meaning of 28 U.S.C. § 1404(a), the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604 has original jurisdiction over the 09/02/2024, wrongful death of Plaintiff's son Simeon Underhill Bihesi, who was ordered to be killed under color of law by Defendant State of Ohio and Defendants. Defendant State of Ohio and Defendants under color of law acts of chasing and hunting down Plaintiff's son didn't stop and continued in the State of Illinois.

Within the meaning of 28 U.S.C. § 1404(a), the United States District Court of Southern District of Ohio, Eastern Division is not the proper venue for the prosecution of the September 02, 2024, wrongful death of Plaintiff's son who was a resident of the State of Illinois and who was killed in Forest Park, in Chicago, Illinois, due to direct and proximate acts and causes of Defendant State of Ohio and Defendants. Within the meaning of 28 U.S.C. § 1404(a), the United States District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604 is the district "where this suit might have originally been brought" within the meaning of 28 U.S.C. § 1404(a).

Within the meaning of 28 U.S.C. § 1404(a), the transfer for this lawsuit is permitted for the convenience of the parties and witnesses, and in the interest of justice, only to the United States District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604 of statutory venue where Plaintiff has a right to bring this action over timely objections of Defendant State of Ohio and Defendants. *Hoffman v. Blaski,* 363 U.S. 335 (1960); *Sullivan v. Bebhimer.*

Pertaining to the September 02, 2024, wrongful death of Plaintiff's son who was a resident of the State of Illinois, the substantial witnesses reside in the State of Illinois and cannot be subpoenaed to physically appear to testify in this U.S. Federal District Court in Columbus, Ohio. For the convenience of witnesses where they reside in the State of Illinois and in the interest of justice and for the

6

convenience of the parties' judicial economy and impartiality before an impartial tribunal which upholds the U.S. Constitution and existing Federal and States laws and Bankruptcy law and Rules and Codes; hence, this U.S. Federal District Court in Columbus, Ohio should without delay transfer this suit to the U.S. Federal District Court in Chicago, in the State of Illinois. Pertaining to 28 U.S.C. § 1404 (a), the U.S. Supreme Court in *Hoffman v. Blaski*, 363 U.S. 335 (1960) decided as follows:

> The U.S. Congress, in 1948, enacted 28 U.S.C. § 1404 (a), which provides:
> 28 U.S.C. § 1404(a) Change of venue:
> "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Within the meaning of 28 U.S.C. § 1404(a), the United States Court of Appeals, Seventh Circuit held in *Behimer v. Sullivan*, 261 F.2d 467 (7th Cir. 1958) decided as follows:

> The controlling language is contained in 28 U.S.C.A. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

> When Congress provided for the transfer of a case to a district "where it might have been brought," it meant the district where plaintiff had a recognized right to bring his case under the Venue Act and that this right was unqualified and absolute, not depending upon consent of the defendant, evidenced by waiver, entry of appearance, or otherwise.

> If when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district "where it might have been brought." If he does not have that right, independently of the wishes of defendant, it is not a district "where it might have been brought," and it is immaterial that the defendant subsequently acquiesces.

> The test is, did the plaintiff have an independent right to commence suit in the district to which it is sought to make transfer? If so, it is a district "where it might have been brought;" otherwise, it is not such a district… We recognize, of course, that venue may be waived under proper circumstances, but we do not think it can be waived in a forum in which an action has not and could not have been properly brought by the opposing party. To hold otherwise is to permit a defendant to select a forum not available to a plaintiff as a matter of right, and over plaintiff's objection. *Blaski v. Hoffman*, 7th Cir., 260 F.2d 317.

Within the meaning of 28 U.S.C. § 1404(a), in this instant lawsuit, following the United States Court of Appeals, Seventh Circuit's decision in *Behimer v. Sullivan*, 261 F.2d 467 (7th Cir. 1958) (see Appendix A); therefore, the test is, did Plaintiff had an independent right to commence this suit in the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604 to which Plaintiff is sought to make transfer? The answer is yes! Plaintiff had an independent right to commence this suit in the U.S. District Court of Northern District of Illinois, at 219 South Dearborn

Street, Chicago, IL 60604, and that right was unqualified and absolute, not depending upon consent of State Defendants and Defendants; therefore, the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604 is the statutory district "where this suit might have originally and convincingly and indisputably been brought;" consequently, Defendant State of Ohio's December 26, 2024, Motion (ECF Doc. # 22) should be wholly denied.

At the time of his wrongful death on September 02, 2024, in Forest Park, in Chicago, Illinois, Plaintiff's son was a "**fugitive**" and a "**resident**" of the State of Illinois, and was not residing in Ohio at his unconstitutionally and unlawfully deprived and confiscated under color of law private residential real property at 2064 Worcester Court, Columbus, Ohio 43232; consequently, within the meaning of 28 U.S.C. § 1404(a) test in *Behimer v. Sullivan*, 261 F.2d 467 (7th Cir. 1958); therefore, yes! Plaintiff had an independent right to commence this suit in the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604; therefore, the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604 is the statutory district "where this suit might have originally and convincingly and indisputably been brought.

This U.S. District Court should timely transfer this suit to the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604, which upholds the U.S. Constitution and existing Federal laws. To hold otherwise is to permit Defendant State of Ohio and Defendants to select a forum not available to Plaintiff as a matter of right, and over Plaintiff's objection. *Blaski v. Hoffman*, 7th Cir., 260 F.2d 317.

