IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LEONARD NYAMUSEVYA,

      Plaintiff,

      v.

STATE OF OHIO, et al.,

      Defendants.

Civil Action 2:24-cv-4216
Judge Edmund A. Sargus
Magistrate Judge Kimberly A. Jolson

OPINION AND ORDER

Before the Court is Plaintiff's Motion to Change Venue. (Doc. 8). For the following reasons, the Motion is **DENIED**. And because the Court construes Plaintiff's Motion for Objection to State Defendant's Motion to Transfer Venue as a reply brief, the Clerk is **DIRECTED** to terminate the pending motion at Doc. 26.

I.      BACKGROUND

Plaintiff Leonard Nyamusevya, who proceeds *pro se*, brings this action against the State of Ohio (Governor Mike DeWine and David Yost) ("State of Ohio Defendants"), CitiMortgage, Inc., First American Financial Title Insurance Company, Padgett Law Group, Ellen L. Fornash, Jacqueline M. Wirtz, Bethany L. Suttinger, Judge Daniel R. Hawkins, Ohio Supreme Court Justice Sharon L. Kennedy, Judge David L. Leland, Judge Julia L. Dorrian, and Judge Kristen Boggs. (Doc. 1). Plaintiff alleges that Defendants violated his civil rights under 42 U.S.C. § 1983; engaged in malicious, willful, wanton, and reckless misconduct; engaged in "apparent lawlessness outside of justice"; and were the direct and proximate cause of his son's wrongful death. (*Id.* at 12–22). In brief, Plaintiff's allegations revolve around the foreclosure and sale of his property. (*See generally* Doc. 1). Plaintiff also alleges that his son's murder, which occurred in Chicago, Illinois, is attributable to this foreclosure. (*Id.*). As relief, Plaintiff requests compensatory and punitive

damages and the return of his real property.  (*Id.* at 23).

Less than two weeks after his filed this action, Plaintiff filed a Motion to Change Venue. (Doc. 8).  Specifically, he asks the Court to transfer this matter to the United States District Court for the Northern District of Illinois.  (*Id.*).  The State of Ohio Defendants oppose the motion.  (Doc. 22).  Defendant CitiMortgage, Inc. also responded and "adopt[ed] the State [of Ohio] Defendants' Memorandum in Opposition[.]"  (Doc. 28 at 2).  Plaintiff filed a Motion for Objection to State Defendants' Memorandum in Opposition to Plaintiff's Motion to Transfer, which the Court construes as a reply brief.  (Doc. 26).  No other Defendant timely responded.  The matter is ripe for consideration.

## II.     STANDARD

Plaintiff's motion is governed by 28 U.S.C. § 1404(a), which states: "For the convenience of parties . . . in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  Because he is the moving party, Plaintiff bears the burden of showing a change of venue is warranted.  *Slate Rock Const. Co. Ltd. v. Admiral Ins. Co.*, No. 2:10-cv-1031, 2011 WL 3841691, at *5 (S.D. Ohio Aug. 30, 2011) (citing *Jamhour v. Scottsdale, Ins. Co.*, 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002)).

Up front, a court must determine "whether the action 'might have been brought' in the transferee court."  *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007).  "An action 'might have been brought' in a transferee court, if the court has jurisdiction over the subject matter of the action, venue is proper there[,] and the defendant is amenable to process issuing out of the transferee court."  *Schoenfeld v. Mercedes-Benz USA, LLC*, No. 3:20-CV-159, 2021 WL 3579016, at *1 (S.D. Ohio Aug. 13, 2021) (citing *Sky Techs. Partners, LLC v. Midwest Rsch. Inst.*,

2

125 F. Supp. 2d 286, 291 (S.D. Ohio 2000)).

After that, a court weighs convenience to parties, as well as other public and private interest

factors.  *See Kay*, 494 F. Supp. 2d at 849.  The factors relating to private interests include:

> the relative ease of access to sources of proof; availability of compulsory process
> for attendance of unwilling, and the cost of obtaining attendance of willing,
> witnesses; possibility of view of premises, if view would be appropriate to the
> action; and all other practical problems that make trial of a case easy, expeditious
> and inexpensive.

*Id.* at 850 ((quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)).  As for the public-

interest factors, they "may include the administrative difficulties flowing from court congestion;

the local interest in having localized controversies decided at home; and the interest in having the

trial of a diversity case in a forum that is at home with the law."  *Atl. Marine Const. Co., Inc. v.*

*U.S. Dist. Ct. for W. Dist. Of Tex.*, 571 U.S. 49, 62 n.6 (2013) (internal quotation omitted).  Finally,

the court considers whether the transfer is "in the interest of justice[.]"  28 U.S.C. § 1404(a).  This

includes consideration of judicial economy and the desire to avoid inconsistent judgments.  *North*

*v. McNamara*, 47 F. Supp. 3d 635, 648 (S.D. Ohio 2014).

## III.    DISCUSSION

Plaintiff's Motion argues that this action could have been brought in the Northern District

of Illinois and that the interests weigh in favor of transfer.  The Court disagrees on both counts.