42 U.S.C. § 1983 provides a cause of action against State Defendants and Defendants in any U.S. Federal District Court and in the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604. This suit is under 42 U.S.C. § 1983. 42 U.S.C. § 1983 is the exclusive provision controlling venue in this Civil action for deprivation of rights proceedings, which are protected and secured and guaranteed under the U.S. Constitution. Plaintiff invoked the jurisdiction of the U.S. Federal District Court under 42 U.S.C. § 1983: Civil action for deprivation of rights against State Defendants and Defendants; hence, the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604 has subject matter and personal jurisdictions over State Defendants and Defendants and venue is proper in the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604.

Within the meaning of 28 U.S.C. § 1404(a), when this suit was commenced in this Federal District Court in Columbus, Ohio, Plaintiff had a recognized and unqualified right to sue State

8

Defendants and Defendants in the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604 under the Venue Act, independently of the wishes of Defendant State of Ohio and Defendants; thus, the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604 is the statutory district "where this lawsuit might have been originally and indisputably brought." *Behimer v. Sullivan*, 261 F.2d 467 (7th Cir. 1958).

Defendant State of Ohio should understand that this instant lawsuit cannot be dismissed and that its December 26, 2024, meritless and unsupported and unwarranted Motion (ECF Doc. # 22) will be wholly denied and dismissed and that this suit will be timely transferred to the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604 and that at a jury trial, Plaintiff will demand a justified and reasonable and fair monetary award of $5 billion dollars against Defendant State of Ohio to make Plaintiff whole again, as Plaintiff will not settle for less than $5 billion dollars against Defendant State of Ohio. The jury will be fully inclined to award to Plaintiff a pecuniary award of $5 billion dollars against Defendant State of Ohio.

State Defendants concealed and failed to state that this suit jurisdiction is under 42 U.S.C. § 1983 and that 42 U.S.C. § 1983 is the exclusive provision controlling venue and cause of action in Civil action for deprivation of rights proceedings, which are protected and secured and guaranteed under the U.S. Constitution. In the interest of justice, State Defendants concealed and failed to agree or concede that Plaintiff can only get justice and redress and a relief of a reasonable and justified and fair monetary award of $5 billion dollars against Defendant State of Ohio in the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604.

State Defendants concealed and failed to state that Plaintiff invoked the jurisdiction of the U.S. Federal District Court under 42 U.S.C. § 1983: Civil action for deprivation of rights against State Defendants and Defendants; hence, the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604 has subject matter and personal jurisdictions over State Defendants and Defendants and that venue is proper in the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604.

The U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604 is the district where this action might have originally been brought within the meaning of 28 U.S.C. § 1404(a); hence, this suit should be timely transferred to the United States District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604 and Defendant State of Ohio's December 26, 2024, meritless Motion (ECF Doc. # 22) should wholly be denied.

9

Under 28 U.S.C. § 1404(a), this U.S. District Court in which this civil action has been properly brought by Plaintiff is empowered to transfer this action on Plaintiff's Motion for Change of Venue to the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604 in which Plaintiff did have a right to originally bring this lawsuit. Under 28 U.S.C. § 1404(a), the phrase "where it might have been brought" in § 1404(a) cannot be interpreted to mean "where it may now be re-brought, with Defendant State of Ohio and Defendants' consents. *Hoffman v. Blaski*, 363 U.S. 342-343 (1960). The U.S. Supreme Court decided in *Hoffman v. Blaski*, 363 U.S. 342-343 (1960) as follows:

> *Hoffman v. Blaski*, 363 U.S. 342-343 (1960)
> (b) Under 28 U.S.C. § 1404(a), the power of a district court to transfer an action to another district is made to depend **not upon the wish or waiver** of the defendant, but upon whether the transferee district is one in which the action "might have been brought" by the plaintiff.

Within the statutory compliance under 28 U.S.C. § 1404(a), Plaintiff's Complaint truthfully and convincingly and indisputably and conspicuously alleged at ¶2 as follows:

> Plaintiff's son: Simeon Underhill Bihesi was killed, assassinated on September 02, 2024, in a train shooting in Forest Park, in Chicago, Illinois, due to direct and proximate acts and causes of State of Ohio and Defendants (hereinafter "Defendants"). Plaintiff cannot receive due process and justice and redress and relief in the United States District Court of Southern District of Ohio, Eastern Division and in the regional Sixth Circuit Court of Appeals, for Ohio, Michigan, Kentucky, and Tennessee; hence, this case must be timely transferred for prosecution and adjudication to the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604, for the convenience of where the witnesses reside.

A reasonable jurist or person should conclude that based on the evidentiary facts in this suit, State Defendants concealed that Plaintiff cannot receive due process and justice and redress and relief in the United States District Court of Southern District of Ohio, Eastern Division and in the regional Sixth Circuit Court of Appeals, for Ohio, Michigan, Kentucky, and Tennessee; consequently, the U.S. Federal District Judge Edmund A. Sargus, Jr., of the United States Federal District Court of Southern District of Ohio, 85 Marconi Boulevard, Columbus, Ohio 43215, is disqualified and cannot be assigned to preside over this suit and cannot engage in impropriety by delaying to recuse himself from this suit for under color of law favoring and benefiting Defendant State of Ohio and Defendants, in a lack of partiality to Plaintiff. Already, Magistrate Judge Elizabeth P. Deavers recused herself from this suit (see Appendix C) to avoid impropriety; hence, U.S. Federal District Judge Edmund A. Sargus, Jr., should timely recuse himself from this suit for this suit to be transferred to the State of Illinois.