### A.    Proper Venue

In arguing whether this case could have been brought in the Northern District of Illinois,

the State of Ohio Defendants only contest Plaintiff's assertion that venue is proper there.  Under

federal law, venue is proper in "a judicial district in which any defendant resides, if all defendants

are residents of the State in which the district is located" or "a judicial district in which a substantial

part of the events or omissions giving rise to the claim occurred, or a substantial part of property

that is the subject of the action is situated."  28 U.S.C. § 1391(b)(1), (2).

Plaintiff does little meet his burden to show that venue is proper in the Northern District of Illinois other than to assert that the Northern District of Illinois "had statutory venue at the time this action was originally filed by Plaintiff."  (Doc. 8 at 3; Doc. 26 at 3).  Yet, no Defendant is a resident of Illinois.  (*See* Doc. 1 (alleging Defendants are residents of Ohio, Missouri, California, and Florida)).  So, venue is not proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(1).  This leaves 28 U.S.C. § 1391(b)(2).

Reading between the lines, Plaintiff's argument seems to be that because his son's murder took place in the Northern District of Illinois, and because his Complaint alleges a wrongful death claim, the Northern District of Illinois is where a substantial part of the events giving rise to the claim occurred.  (*See generally* Doc. 8, 26).  The State of Ohio Defendants rebut this assertion. They argue that "[n]early all of Plaintiff's claims are related to the allegedly unlawful taking of his real property."  (Doc. 22 at 3).  What's more, they say because the real property at issue is located in the Southern District of Ohio, venue for any claim involving the property is only proper here. (*Id.*).  The Court agrees.

The vast majority of Plaintiff's Complaint revolves around the allegedly unlawful taking of his real property located in the Southern District of Ohio.  (Doc. 1 at 8 (noting the address for the property at issue is in Columbus, Ohio)).  The alleged civil rights violations are grounded in a theory that, prior to the sale of Plaintiff's property, "no perfected certificate of judgment" was recorded or filed to attach a judicial lien against the property.  (Doc. 1 at 12–13).  And because of this, Plaintiff's "rights to real property ownership" and "right to own and enjoy living" were violated.  (*Id.* at 19–20).  Other claims allege that Defendants acted outside of the law or the rules of professional conduct to enable the taking.  (*Id.* at 15–18).  Notably, the singular event at issue

4

that took place in the Northern District of Illinois was Plaintiff's son's tragic murder—and Plaintiff ties Defendants to this allegation solely through the taking of his property. (*Id.* at 18 (alleging Defendants were the direct and proximate cause of his son's death because the alleged taking "uproot[ed]" his son from Ohio)). Not only, then, is the property at issue in this claim not in the Northern District of Illinois, but only a minority of the events arguably giving rise to this action took place there. In short, venue is not proper in the Northern District of Illinois. *Cf. Thompson v. THC, Inc.*, No. C-1-07-231, 2008 WL 11451205, at *1 (S.D. Ohio June 13, 2008) (denying a motion to change venue to the state where a decedent's death took place because the events giving rise to the Plaintiff's claims occurred in the state the case was filed).

## B. Other Interests

Even if venue were proper in the Northern District of Illinois, Plaintiff has not met his burden to establish that convenience, private interests, or public interests weigh in favor of transferring this case. In considering convenience, twelve parties to this action, including Plaintiff, are Ohio residents according to the Complaint. (Doc. 1 at 1–2). It is, therefore, not immediately clear why it would be more convenient for the parties if this case were litigated in the Northern District of Illinois. Plaintiff's conclusory assertions that the "convenience of the witnesses and parties" weighs in favor of transfer and that "substantial witnesses are located" in Illinois who cannot be subpoenaed here hold little weight without more. (*See, e.g.*, Doc. 8 at 3; Doc. 26 at 4, 6). The Court also notes that if the property underlying this action was required to be viewed or other evidence about the property was required to be collected, that would necessarily occur in this District. *See Kay*, 494 F. Supp. 2d at 850.

Plaintiff next asserts that the "calendar" of the Northern District of Illinois is "less congested" than that of the Southern District of Ohio. (Doc. 26 at 4). But he provides no support

for this claim whatsoever.  Finally, Plaintiff claims that "justice would be better served" in the Northern District of Illinois.  (Doc. 8 at 3).  But again, Plaintiff makes no specific argument why this would be the case other than repeating claims found in his Complaint.  (*See generally* Docs. 8, 26).

In sum, even if venue were proper in the Northern District of Illinois, Plaintiff has not met his burden to demonstrate that convenience or the applicable interests weigh in favor of transfer. His Motion must be denied.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Change Venue (Doc. 8) is **DENIED**.  And because the Court construes Plaintiff's Motion for Objection to State Defendant's Motion to Transfer Venue as a reply brief, the Clerk is **DIRECTED** to terminate the pending motion at Doc. 26.

IT IS SO ORDERED.

Date: January 7, 2025                              /s/ Kimberly A. Jolson
                                                   KIMBERLY A. JOLSON
                                                   UNITED STATES MAGISTRATE JUDGE

6