10

In the Complaint, Plaintiff alleged that "Plaintiff's son: Simeon Underhill Bihesi was killed, assassinated on September 02, 2024, in a train shooting in Forest Park, in Chicago, Illinois, due to direct and proximate acts and causes of State of Ohio and Defendants (hereinafter "Defendants"). It was not his voluntary and free will for Plaintiff's son: Simeon Underhill Bihesi to be in Forest Park, in Chicago, Illinois on September 02, 2024. In its December 26, 2024, State Defendants' Memorandum in Opposition to Plaintiff's Motion to Transfer Venue (ECF Doc. # 22), State Defendants ignored to state and failed to allege why Plaintiff's son: Simeon Underhill Bihesi was in Forest Park, in Chicago, Illinois on September 02, 2024 and concealed that Plaintiff's son was a fugitive and resident of the State of Illinois, who was being pursued and chased and hunted down by sheriff deputies under Defendant State of Ohio and Defendants' wish and order and instruction, for owing and possessing and enjoying living in their wholly satisfied; and paid off entirely; and unmortgaged; and unencumbered private real property that is located at 2064 Worcester Court, Columbus, Ohio 43232 (Exhibit 3); thus, at the jury trial, the jury will definitely award to Plaintiff a monetary amount of $5 billion dollars against Defendant State of Ohio. Let us timely get this suit before the jury in the State of Illinois.

In the Complaint, Plaintiff alleged that Defendant State of Ohio and Defendants dispatched on November 29, 2022, five heavily armed sheriff deputies to kill Plaintiff and his son in their wholly satisfied; and paid off entirely; and unmortgaged; and unencumbered private residential real property (Exhibit 3), which is located at 2064 Worcester Court, Columbus, Ohio 43232; hence, Plaintiff and his son were chased and hunted down to be killed by armed sheriff officers at the Order and request and instructions of Defendant State of Ohio and Defendants; hence, Plaintiff and his son had no safe place to hide and were exposed to all sort of evils and danger and risks of losing their lives, due to direct and proximate causes of Defendant State of Ohio and Defendants. Under 42 U.S.C. § 1983 and the Ohio and U.S. Constitutions and the 4th and 5th and 8th and 14th Amendments to U.S. Constitution; thus, it is a violation of Plaintiff and his son's civil rights to own and enjoy living in their satisfied residential real property, because Plaintiff and his son were chased and hunted down to be killed by armed sheriff officers at the Order and request and instructions of Defendant State of Ohio and Defendants, whom substantial alleged acts of infringement occurred on September 02, 2024, in Forest Park, in Chicago, in the State of Illinois, as a direct and proximate cause of Defendant State of Ohio and Defendants.

Within the statutory compliance under 28 U.S.C. § 1404(a), by following the U.S. Supreme Court's decision in *Hoffman v. Blaski*, 363 U.S. 342-343 (1960); therefore, in the interest of justice and to uphold the Ohio and U.S. Constitutions and existing Federal and States laws and Bankruptcy law

and Rules and Codes, in this lawsuit, beforehand, Plaintiff alleged that Plaintiff will not concur and will not concede to any jurisdiction of the United States District Court of Southern District of Ohio, Eastern Division, 85 Marconi Boulevard, Columbus, Ohio 43215 and in the regional Sixth Circuit Court of Appeals, for Ohio, Michigan, Kentucky, and Tennessee, because based on the evidentiary facts in this suit, a reasonable jurist or person should conclude that Plaintiff cannot receive due process and justice and redress and relief in the United States District Court of Southern District of Ohio, Eastern Division and in the regional Sixth Circuit Court of Appeals, for Ohio, Michigan, Kentucky, and Tennessee; hence, this action should be timely transferred for prosecution and adjudication to the United States District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604, for the convenience of where the witnesses reside.

This United States District Court of Southern District of Ohio, Eastern Division is not the proper venue for the prosecution of the September 02, 2024, wrongful death of Plaintiff's son who was killed in Forest Park, in Chicago, Illinois, due to direct and proximate acts and causes of Defendant State of Ohio and Defendants. Under the violation of 42 U.S.C. § 1983 and the 4th and 5th and 8th and 14th Amendments to U.S. Constitution and Ohio Constitution Article 1: Section 16; hence, Defendant State of Ohio and Defendants have consented to the jurisdiction of the U.S. District Court of Northern District of Illinois under the Ohio Constitution, Article 1: Section 16: Redress for Injury; Due Process, which provides as follows:

Article 1: Section 16: Redress for injury; Due process

"All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay. Suits may be brought against the state, in such courts and in such manner, as may be provided by law."

State Defendants concealed that under the violation of 42 U.S.C. § 1983 and the 4th and 5th and 8th and 14th Amendments to U.S. Constitution and Ohio Constitution Article 1: Section 16; thus, the U.S. District Court of Northern District of Illinois is the proper venue for all of Plaintiff's allegations in the Complaint. The U.S. District Court of Northern District of Illinois upholds the U.S. Constitution and existing Federal and States laws and Bankruptcy law and Rules and Codes and does not allow the enforcement of unlawful and unconstitutional draconian laws.

Plaintiff's Complaint alleged as follows:

¶3. An invalid; unlawful; unauthorized; fraudulent; improper; and unconstitutional July 15, 2020, Supplemental Final Judicial Report (Exhibit 1), which is not provided under the Ohio and

U.S. Constitutions and the whole of existing American federal and state laws and Ohio statutes known as Ohio Revised Codes (O.R.C.): specifically O.R.C. § 2329 and O.R.C. § 2329.191(B)(7), was judicially enforced and used against Plaintiff and his son, in violation of the Ohio and U.S. Constitutions and existing American federal and state laws, during the Biden and Harris' administration; consequently, Defendants denied justice and the equal protection under the law to Plaintiff and his son.

¶4.     The evidentiary facts to this case correctly; unquestionably and convincingly substantiate that to affect Plaintiff and his son, Defendants unlawfully; unconstitutionally; corruptly; fraudulently; maliciously; recklessly; improperly; and prejudicially extinguished the Ohio and U.S. Constitutions and existing federal and state laws and Bankruptcy Rules and Codes (Exhibit 2); and Ohio statutes not limited to extinguishing O.R.C. § 2329.02 (Exhibit 3) and O.R.C. § 2329.191(B)(7) and O.R.C. § 2329 to fraudulently; unlawfully; wrongfully; negligently; maliciously; recklessly; and unconstitutionally using the State of Ohio government power to depriving and confiscating Plaintiff's wholly satisfied and paid off entirely and unmortgaged and unencumbered private residential real property (Exhibit 2), which is located at 2064 Worcester Court, Columbus, Ohio, without a valid title transfer under O.R.C. § 2329 and in violation of O.R.C. § 2329.02 and O.R.C. § 2329.191(B)(7) and O.R.C. § 2329 and 11 U.S.C. § 524(a) and 11 U.S.C. § 727(a) and Fed. R. Bankr. P. 9011 and Rule 3001(c).

¶5.     On November 29, 2022, Defendants extinguishing Plaintiff's U.S. constitutional rights to own and enjoy his wholly satisfied; and paid off entirely; and unmortgaged; and unencumbered, private residential real property; and dispatched five heavily armed sheriff officers to forcibly deprive and confiscate it, wrongfully and maliciously and looted Plaintiff and his son's belongings and valuables and rendered destitute and homeless Plaintiff and his son. As officers of the Court, Defendants disregarded and ignored the public record in Plaintiff's Bankruptcy Case No. 2:19-bk-52868 that shows Plaintiff's Bankruptcy Schedule Official Form 108 (Exhibit 3), which was filed under Fed. R. Bankr. P. 9011 as shown below as follows:

"☑ **Retain the Property and [explain]: Satisfied; Paid in Full; Exempted; I owe $0.00."**

¶6.     Defendants' denial of justice and the equal protection under the law rights to Plaintiff and his deceased son and Defendants' November 29, 2022, unconstitutional; unlawful; corrupt; wrongful; negligent; unauthorized; and fraudulent deprivation and confiscation of Plaintiff's wholly satisfied and paid off entirely and unmortgaged real property, which is located at 2064 Worcester Court, Columbus, Ohio 43232, by judicially enforcing the invalid and unconstitutional and unlawful and unauthorized July 15, 2020, Supplemental Final Judicial Report against Plaintiff and his son; and extinguishing the Ohio and U.S. Constitutions; and ignoring existing federal and state laws and Bankruptcy Rules and Codes constitute a violation of Plaintiff's civil rights, which are guaranteed and secured by the U.S. Constitution. In this suit, Plaintiff has an unquestionable and valid and grounded justiciable controversy against Defendants. This Complaint is the vehicle to seek redress and justice and relief.

¶7.     This suit arises out of State of Ohio engaging in a corrupt and unconstitutional and unlawful and wrongful and negligent and sophisticated malicious concert with Defendants to extinguish the American rule of law; and the Ohio and U.S. Constitution; and existing American federal and state laws and Bankruptcy Rules and Codes; and Ohio Revised Codes to denying justice and the equal protection under the law rights to Plaintiff and his son, in a conspiracy to violating Plaintiff's civil rights, which are guaranteed by the Ohio and U.S. Constitution.

¶8.     On November 29, 2022, Defendants dispatched five heavily armed Franklin County, Ohio sheriff officers to forcibly entering Plaintiff's residential real property against his wish; to drew their weapons kill him upon a physical contact with him, for paying off entirely his residential real property and for being granted his November 21, 2019, Bankruptcy Court's injunction Order of Discharge (Exhibit 4); to depriving and confiscating his residential real property without a valid title transfer under O.R.C. § 2329 and without compensation in violation of the Ohio and U.S. Constitutions; and existing federal and state laws and Bankruptcy Rules and Codes not limited to 11 U.S.C. § 524(a) and 11 U.S.C. § 727(a) and 11 U.S.C. § 1326(c) and Fed. R. Bankr. P. 9011 and Rule 3001(c); and Ohio Revised Codes not limited to O.R.C. § 2329 and O.R.C. § 2329.02 and O.R.C. § 2329.191(B)(7).

¶9.     Defendants' judicially enforcing the invalid and unconstitutional and unlawful and unauthorized July 15, 2020, Supplemental Final Judicial Report against Plaintiff and his son, which was provided by First American Financial Title Insurance Company to affect Plaintiff and to cause the September 02, 2024, wrongful death of Simeon Underhill Bihesi; and which is not provided under existing American federal and state laws and O.R.C. § 2329.191(B)(7), constitute a violation of Plaintiff and his son's civil rights that are secured by the U.S. Constitution…

¶10.    State of Ohio and Defendants knew and should have known and disregarded that a valid "Final Judicial Report" under O.R.C. § 2329.191(B)(7) "cannot be supplemented;" and knew and should have known and disregarded that the invalid and unconstitutional and unlawful and unauthorized July 15, 2020, Supplemental Final Judicial Report "was not" a valid "Final Judicial Report" under O.R.C. § 2329.191(B)(7), as found in *CitiMortgage, Inc. v. Wiley*, 2016-Ohio-5902,…

¶11.    To affect Plaintiff, State of Ohio and Defendants knew and should have known and disregarded that under Ohio law, Plaintiff's Bankruptcy records are public records that cannot be concealed, as First American Financial Title Insurance Company mentioned it on the Preliminary Judicial Report as it is found in *CitiMortgage, Inc. v. Wiley*, 2016-Ohio-5902. Defendants wronged and affected Plaintiff for paying off his real property and for being granted his November 21, 2019, Bankruptcy Court's Injunction Order of Discharge in Plaintiff's May 01, 2019, Bankruptcy Case No. 2:19-bk-52868 in Bankruptcy Court in Columbus, Ohio. Defendants made the July 15, 2020, unlawful Supplemental Final Judicial Report to conceal Plaintiff's November 21, 2019, Bankruptcy Court's Injunction Order of Discharge, as found in *CitiMortgage, Inc. v. Wiley*, 2016-Ohio-5902,…

¶12.    By judicially enforcing on November 29, 2022, the invalid and unconstitutional and unlawful Supplemental Final Judicial Report against Plaintiff; therefore, Defendants extinguished and concealed and nullified and blocked Plaintiff's November 21, 2019, Bankruptcy Court's Injunction Order of Discharge from appearing on a Judicial Report under O.R.C. § 2329.191(B)(7); consequently, Plaintiff strongly alleges that Defendants should unquestionably and convincingly agree that there is no valid "Final Judicial Report under O.R.C. § 2329.191(B)(7)," which was filed on all existing Courts' records; hence, in violation of the 14th Amendment to U.S. Constitution, Defendants deprived and confiscated Plaintiff's real property without a valid title transfer and without compensation.

¶13.    Defendants knew and should have known and disregarded that the Ohio and U.S. Constitutions do not prohibiting Plaintiff from paying off entirely his real property and for being granted his November 21, 2019, Bankruptcy Court's Injunction Order of Discharge; consequently, Defendants substantially violated Plaintiff and his son's U.S. constitutional civil rights to possess and occupy and live in Plaintiff's wholly satisfied and paid off entirely and unmortgaged private residential real property. Defendants knew and should have known and disregarded that the 14th Amendment to U.S. Constitution and existing federal and state laws do not prohibit Plaintiff from paying off entirely and possessing and owning his real property and for being granted his November 21, 2019, Bankruptcy Court's Injunction Order of Discharge, which they concealed to deprive and confiscate Plaintiff's real property, by violating his civil rights secured by the U.S. Constitution.

¶14.    Plaintiff, Leonard Nyamusevya (hereinafter "Plaintiff") is a U.S. citizen and was a resident of the State of Ohio and is now a destitute wandering homeless in states, and was at all relevant times the owner of his wholly satisfied; and paid off entirely; and unmortgaged; and unencumbered private residential real property, which is located at 2064 Worcester Court, Columbus, Ohio 43232, and which Defendants by enforcing a July 15, 2020, invalid; unlawful; unauthorized; unconstitutional; malicious; and fraudulent Supplemental Final Judicial Report, unlawfully and unconstitutionally deprived and confiscated without a valid title transfer under O.R.C. § 2329, and without compensation against Plaintiff's wish, by the government power of the State of Ohio and Defendants on November 29, 2022.

¶15.    The unlawful; unconstitutional; prohibited; negligent; and wrongful actions of the State of Ohio and Defendants described in this Complaint and the resulting injuries to Plaintiff and his deceased son U.S. Marine Simeon Underhill Bihesi occurred in Ohio and Illinois, after Plaintiff's real property was wholly satisfied; and paid off entirely; and unmortgaged; and unencumbered as substantiated by Plaintiff's Bankruptcy Official Schedule Form 108 (Exhibit 1) under penalty of perjury and Fed. R. Bankr. P. 9011, in the public record in Plaintiff's May 01, 2019, Bankruptcy Case No. 2:19-bk-52868.

¶17.    Defendant, State of Ohio is at all times material to this Complaint, the government of the State of Ohio and was unlawfully and corruptly and unconstitutionally and fraudulently and improperly and egregiously and maliciously acting in the course and scope of its function and under color of state law. Defendant, State of Ohio is responsible for its rule of law and policies, practices, and customs of its government and agencies and institutions. As a State and a

government, Defendant, State of Ohio is responsible to upholding the Ohio and U.S. Constitutions and existing federal and state laws and the justice for all under the rule of law.

In its December 26, 2024, State Defendants' Memorandum in Opposition to Plaintiff's Motion to Transfer Venue (ECF Doc. # 22), State Defendants concealed to state that Pertaining to the September 02, 2024, wrongful death of Plaintiff's son who was a resident of the State of Illinois, it is inconvenient for the substantial witnesses who reside and work in the State of Illinois to physically appear to testify in this U.S. Federal District Court in Columbus, Ohio, contrary within the statutory compliance under 28 U.S.C. § 1404(a), for the convenience of substantial witnesses where they reside in the State of Illinois and in the interest of justice.

Pertaining to the 09/02/2024, wrongful death of Plaintiff's son who was a resident of the State of Illinois, State Defendants concealed to state and demonstrate the transfer test within the meaning of 28 U.S.C. § 1404(a), in this instant lawsuit, following the United States Court of Appeals, Seventh Circuit's decision in *Behimer v. Sullivan*, 261 F.2d 467 (7th Cir. 1958) as follows: (1) did Plaintiff had an independent right to commence this suit in the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604 to which Plaintiff is sought to make transfer? State Defendants concealed that Plaintiff had an independent right to commence this suit in the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604.

Pertaining to the 09/02/2024, wrongful death of Plaintiff's son who was a resident of the State of Illinois, State Defendants concealed to state and demonstrate that within the meaning of 28 U.S.C. § 1404(a), when this suit was commenced, Plaintiff had a right to sue in the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604, independently of the wishes of Defendant State of Ohio and Defendants, because the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604 is the statutory district "where this suit might have been originally brought. State Defendants concealed to state that this suit was filed in the U.S. Federal District Court in Columbus, Ohio to highlight why Plaintiff's son was a fugitive from the State of Ohio for possessing and living in his wholly satisfied; and paid off entirely; and unmortgaged; and unencumbered residential real property and a resident of the State of Illinois.

In its December 26, 2024, State Defendants' Memorandum in Opposition to Plaintiff's Motion to Transfer Venue (ECF Doc. # 22), State Defendants without merit stated as follows:

> In his latest attempt to undo prior decisions from this Court and others, Plaintiff filed his complaint, seeking to have certain real property returned to him as well as $250 million from each of the named Defendants. *See generally* Compl., ECF No. 1. In doing so, he filed in

the only district where venue is appropriate, the Southern District of Ohio. Unfortunately, he is using the murder of his son, who was the victim of a tragic shooting in Chicago, as a means to try to get this case before a new judge and court—the Northern District of Illinois.

Defendant State of Ohio and Defendants lack a statutory compliant Final Judicial Report under O.R.C. § 2329.191(B)(7), as it was filed in *CitiMortgage, Inc. v. Wiley*, 2016-Ohio-5902. State Defendants as officers of the Court should have supported their 12/26/2024, Motion (ECF Doc. # 22) with attached to or referenced into convincing facts pointing to prior decisions from this Court and others, which are in compliance with O.R.C. § 2329, et seq., and 11 U.S.C. § 727(a) and 11 U.S.C. § 524(a) and 11 U.S.C. § 1326(c) and Fed. R. Bankr. P. 3001(c)(1) and Fed. R. Bankr. P. 9011 and the Ohio and U.S. Constitutions; and should have shown or presented to the U.S. Federal District Court a statutory compliant Final Judicial Report under O.R.C. § 2329.191(B)(7), which was enforced on November 29, 2022, to transfer the deed or title to Plaintiff's wholly satisfied; and paid off entirely; and unmortgaged; and unencumbered private residential real property, which is located at 2064 Worcester Court, Columbus, Ohio 43232, for review by the jury, as it was filed in *CitiMortgage, Inc. v. Wiley*, 2016-Ohio-5902 (Exhibit 2), as shown below as follows:



17

Defendant State of Ohio and Defendants lack a statutory compliant perfected certificate of judgment under O.R.C. § 2329.02(H) (Exhibit 4), which was perfected and recorded in Franklin County, Ohio Recorder's Office and which was filed and recorded with the Clerk of Franklin County, Ohio Court of Common Pleas, to attach any judicial lien against Plaintiff's wholly satisfied; paid off entirely; unmortgaged; and unencumbered private residential real property. See *Verba v. Ohio Cas. Ins. Co.*, 851 F.2d 811, 814 (6th Cir. 1988); *In re Helligrath*, 569 B.R. 709, 713-14 (Bankr. S.D. Ohio 2017); *In re Davis*, 539 B.R. 334, 341 (Bankr. S.D. Ohio 2015); Case No. 2:03-cv-1047 of *Jerry R. Kennedy, et al., Plaintiffs v. City of Zanesville, Ohio, et al.*, Defendants in the United States District Court for the Southern District of Ohio, Eastern Division, in Columbus, Ohio (see Appendix B).

State Defendants as officers of the Court should have supported their 12/26/2024, Motion (ECF Doc. # 22) with attached to or referenced into convincing facts pointing to prior decisions from this Court and others, which are in compliance with O.R.C. § 2329, et seq., and 11 U.S.C. § 727(a) and 11 U.S.C. § 524(a) and 11 U.S.C. § 1326(c) and Fed. R. Bankr. P. 3001(c)(1) and Fed. R. Bankr. P. 9011 and the Ohio and U.S. Constitutions; and should have shown or presented to the U.S. Federal District Court a statutory compliant perfected certificate of judgment under O.R.C. § 2329.02(H), which was enforced on November 29, 2022, to transfer the deed or title to Plaintiff's wholly satisfied; and paid off entirely; and unmortgaged; and unencumbered private residential real property, which is located at 2064 Worcester Court, Columbus, Ohio 43232, for review by the jury, as it was filed in *Verba v. Ohio Cas. Ins. Co.*, 851 F.2d 811, 814 (6th Cir. 1988).

In the interest of justice, State Defendants as officers of the Court concealed that a reasonable jurist or person should conclude that based on the evidentiary facts in this suit, Plaintiff cannot receive due process and justice and redress and relief in the United States District Court of Southern District of Ohio, Eastern Division and in the regional Sixth Circuit Court of Appeals, for Ohio, Michigan, Kentucky, and Tennessee. State Defendants stated as follows:

> In other words, transfer of a case is proper if the case could have been brought in the new venue in the first place… Moreover, a "district court may transfer a case from a proper venue to a more convenient forum." *Jianyi Zhang v. Appriss, Inc.*, No. 23-5845, 2024 U.S. App. LEXIS 7794, at *3 (6th Cir. Apr. 1, 2024) (citing 28 U.S.C. § 1404(a)). "In determining whether to transfer pursuant to § 1404(a), district courts typically consider a variety of factors, including 'the convenience of the witnesses, the location of operative facts, the ability to compel unwilling witnesses, the interests of justice, ease of access to sources of proof, . . . the convenience of the parties . . . [and] the plaintiff's choice of forum.'" *Id.* at *3-4 (quoting *Means v. United States Conf. of Cath. Bishops*, 836 F.3d 643, 651 (6th Cir. 2016))… This leaves Plaintiff's wrongful death claim related to the murder of his son in Chicago, Illinois.

Following the 6th Circuit Court of Appeals' decision in *Means v. United States Conf. of Cath. Bishops*, 836 F.3d 643, 651 (6th Cir. 2016)); therefore, Plaintiff's choice of forum *Id.* at *3-4 is the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604. The U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604 is the statutory district where this suit should have been originally brought. Plaintiff had a right to file this suit in the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604, independently of the wishes of Defendant State of Ohio and Defendants.

State Defendants are correct and conceded that within the meaning of 28 U.S.C. § 1404(a), in this suit, transfer of this suit is proper because this action should have been brought in the new venue in the first place in the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604. Moreover, this U.S. Federal District Court in Columbus, Ohio should timely transfer this suit from a proper venue to a more convenient forum, in the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604; thus, this U.S. District Court in Columbus should wholly deny State Defendants 12/26/2024, Motion (ECF Doc. # 22). The convenience of the substantial witnesses, the location of operative facts in the State of Illinois, the ability to compel unwilling witnesses in the State of Illinois, the interests of justice in the State of Illinois, ease of access to sources of proof in the State of Illinois, the convenience of the parties and Plaintiff's choice of forum in the State of Illinois are in favor of the transfer in the U.S. District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604. State Defendants stated as follows:

> Moreover, all of the underlying allegations, with the exception of Plaintiff's fraudulently pleaded wrongful death claim, took place in Ohio… In other words, it is very likely that this matter will be able to proceed to final resolution in this District. This also supports a conclusion that this District is convenient for the parties. Finally, although he is now trying to transfer the case to an allegedly less antagonistic district, *Plaintiff chose* to file in this District.

Within the meaning of 28 U.S.C. § 1404(a), in the interest of justice, upon a timely transfer, this suit will be able to proceed to final resolution in the State of Illinois, which upholds the U.S. Constitution and existing Federal and State laws. This also supports a conclusion that this District is not convenient for the parties, and that is why State Defendants concede that finally, Plaintiff is now transfer this lawsuit to an allegedly less antagonistic district in the State of Illinois.

State Defendants as officers of the Court concealed that Courts' precedents and the U.S. Supreme Court's decision in *Hoffman v. Blaski*, 363 U.S. 342-343 (1960) established as follows:

19

We do not agree. We do not think the 1404 (a) phrase "where it might have been brought" can be interpreted to mean, as petitioners' theory would require, 363 U.S. 335, 343 "where it may now be re-brought, with defendants' consent." This Court has said, in a different context, that 1404 (a) is "unambiguous, direct [and] clear," *Ex parte Collett*, 337 U.S., at 58 , and that "the unequivocal words of 1404 (a) and the legislative history . . . [establish] that Congress indeed meant what it said." *United States v. National City Lines, Inc.*, 337 U.S. 78, 84 . Like the Seventh Circuit, 260 F.2d, at 322, we think the dissenting opinion of Judges Hastie and McLaughlin in *Paramount Pictures, Inc., v. Rodney*, 186 F.2d 111 (C. A. 3d Cir.), correctly answered this contention:

> "But we do not see how the conduct of a defendant after suit has been instituted can add to the forums where `it might have been brought.' In the normal meaning of words this language of Section 1404 (a) directs the attention of the judge who is considering a transfer to the situation which existed when suit was instituted."

But the power of a District Court under 1404 (a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one 363 U.S. 335, 344 in which the action "might have been brought" by the plaintiff.

We agree with the Seventh Circuit that:

> "If when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district `where [the action] might have been brought.' If he does not have that right, independently of the wishes of defendant, it is not a district `where it might have been brought,'

Inasmuch Plaintiff still had a right to bring this suit in the respective transferee district in the State of Illinois. The U.S. Federal District Court should grant this substantial motion, in which Plaintiff moved this U.S. District Court in Columbus, Ohio to transfer this suit under 28 U.S.C. § 1404(a), to the United States District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL where it could have been brought for the first time due to the interest of justice and for the convenience of parties and witnesses. This U.S. District Court in Columbus, Ohio is not the most convenient location for this suit, considering Plaintiff's allegations of the September 02, 2024, wrongful death of his son in Forest Park, in Chicago, Illinois, due to direct and proximate causes of Defendants' unconstitutional acts against Plaintiff, which should be prosecuted under the State of Illinois' wrongful death laws; and the convenience of the location of witnesses who are residents of Chicago, in Illinois and the parties, and the interests of justice and to uphold the U.S. Constitution and existing Federal laws and the integrity of the whole Federal Judicial System. This suit should be transferred because the original venue in this U.S. District Court in Columbus, Ohio is inconvenient.

Defendants deprived and confiscated Plaintiff's real property and willfully rejected the Ohio and U.S. Constitutions and the whole of existing Federal and Ohio laws, and unlawfully under color of law enforced unconstitutional and draconian law against Plaintiff and his son. Defendants willfully and knowingly acted under color of law in violation of the 14th Amendment to U.S. Constitution; and in violation of Bankruptcy law, Rules, and Codes not limited to 11 U.S.C. § 524(a); 11 U.S.C. § 727(a); Fed. R. Bankr. P. 9011; and Fed. R. Bankr. P. 3001(c)(1); and in violation of O.R.C. § 2329.191(B)(7); § 2329; § 2329.31; and § 2329.02; and unconstitutionally acted without a valid real property title transfer under O.R.C. § 2329 in Franklin County, Ohio Recorder's Office; and without a Final Judicial Report under O.R.C. § 2329.191(B)(7); and without a certificate of judgment under O.R.C. § 2329.02, which caused the death of Plaintiff's son being a homeless in Chicago; and without an enforceable judgment under the Ohio and U.S. Constitutions and existing Federal and Ohio laws. State Defendants did not provide and did not attach for the record any judgment against Plaintiff and his son.

Respectfully Submitted,

**LEONARD NYAMUSEVYA**
Plaintiff – *pro se*
P.O. Box 314
Reynoldsburg, Ohio 43068
(614) 323-5898
*nyaleo@hotmail.com*

## CERTIFICATE FOR SERVICE

I hereby certify that on the 30th day of December 2024, I served a true and accurate copy of the foregoing document and all attachments on the following by regular U.S. Mail, postage prepaid, in the manner specified as follows:

**DAVE YOST, Esq.**
Ohio Attorney General
Rhodes State Office Tower
30 East Broad Street, 14th Floor,
Columbus, OH 43215

**MIKE DEWINE. Esq.**
Governor of the State of Ohio
Vern Riffe State Office Center, Riffe Center
77 South High Street, 30th Floor
Columbus, Ohio 43215

**CITIMORTGAGE, INC.**
Successor by Merger to ABN AMRO
Mortgage Group, Inc.,
1000 Technology Drive
O'Fallon, MO 63368-2239

**PADGETT LAW GROUP**
6267 Old Water Oak Rd Suite 203
Tallahassee, FL 32312

**FIRST AMERICAN FINANCIAL TITLE
INSURANCE COMPANY**
1 First American Way
Santa Ana, California 92707

**HONORABLE SHARON L. KENNEDY, Esq.**
Chief Justice of Supreme Court of Ohio
Supreme Court of Ohio
65 South Front Street
Columbus, OH 43215-3431

**ATTORNEY ELLEN L. FORNASH, Esq.
ATTORNEY JACQUELINE M. WIRTZ, Esq.
ATTORNEY BETHANY L. SUTTINGER, Esq.**
8087 Washington Village Drive, St 220
Dayton, Ohio 45458

**Honorable Judge Kristin Boggs, esq.**
Franklin County, 10th District Court of Appeals
373 South High Street,
Columbus, Ohio 43215

**Honorable Judge Daniel R. Hawkins, esq.**
Franklin County, Ohio Court of Common Pleas
345 South High Street, Courtroom 6B
Columbus, Ohio 43215

**Honorable Judge Julia L. Dorrian, esq.**
Franklin County, 10th District Court of Appeals
373 South High Street,
Columbus, Ohio 43215

**Honorable Judge David J. Leland, esq.**
Franklin County, Ohio 10th District Court of Appeals
373 South High Street, Columbus, Ohio 43215

**Attorney Charles R. Ellis, esq.**
Assistant Prosecuting Attorney
Civil Division
373 South High St, Columbus, Ohio 43215
*cellis@franklincountyohio.gov*
Attorney for Judge Daniel R. Hawkins, esq

**Attorney Michael A. Walton, esq.
Attorney Julie M. Pfeiffer, esq.**
Assistant Ohio Attorney General
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
*Michael.walton@ohioago.gov*
*julie.pfeiffer@ohioago.gov*

**Attorney Alexander E. Goetsch, esq.
Attorney Michael J. Sikora, esq.**
737 Bolivar Road, Suite 270
Cleveland, Ohio 44115
*msikora@sikoralaw.com*
*agoetsch@sikoralaw.com*
Counsel for Defendant First American Title Insurance Company

**Kara Ann Czanik**
Dinsmore & Shohl LLP
255 E. Fifth Street
Suite 1900
Cincinnati, OH 45202
513/832-5490
Email: kara.czanik@dinsmore.com

Respectfully Submitted,

**LEONARD NYAMUSEVYA**
Plaintiff – *pro se*
P.O. Box 314
Reynoldsburg, Ohio 43068
(614) 323-5898
*nyaleo@hotmail.com*