**IN THE UNITED STATES FEDERAL DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**
**85 MARCONI BOULEVARD**
**COLUMBUS, OHIO 43215.**

FILED
RICHARD W. NAGEL
CLERK OF COURT

JAN 31 2025 3:40 P

U.S. DISTRICT COURT
SOUTHERN DISTRICT
OF OHIO-COLUMBUS

| | |
|---|---|
| **Leonard Nyamusevya** | **Case No. 2:24-CV-4216** |
| P.O. Box 314 | |
| Reynoldsburg, Ohio 43068 | |
| (614) 323-5898 | |
| *nyaleo@hotmail.com* | **Judge Edmund A. Sargus, Jr.** |
| An individual | |
| Plaintiff *(Law abiding pro-se)* | **Magistrate Judge** |
| -vs- | **Elizabeth Preston Deavers** |

**STATE OF OHIO**
**MIKE DEWINE, esq.**
Governor of the State of Ohio
Vern Riffe State Office Center
Riffe Center
77 South High Street, 30th Floor
Columbus, Ohio 43215
                Defendant,

**Plaintiff's Opposition to State**
**Defendants' 01/03/2025 Response**
**(ECF Doc. # 27)**

**STATE OF OHIO**
**DAVE YOST, esq.**
Ohio Attorney General
Rhodes State Office Tower
30 East Broad Street, 14th Floor,
Columbus, OH 43215
                Defendant,

**Citimortgage, Inc., Successor by merger to**
**ABN AMRO Mortgage Group, Inc.,**
1000 Technology Drive
O'Fallon, MO 63368-2239
                Defendant,

**DEMAND FOR JURY TRIAL**
*(Jury Trial Demand Endorsed)*
Under Fed. R. Civ. P. 38(b).

**First American Financial Title Insurance Company**
1 First American Way
Santa Ana, California 92707
                Defendant,

**First American Financial Title Insurance Company**
2 Easton Oval, Suite 180
Columbus, Ohio 43219
                Defendant,

1

**Padgett Law Group**
6267 Old Water Oak Rd Suite 203,
Tallahassee, FL 32312
           Defendant,

**Attorney Ellen L. Fornash, esq.**
**Attorney Jacqueline M. Wirtz, esq.**
**Attorney Bethany L. Suttinger, esq**
Padgett Law Group
8087 Washington Village Drive, Ste 220,
Dayton, Ohio 45458
*OHAttorney@padgettlawgroup.com*
           Defendants,

**Honorable Judge Daniel R. Hawkins, esq.**
Franklin County, Ohio Court of Common Pleas
345 South High Street, Courtroom 6B
Columbus, Ohio 43215
           Defendant,

**Honorable Sharon L. Kennedy, esq.**
Chief Justice of Supreme Court of Ohio
Supreme Court of Ohio
65 South Front Street
Columbus, OH 43215-3431
           Defendant,

**Honorable Judge David J. Leland, esq.**
Franklin County, Ohio 10th District Court of Appeals
373 South High Street,
Columbus, Ohio 43215
           Defendant,

**Honorable Judge Julia L. Dorrian, esq.**
Franklin County, 10th District Court of Appeals
373 South High Street,
Columbus, Ohio 43215
           Defendant,

**Honorable Judge Kristin Boggs, esq.**
Franklin County, 10th District Court of Appeals
373 South High Street,
Columbus, Ohio 43215
           Defendant.

2

<u>**PLAINTIFF'S OBJECTION TO**</u>
<u>**STATE DEFENDANTS' 01/03/2025 RESPONSE (ECF Doc. # 27)**</u>

1.      **NOW COMES** timely Leonard Nyamusevya, (hereinafter "Plaintiff or Mr. Nyamusevya or Discharged Bankrupt Plaintiff") and hereby respectfully files his Motion for Objection to unsupported and frivolous and unwarranted State Defendants' 01/03/2025, Response in Opposition (ECF Doc. # 27) before the sufficiency of the evidence, for unduly increasing the cost of this lawsuit and for failing to oppose Plaintiff's chief allegations in the Complaint under 42 U.S.C. § 1983, and for failing to present and attach and submit or point into or reference into any mandatory required factual evidence under O.R.C. § 2329.02(H) and under O.R.C. § 2329.191(B)(7) and under O.R.C. § 2323.07 and under O.R.C. § 2329.31 and 11 U.S.C. § 524(a)(1), as the U.S. Federal District Court "must" take a judicial notice of the evidentiary facts in Defendant CitiMortgage, Inc.'s 09/14/2010, in *personam* Foreclosure Case No. 2010-CV-09-13480, in Franklin County, Ohio Court of Common Pleas; and the title record of Plaintiff's real property in Franklin County, Ohio Recorder's Office, which is devoid and lack any Defendant CitiMortgage, Inc., lien and judicial lien under O.R.C. § 2329.02(H) and under O.R.C. § 2323.07, against Plaintiff's satisfied real property (Exhibit 1).

2.      Ohio Foreclosure laws are obligatory factual and require Defendant CitiMortgage, Inc.'s filing on the record in Defendant CitiMortgage, Inc.'s 09/14/2010, in *personam* Foreclosure Case No. 2010-CV-09-13480, in Franklin County, Ohio Court of Common Pleas a statutory Final Judicial Report under O.R.C. § 2329.191(B)(7), which mentions Plaintiff's Bankruptcy records in Plaintiff's Bankruptcy Case No. 2:14-bk-55846, to disclose the 11/12/2015, Chapter 13 Bankruptcy Trustee's payment to Defendant CitiMortgage, Inc., (Exhibit 4), in the amount of $11,080.00, which was under color of law concealed and eliminated and not recorded in and not reflected on the record of Defendant CitiMortgage, Inc.'s 09/14/2010, in *personam* Foreclosure Case No. 2010-CV-09-13480, in Franklin County, Ohio Court of Common Pleas, to reflect Plaintiff's payments satisfaction on the 06/26/2002, mortgage loan (Exhibit 14).

3.      The U.S. Federal District Court and the impartial members of the jury "must" take judicial notice of Defendant CitiMortgage, Inc.'s 09/14/2010, in *personam* Foreclosure Case No. 2010-CV-09-13480, in Franklin County, Ohio Court of Common Pleas, to find that a statutory Final Judicial Report under O.R.C. § 2329.191(B)(7) was never filed in Foreclosure Case No. 2010-CV-09-13480; thus, there is none in the record in Foreclosure Case No. 2010-CV-09-13480; thus, a statutory Final Judicial Report under O.R.C. § 2329.191(B)(7) is unavailable in Foreclosure Case No. 2010-CV-09-13480.

4.      Ohio Foreclosure laws are obligatory factual and require Defendant CitiMortgage, Inc.'s filing on the record in Defendant CitiMortgage, Inc.'s 09/14/2010, in *personam* Foreclosure Case No. 2010-CV-09-13480, in Franklin County, Ohio Court of Common Pleas a statutory Certificate of Judgment under O.R.C. § 2329.02(H), which must be filed with the County Recorder of Franklin County, Ohio Recorder's Office on the title record of Plaintiff's satisfied real property, to attach a judicial lien against Plaintiff's real property, O.R.C. § 2329.02(H).

5.      The U.S. Federal District Court and the impartial members of the jury "must" take judicial notice of Defendant CitiMortgage, Inc.'s 09/14/2010, in *personam* Foreclosure Case No. 2010-CV-09-13480, in Franklin County, Ohio Court of Common Pleas, to find that a statutory Certificate of Judgment under O.R.C. § 2329.02(H), which must be filed with the County Recorder of Franklin County, Ohio Recorder's Office on the title record of Plaintiff's satisfied real property, to attach a judicial lien against Plaintiff's real property was never filed in Foreclosure Case No. 2010-CV-09-13480, in Franklin County, Ohio Court of Common Pleas; and was never filed with the County Recorder of Franklin County, Ohio Recorder's Office on the title record of Plaintiff's satisfied real property, to attach a judicial lien against Plaintiff's real property; thus, there is none in the record in Foreclosure Case No. 2010-CV-09-13480, in Franklin County, Ohio Court of Common Pleas; thus, there is none in the record, which was not filed with the County Recorder of Franklin County, Ohio Recorder's Office on the title record of Plaintiff's satisfied real property; thus, a statutory Certificate of Judgment under O.R.C. § 2329.02(H), which must be filed with the County Recorder of Franklin County, Ohio Recorder's Office on the title record of Plaintiff's satisfied real property; and which must be filed with the Clerk of Court of Franklin County, Ohio Court of Common Pleas is unavailable in Foreclosure Case No. 2010-CV-09-13480 and in the County Recorder of Franklin County, Ohio Recorder's Office, on the title record of Plaintiff's satisfied real property.

6.      Ohio Foreclosure laws are obligatory factual and require Defendant CitiMortgage, Inc.'s filing on the record in Defendant CitiMortgage, Inc.'s 09/14/2010, in *personam* Foreclosure Case No. 2010-CV-09-13480, in Franklin County, Ohio Court of Common Pleas a statutory Final Judicial Report under O.R.C. § 2329.191(B)(7), which mentions Plaintiff's Bankruptcy records in Plaintiff's Bankruptcy Case No. 2:19-bk-52868, to disclose the 11/21/2019, Plaintiff's Bankruptcy Court Injunction Order of Discharge (Exhibit 3) and (Exhibit 29) under 11 U.S.C. § 727(a)(1), which wholly terminated and extinguished all Defendant CitiMortgage, Inc.'s *pre-discharge* in *personam* 11/15/2018, satisfied and paid off entirely Foreclosure Decree (Exhibit 12); and Defendant

4

CitiMortgage, Inc.'s *post-discharge* in *personam* 08/01/2022, Order of Sale (Exhibit 10); and Defendant CitiMortgage, Inc.'s *post-discharge* in *personam* 07/06/2022, Order of Sale (Exhibit 11), as a matter of law and the facts. State Defendants were blocked to take Plaintiff's satisfied real property.

7.    The U.S. Federal District Court and the impartial members of the jury "must" take judicial notice of Defendant CitiMortgage, Inc.'s 09/14/2010, in *personam* Foreclosure Case No. 2010-CV-09-13480, in Franklin County, Ohio Court of Common Pleas, to find that a statutory Final Judicial Report under O.R.C. § 2329.191(B)(7) was never filed in Foreclosure Case No. 2010-CV-09-13480; which was under color of law concealed and eliminated and not recorded in and not reflected on the record of Defendant CitiMortgage, Inc.'s 09/14/2010, in *personam* Foreclosure Case No. 2010-CV-09-13480, in Franklin County, Ohio Court of Common Pleas, to under color of law conceal and terminate Plaintiff's Bankruptcy records in Plaintiff's Bankruptcy Case No. 2:19-bk-52868, and conceal the 11/21/2019, Plaintiff's Bankruptcy Court Injunction Order of Discharge (Exhibit 3) and (Exhibit 29) under 11 U.S.C. § 727(a)(1), which wholly terminated and extinguished all Defendant CitiMortgage, Inc.'s *pre-discharge* in *personam* 11/15/2018, satisfied and paid off entirely Foreclosure Decree (Exhibit 12); and Defendant CitiMortgage, Inc.'s *post-discharge* in *personam* 08/01/2022, Order of Sale (Exhibit 10); and Defendant CitiMortgage, Inc.'s *post-discharge* in *personam* 07/06/2022, Order of Sale (Exhibit 11); consequently, the U.S. Federal District Court must deny State Defendants' unsupported and unwarranted and meritless and frivolous 01/03/2025, Response in Opposition (ECF Doc. # 27).

8.    The U.S. Federal District Court and the impartial members of the jury "must" take judicial notice of Plaintiff's Bankruptcy records in Plaintiff's Bankruptcy Case No. 2:14-bk-55846, to find that Defendant CitiMortgage, Inc., owned and possessed and is blocked to ignore Plaintiff's 11/21/2019, Bankruptcy Court Injunction Order of Discharge (Exhibit 3) and (Exhibit 29) under 11 U.S.C. § 727(a)(1), which wholly terminated and extinguished all Defendant CitiMortgage, Inc.'s *pre-discharge* in *personam* 11/15/2018, satisfied and paid off entirely Foreclosure Decree (Exhibit 12); and Defendant CitiMortgage, Inc.'s *post-discharge* in *personam* 08/01/2022, Order of Sale (Exhibit 10); and Defendant CitiMortgage, Inc.'s *post-discharge* in *personam* 07/06/2022, Order of Sale (Exhibit 11); all of which were automatically and statutorily voided *ab-initio* under 11 U.S.C. § 524(a)(1) at any times obtained *pre-discharge* and *post-discharge* on 11/15/2018, and 08/01/2022, and 07/06/2022.

9.    Since Plaintiff is a victim of white collar crime and a honest but unfortunate discharged skin colored and minority and underprivileged Black Bankrupt under 11 U.S.C. § 727(a)(1), even if Magistrate Judge Kimberly A. Jolson is found to be improperly acting under color of law with bias and

lack of partiality and prejudice and predetermined prejudgment against Plaintiff; thus, the bottom line is State Defendants without materially showing compliance with a statutory Final Judicial Report under O.R.C. § 2329.191(B)(7); and a statutory Certificate of Judgment under O.R.C. § 2329.02(H); and a lien against Plaintiff's real property under O.R.C. § 2329.02(H) and under O.R.C. § 2323.07; and *in-rem* Foreclosure Judgment and *in-rem* Orders of Sale, with mentions *in-rem* on their faces, which were "**not**" automatically and statutorily **voided *ab-initio*** under 11 U.S.C. § 524(a)(1) at any times obtained *pre-discharge* and *post-discharge* on 11/15/2018, and 08/01/2022, and 07/06/2022; therefore, the U.S. Federal District Court "must dismiss" State Defendants' unsupported and unwarranted and meritless and frivolous 01/03/2025, Response in Opposition (ECF Doc. # 27).

10.     For scholars and nationwide public interests in the integrity of the Ohio and Federal Judicial Systems; therefore, this suit is of first impression and discloses State Defendants' violation of Plaintiff and his son's fundamental civil rights for due process and the equal protection under the law rights and right to real property ownership and right to life, which are granted by the Ohio and U.S. Constitution; and discloses the under color of law judicial misconduct by officers of the Courts, in the State of Ohio and in the United States District Court of Southern District of Ohio, Eastern Division in Columbus and in the regional Sixth Circuit Court of Appeals, for Ohio, Michigan, Kentucky, and Tennessee.

11.     Since this suit is under 42 U.S.C. § 1983; and since this suit is not a Foreclosure Action; and since Plaintiff's real property was taken on 11/29/2022; therefore, State Defendants and Defendant CitiMortgage, Inc., and Defendant First American Title Insurance Company's material facts are in the record of Defendant CitiMortgage, Inc.'s 09/14/2010, *in personam* Foreclosure Case No. 2010-CV-09-13480, in Franklin County, Ohio Court of Common Pleas; and must only and specifically be retrieved and accessed there in Defendant CitiMortgage, Inc.'s 09/14/2010, *in personam* Foreclosure Case No. 2010-CV-09-13480, in Franklin County, Ohio Court of Common Pleas, by taking a judicial notice of Defendant CitiMortgage, Inc.'s 09/14/2010, *in personam* Foreclosure Case No. 2010-CV-09-13480, in Franklin County, Ohio Court of Common Pleas, as it was requested by State Defendants and Defendant CitiMortgage, Inc., and Defendant Honorable Justice Daniel R. Hawkins; consequently, no evidence about the property can be produced; no evidence about the property can be collected.

12.     Since this suit is under 42 U.S.C. § 1983; and since this suit is not a Foreclosure Action; and since Plaintiff's real property was taken on 11/29/2022; therefore, Plaintiff **will block** the production of any **evidence that was not presented in** Defendant CitiMortgage, Inc.'s 09/14/2010, *in personam* Foreclosure Case No. 2010-CV-09-13480, in Franklin County, Ohio Court of Common Pleas.

13.     Since this suit is under 42 U.S.C. § 1983; and since this suit is not a Foreclosure Action; and since Plaintiff's real property was taken on 11/29/2022; therefore, the U.S. Federal District Court can only take judicial notice of the **material evidences that were presented** in Defendant CitiMortgage, Inc.'s 09/14/2010, in *personam* Foreclosure Case No. 2010-CV-09-13480, in Franklin County, Ohio Court of Common Pleas.

14.     Since this suit is under 42 U.S.C. § 1983; and since this suit is not a Foreclosure Action; and since Plaintiff's real property was taken on 11/29/2022; therefore, the U.S. Federal District Court can only take judicial notice of the **material evidences that were presented** in Defendant CitiMortgage, Inc.'s 09/14/2010, in *personam* Foreclosure Case No. 2010-CV-09-13480, in Franklin County, Ohio Court of Common Pleas, to find that there is not statutory Final Judicial Report under O.R.C. § 2329.191(B)(7); and no statutory Certificate of Judgment under O.R.C. § 2329.02(H); and no proof of lien against Plaintiff's real property under O.R.C. § 2329.02(H) and under O.R.C. § 2323.07; and no *in-rem* Foreclosure Judgment and no *in-rem* Orders of Sale, with mentions *in-rem* on their faces, which were "**not**" automatically and statutorily **voided** *ab-initio* under 11 U.S.C. § 524(a)(1) at any times obtained *pre-discharge* and *post-discharge* on 11/15/2018, and 08/01/2022, and 07/06/2022; therefore, the U.S. Federal District Court "must dismiss" State Defendants' unsupported and unwarranted and meritless and frivolous 01/03/2025, Response in Opposition (ECF Doc. # 27).

15.     State Defendants **LACK** and **CANNOT** produce or present the evidentiary facts under O.R.C. § 2329.02(H) and under O.R.C. § 2329.191(B)(7) and under O.R.C. § 2323.07 and *in-rem* foreclosure judgment and *in-rem* Order of Sale, with a mention *in-rem* on their faces, against Plaintiff and his home, and which were not automatically void *ab-initio* under 11 U.S.C. § 524(a)(1) *pre-discharge* and *post-discharge*; and which are not available under all available public records.

16.     This U.S. Federal District Court in Columbus, Ohio is blocked in this suit to improperly under color of law shield State Defendants and Defendants from producing and submitting on the record and presenting the evidentiary facts under O.R.C. § 2329.02(H) and under O.R.C. § 2329.191(B)(7) and under O.R.C. § 2323.07 and *in-rem* foreclosure judgment and *in-rem* Order of Sale, with a mention *in-rem* on their faces, against Plaintiff and his home, and which were not automatically void *ab-initio* under 11 U.S.C. § 524(a)(1) *pre-discharge* and *post-discharge*; and which this U.S. Federal District Court in Columbus, Ohio already know that they are not available under all available public records.

17.     Because this suit is under 42 U.S.C. § 1983; therefore, the U.S. Federal District Court MUST without excuse look into all public records to find that there is NO evidentiary facts under O.R.C. §

2329.02(H) and under O.R.C. § 2329.191(B)(7) and under O.R.C. § 2323.07 and *in-rem* foreclosure judgment and *in-rem* Order of Sale, with a mention *in-rem* on their faces, against Plaintiff and his home, and which were not automatically void *ab-initio* under 11 U.S.C. § 524(a)(1) *pre-discharge* and *post-discharge*; and which are unavailable under all available public records.

18.     This suit is under 42 U.S.C. § 1983; therefore, it is not a foreclosure action under 42 U.S.C. § 1983. The U.S. Federal District Court is blocked to convert under color of law this suit under 42 U.S.C. § 1983 for violation of civil rights into an Ohio Foreclosure action.

19.     This suit is for the 09/02/2024, wrongful death of Plaintiff's son, who is a substantial family belonging or property under 28 U.S.C. § 1404(a). This suit under 42 U.S.C. § 1983 is for the 09/02/2024, wrongful death of Plaintiff's son, who is a substantial family belonging or property under 28 U.S.C. § 1404(a); and cannot be under color of law converted into an Ohio Foreclosure Action. Plaintiff's Complaint did not allege any Foreclosure Action under 42 U.S.C. § 1983 at all.

20.     The evidence in Defendant CitiMortgage, Inc.'s 09/14/2010, in *personam* Foreclosure Case No. 2010-CV-09-13480, in Franklin County, Ohio Court of Common Pleas are public records, which any U.S. Federal District Court can take a judicial notice of and can retrieve and review what material evidence was presented by State Defendants and Defendants, in Foreclosure Case No. 2010-CV-09-13480, in Franklin County, Ohio Court of Common Pleas, which are not in compliance with O.R.C. § 2329.02(H) and O.R.C. § 2329.191(B)(7) and O.R.C. § 2323.07 and 11 U.S.C. § 524(a)(1) and (2).

21.     There is no evidence to be produced since this suit is not an Ohio Foreclosure Action. State Defendants and Defendants had already taken and deprived and confiscated Plaintiff's home, but the U.S. Federal District Court must only take judicial notices of the proceedings and facts, which are public records in Foreclosure Case No. 2010-CV-09-13480, as it was beforehand requested by State Defendants and Defendants; to prevent and block the fraudulent fabrication of evidence, which were nor presented in Foreclosure Case No. 2010-CV-09-13480. State Defendants and Defendants are prevented and blocked to fraudulently fabricate and present evidentiary facts, which were not presented in Foreclosure Case No. 2010-CV-09-13480.

22.     The U.S. Federal District Court in Columbus, Ohio is blocked to conspiring under color of law to deny returning Plaintiff's wholly satisfied real property, in this suit in the interest of justice.

23.     The U.S. Federal District Court in Columbus, Ohio is prevented to act under color of law in favor of State Defendants and Defendants by blocking Plaintiff, from getting back his real property. Under 42 U.S.C. § 1983, Plaintiff cannot allow that, because State Defendants and Defendants lack

any evidence in compliance with O.R.C. § 2329.02(H) and under O.R.C. § 2329.191(B)(7) and under O.R.C. § 2323.07 and 11 U.S.C. § 524(a)(1) and (2).

24.     Based on Plaintiff's allegations in the Complaint; therefore, this suit need a U.S. Federal District Court which will *sua-sponte* take judicial notices of the Foreclosure Case No. 2010-CV-09-13480, to find that State Defendants and Defendants lack and never filed any evidence in compliance with O.R.C. § 2329.02(H) and under O.R.C. § 2329.191(B)(7) and under O.R.C. § 2323.07 and 11 U.S.C. § 524(a)(1) and (2).

25.     State Defendants and Defendants' evidence had already been presented and are public records in Foreclosure Case No. 2010-CV-09-13480, in Franklin County, Ohio Court of Common Pleas and can only be retrieved and reviewed as alleged in Plaintiff's Complaint. State Defendants and Defendants are barred from producing any evidence that was not presented in Foreclosure Case No. 10-CV-09-13480. In Foreclosure Case No. 2010-CV-09-13480, in Franklin County, Ohio Court of Common Pleas, State Defendants and Defendants made and enforced an invalid and unconstitutional Supplemental Final Judicial Report, which is not provided under existing Ohio and Federal laws.

26.     State Defendants are wrong because Plaintiff did not request any preliminary injunction or temporary restraining order in the Complaint (ECF Doc. # 1) and in his 12/18/2024, Emergency Motion (ECF Doc. # 10); consequently, the U.S. Federal District Court and the members of the jury should vacate and deny State Defendants' unwarranted allegations of any preliminary injunction or temporary restraining order. Under Ohio Foreclosure laws, Plaintiff's real estate cannot be taken without State Defendants' showing of material facts in compliance with the rule of law under O.R.C. § 2329.02(H) and under O.R.C. § 2329.191(B)(7) and under O.R.C. § 2323.07 and 11 U.S.C. § 524(a)(1) and (2), all of which obligate State Defendants to present and show material facts in the record of Defendant CitiMortgage, Inc.'s 09/14/2010, Foreclosure Case No. 2010-CV-09-13480, in Franklin County, Ohio Court of Common Pleas and in Franklin County, Recorder's Office under the statutory obligation and requirement pursuant to O.R.C. § 2329.02(H) and under O.R.C. § 2323.07.

27.     At the bottom of page 5 in their Response, State Defendants recognize the importance of presenting and showing evidentiary proof. State Defendants state as follows: "And he offers no proof of his claims other than his own assertions;" but Plaintiff's 12/18/2024, Emergency Motion (ECF Doc. # 10) was wholly supported by convincing evidentiary facts and is meritorious in all form of legal theories; hence, State Defendants' 01/03/2025, Response (ECF Doc. # 27) is unsupported and unwarranted and frivolous and should be denied by the U.S. Federal District Court.

9

28.      Attached is a copy of State Defendants' 01/03/2025, Response (ECF Doc. # 27) (Exhibit 33), which is unsupported and unwarranted and frivolous, and it concealed that State Defendants enforced on 11/29/2022, the 07/15/2020, invalid and unlawful and draconian and unconstitutional Supplemental Final Judicial Report, which is not provided under Ohio and Federal laws.

29.      State Defendants concealed that from 11/21/2019, Plaintiff became an honest but unfortunate minority skin colored and underprivileged discharged Bankrupt under 11 U.S.C. § 727(a). Plaintiff was a resident of the State of Ohio and was living with his children in their wholly satisfied; and paid off entirely; and unmortgaged; and unencumbered private residential real property, which is located at 2064 Worcester Court, Columbus, Ohio 43232. Plaintiff was granted his 11/21/2019, Bankruptcy Court Injunction Order of Discharge under 11 U.S.C. § 727(a)(1); hence, Plaintiff was protected by his 11/21/2019, Bankruptcy Court Injunction Order of Discharge under 11 U.S.C. § 727(a)(1).

30.      Under 42 U.S.C. § 1983 and the Ohio and U.S. Constitutions and existing Ohio and Federal laws and Bankruptcy law and Rules and Codes; thus, State Defendants lacked the power and discretion and authority to terminate Plaintiff's Bankruptcy protection and relief under 11 U.S.C. § 727(a)(1), in violation under 11 U.S.C. § 524(a)(1). State Defendants concealed they owned and possessed and terminated Plaintiff's 11/21/2019, Bankruptcy Court Injunction Order of Discharge under 11 U.S.C. § 727(a)(1), without the power to do it and are seriously liable to Plaintiff.

31.      Plaintiff was unlawfully and unconstitutionally evicted on 11/29/2022, by State Defendants from his private residential real property, which is located at 2064 Worcester Court, Columbus, Ohio 43232, against his wish and without any just compensation, in a violation of the 4th and 5th and 8th and 14th Amendments to U.S. Constitution, and violation of existing Federal and Ohio laws, and violation of Bankruptcy law and Rules and Codes.

32.      For clarification, Plaintiff sued Defendants. Plaintiff's Complaint will be amended to clarify that State Defendants, including Defendant Honorable Justice Daniel R. Hawkins are employed by the State of Ohio, and that State Defendants are as follows: "Defendant Governor of Ohio Richard Michael DeWine and Defendant Ohio Attorney General David Anthony Yost and Defendant Honorable Judge Daniel R. Hawkins; and Defendant Honorable Chief Justice Sharon L. Kennedy; and Defendant Honorable Judge David J. Leland; and Defendant Honorable Judge Julia L. Dorrian; and Defendant Honorable Judge Kristin Boggs, who are professional lawyers. More Defendants will be soon added.

33.      In this suit, the law controlling the defense of "Federal and Ohio immunity from suit" is extraordinarily confused; therefore, Defendant Governor of Ohio Richard Michael DeWine and

10

Defendant Ohio Attorney General David Anthony Yost and Defendant Honorable Judge Daniel R. Hawkins; and Defendant Honorable Chief Justice Sharon L. Kennedy; and Defendant Honorable Judge David J. Leland; and Defendant Honorable Judge Julia L. Dorrian; and Defendant Honorable Judge Kristin Boggs (hereinafter State Defendants) should focus on the evidentiary facts that will be presented to the impartial members of a selected jury in Chicago, in the State of Illinois, upon the transfer for this suit to the U.S. Federal District Court, in Chicago, in the State of Illinois, should Plaintiff successfully get an Order approving the transfer for this suit to the State of Illinois.

34.    State Defendants' Response did not challenge the evidence sufficiency. State Defendants did not oppose Plaintiff's truthful allegations in the Complaint that the U.S. Federal District Judge Edmund A. Sargus, Jr., of the United States Federal District Court of Southern District of Ohio, 85 Marconi Boulevard, Columbus, Ohio 43215, is disqualified and cannot be assigned to this suit, pertaining to State Defendants' handling of the invalid and unlawful and unconstitutional 07/15/2020, Supplemental Final Judicial Report, which is not provided and not authorized under O.R.C. § 2329.191(B)(7), and the Ohio and U.S. Constitutions and existing Federal and Ohio laws and Bankruptcy law and Rules and Codes; therefore, State Defendants conceded and agreed Plaintiff cannot receive justice and redress and relief in the U.S. Federal District Court, in Columbus, Ohio.

35.    State Defendants did not oppose Plaintiff's allegations in the Complaint that Plaintiff's son: Simeon Underhill Bihesi was killed, assassinated on 09/02/2024, in a train shooting in Forest Park, in Chicago, Illinois, due to direct and proximate acts and causes of State Defendants; therefore, State Defendants agreed and conceded that they are financially liable to Plaintiff, for violating 42 U.S.C. § 1983 and 11 U.S.C. § 524(a)(1) and (2) and the Ohio and U.S. Constitutions and the 4th and 5th and 8th and 14th Amendments to U.S. Constitution and Federal laws.

36.    State Defendants did not oppose Plaintiff's allegations in the Complaint that Plaintiff cannot receive due process and justice and redress and relief in the United States District Court of Southern District of Ohio, Eastern Division and in the regional Sixth Circuit Court of Appeals, for Ohio, Michigan, Kentucky, and Tennessee.

37.    It is undisputed that based on the Bankruptcy record and docket entries of Plaintiff's May 01, 2019, Bankruptcy Case No. 2:19-bk-52868; thus, State Defendants knew Plaintiff was a discharged Bankrupt, and that the Clerk of U.S. Bankruptcy Court served State Defendants with a copy of Plaintiff's 11/21/2019, Bankruptcy Court Injunction Order of Discharge, under 11 U.S.C. § 727(a) on 11/23/2019, (ECF Doc. # 127) (Exhibit 29); therefore, Joseph Speetjens who prepared the 11/23/2019,

11

Certificate of Notice (Exhibit 29) will testify before the U.S. Federal District Court and the members of the jury that he served the Ohio Attorney General at 30 East Broad Street, Columbus, Ohio 43215-3400 on 11/23/2019, with Plaintiff's 11/21/2019, Bankruptcy Court Injunction Order of Discharge.

38.     The evidentiary facts show that State Defendants indisputably and convincingly received Plaintiff's Bankruptcy records and Plaintiff's 11/21/2019, Bankruptcy Order of Discharge. The executive officials of the Government of Ohio supervised and directed and caused the lamentable and devastating outcome of Defendant CitiMortgage, Inc.'s Foreclosure Action against Plaintiff, for their unlawful and dissimilated and disguised financial enrichment, against Plaintiff.

39.     It is undisputed that based on the Bankruptcy record of Plaintiff's May 01, 2019, Bankruptcy Case No. 2:19-bk-52868; thus, State Defendants knew Plaintiff did not schedule Defendant CitiMortgage, Inc., at all in his Bankruptcy Schedules Official Forms. Plaintiff did not financially owe any financial obligation to Defendant CitiMortgage, Inc.; hence, State Defendants were blocked to take Plaintiff's satisfied real property.

40.     It is undisputed that based on the Bankruptcy record of Plaintiff's May 01, 2019, Bankruptcy Case No. 2:19-bk-52868; thus, State Defendants knew Plaintiff did not schedule Defendant CitiMortgage, Inc., as "secured or unsecured" creditor in his Bankruptcy Schedules Official Forms. Under Fed. R. Bankr. P. 9011, Defendant CitiMortgage, Inc., is not a creditor of Plaintiff.

41.     It is undisputed that based on the Bankruptcy record of Plaintiff's May 01, 2019, Bankruptcy Case No. 2:19-bk-52868; thus, State Defendants knew of Plaintiff's Bankruptcy Schedule Official Form 108 (Exhibit 1), which indisputably and factually substantiated that Plaintiff's real property is wholly satisfied; and paid off entirely; and unmortgaged; and unencumbered, in corroboration to Defendant CitiMortgage, Inc.'s 07/10/2019, "unsecured" Proof of Claim 6-1, (Exhibit 14).

42.     It is undisputed that based on the Bankruptcy record of Plaintiff's May 01, 2019, Bankruptcy Case No. 2:19-bk-52868; thus, State Defendants knew on 07/10/2019, that Defendant CitiMortgage, Inc., lacked any lien under O.R.C. § 2329.02(H), against Plaintiff's wholly satisfied; and paid off entirely; and unmortgaged; and unencumbered real property.

43.     Using and enforcing the Government of Ohio's own invalid and unconstitutional and draconian and unlawful Supplemental Final Judicial Report (Exhibit 5) against Plaintiff; therefore, the public records factually substantiate that as officers of the Courts, State Defendants willfully and upfront and beforehand under color of law and without all subject-matter jurisdiction concealed Plaintiff's Bankruptcy Case No. 2:14-bk-55846 and Bankruptcy Case No. 2:19-bk-52868 records and Bankruptcy

Schedule Official Form 108 in Bankruptcy Petition Case No. 2:19-bk-52868 record; and could not file a statutory Final Judicial Report under O.R.C. § 2329.191(B)(7), and could not file a *praecipe* for filing a certificate of judgment (Exhibit 23) under O.R.C. § 2329.02(H), because Plaintiff's home was wholly satisfied; and paid off entirely; and unmortgaged; and unencumbered.

44.     It is undisputed that based on the Bankruptcy record of Plaintiff's May 01, 2019, Bankruptcy Case No. 2:19-bk-52868; thus, State Defendants knew on 07/10/2019, that Defendant CitiMortgage, Inc., lacked any justiciable controversy against Plaintiff's wholly satisfied; and paid off entirely; and unmortgaged; and unencumbered real property.

45.     It is undisputed that based on the Bankruptcy record of Plaintiff's May 01, 2019, Bankruptcy Case No. 2:19-bk-52868; thus, State Defendants knew on 07/10/2019, that they lacked all subject-matter jurisdictions over Plaintiff and over his real property, because Defendant CitiMortgage, Inc., represented to be an "unsecured" creditor and that Plaintiff's Bankruptcy Schedule Official Form 108 (Exhibit 1), indisputably and factually substantiated that Plaintiff's real property is wholly satisfied; and paid off entirely; and unmortgaged; and unencumbered, in corroboration to Defendant CitiMortgage, Inc.'s 07/10/2019, "unsecured" Proof of Claim 6-1. Thereafter they knew and ignored that Plaintiff became a discharged Bankrupt on 11/21/2019 and pursued under color of law to nullify and vacate and extinguish and eliminate Plaintiff's Bankruptcy protection and relief for a fresh start.

46.     It is undisputed that based on the records of Defendant CitiMortgage, Inc.'s 09/14/2010, Foreclosure Case No. 2010-CV-09-13480; thus, State Defendants knew on 04/26/2022, that Defendant Honorable Justice Daniel R. Hawkins possessed and owned and was keeper and custodian of Plaintiff's 11/21/2019, Bankruptcy Court Injunction Order of Discharge; and knew that Plaintiff's personal liabilities were discharged in Bankruptcy under 11 U.S.C. § 524(a)(1).

47.     It is undisputed that based on the records of Defendant CitiMortgage, Inc.'s 09/14/2010, Foreclosure Case No. 2010-CV-09-13480; thus, State Defendants knew that Defendant Honorable Justice Daniel R. Hawkins did not possess Defendant CitiMortgage, Inc.'s certificate of judgment against Plaintiff's real property under O.R.C. § 2329.02(H).

48.     It is undisputed that based on the records of Defendant CitiMortgage, Inc.'s 09/14/2010, Foreclosure Case No. 2010-CV-09-13480; thus, State Defendants knew that Defendant Honorable Justice Daniel R. Hawkins did not possess Defendant CitiMortgage, Inc.'s Final Judicial Report against Plaintiff's real property under O.R.C. § 2329.191(B)(7).

49.     State Defendants should agree and concede that the U.S. Supreme Court's decision in *Scheuer v. Rhodes*, 416 U.S. 232-Supreme Court (1974) is a precedent authority of instructive of ultimate and paramount importance and controlling the argument of law on premature State Defendants' Response, prior to the availability of the evidence; hence, for impartiality to parties; thus, the sufficiency of the evidence should be available on the record; thereafter, the U.S. Federal District Court can adhere and follow the U.S. Supreme Court's decision in *Scheuer v. Rhodes*, 416 U.S. 232-Supreme Court (1974), which held as shown below as follows:

### Observation of Instructive *Scheuer v. Rhodes*, 416 U.S. 232-Supreme Court (1974)

50.     The U.S. Supreme Court in *Scheuer v. Rhodes*, 416 U.S. 232-Supreme Court (1974) held that:

**The documents properly before the District Court at this early pleading stage specifically placed in issue whether the Governor and his subordinate officers were acting within the scope of their duties under the Constitution and laws of Ohio; whether they acted within the range of discretion permitted the holders of such office under Ohio law and whether they acted in good faith both in proclaiming an emergency and as to the actions taken to cope with the emergency so declared.** Similarly, the complaints place directly in issue whether the lesser officers and enlisted personnel of the Guard acted in good-faith obedience to the orders of their superiors. Further proceedings, either by way of summary judgment or by trial on the merits, are required. **The complaining parties are entitled to be heard more fully than is possible on a motion to dismiss a complaint.**

51.     Adhering to the U.S. Supreme Court's decision in *Scheuer v. Rhodes*, 416 U.S. 232-Supreme Court (1974); therefore, Plaintiff is entitled to be heard more fully than is possible on State Defendants premature and frivolous Response; thus, the U.S. Federal District Court should deny State Defendants' 01/03/2015, Response (ECF Doc. # 27).

52.     Since Plaintiff is entitled to be heard more fully than is possible on State Defendants premature Response, *Scheuer v. Rhodes*, 416 U.S. 232-Supreme Court (1974); thus, this suit cannot be settled and disposed by way of summary judgment because Plaintiff will be substantially prejudice because the U.S. Federal District Court and the F.B.I. and the members of the jury cannot see the demeanors of the substantial witnesses in Chicago, by way of deposition and testimonies or interrogatories; therefore, this suit should proceed to a jury for a determination at trial on the merits.

53.     Currently, Defendant Padgett Law Group and its attorneys are in default of appearing and filing their pleadings on the record in this suit. Plaintiff filed a Motion for Recusal of Magistrate.

54.     Plaintiff kindly demands that the U.S. Federal District Court should issue an Order compelling Defendant Padgett Law Group and Defendant Attorney Ellen L. Fornash; and Defendant Attorney Jacqueline M. Wirtz; and Defendant Attorney Bethany L. Suttinger, to avoid being in default of

14

answering the Complaint, by appearing and filing their pleadings on the record for judicial economy; else, Plaintiff will be filing a Motion for an Order of default for failure to answering the Complaint, against Defendant Padgett Law Group and Defendant Attorney Ellen L. Fornash; and Defendant Attorney Jacqueline M. Wirtz; and Defendant Attorney Bethany L. Suttinger.

55.     Plaintiff kindly demands that the U.S. Federal District Court should issue an Order compelling Defendant Padgett Law Group and Defendant Attorney Ellen L. Fornash; and Defendant Attorney Jacqueline M. Wirtz; and Defendant Attorney Bethany L. Suttinger to answering the Complaint and to avoid being in default of answering the Complaint, by appearing and filing their pleadings on the record for judicial economy; else, Plaintiff will be filing a Motion for an Order of default for failure, against the Complaint. This motion should be granted, and Plaintiff beforehand preserves the rights to supplement or amend it as necessary.

56.     Plaintiff attaches to and references into and makes part of this Motion all the evidentiary facts in the record. The following Memorandum in Support sets forth the ground for this substantial motion.

## MEMORANDUM IN SUPPORT

57.     The evidentiary facts and Courts' records materially substantiate that Plaintiff was denied justice throughout the regional Sixth Circuit Court of Appeals, for Ohio, Michigan, Kentucky, and Tennessee. State Defendants knew and ignored that Defendant CitiMortgage, Inc., never had a recorded certificate of judgment against Plaintiff's real property under O.R.C. § 2329.02(H); and knew and ignored that Defendant CitiMortgage, Inc., never had a Final Judicial Report against Plaintiff's real property under O.R.C. § 2329.191(B)(7). State Defendants knew and ignored that Defendant CitiMortgage, Inc., never had a recorded lien with the County Recorder of Franklin County, Ohio Recorder's Office, against Plaintiff's real property under O.R.C. § 2329.02(H) and O.R.C. § 2323.07. State Defendants knew and ignored that Defendant CitiMortgage, Inc., never had an *in-rem* foreclosure judgment and Order of Sale with a mention *in-rem* on their faces against Plaintiff's real property. State Defendants knew and ignored that Defendant CitiMortgage, Inc., admitted and conceded on 11/05/2018, that it received "payments" satisfaction from Plaintiff.

### Note of Amending Complaint

58.     At the time the Complaint was filed, Defendant Honorable Justice Daniel R. Hawkins was elected as Justice of the Supreme Court of Ohio effective 12/10/2024; consequently, the Complaint needs to be amended. This suit is under 42 U.S.C. § 1983. There is no Ohio Government Municipality

among the Defendants. State Defendants are State of Ohio's employees and elected officials under
O.R.C. § 109.36(A). O.R.C. § 109.36(A)(1) "Officer or employee" means any of the following:

> (a) A person who, at the time a cause of action against the person arises is serving in an elected
> or appointed office or position with the State of Ohio or is employed by the State of Ohio.

59.     For the challenging distinction pertaining to the defense of immunity in a 42 U.S.C. § 1983
suit, between the State of Ohio and its governmental municipalities and counties; therefore, O.R.C. §
109.36(B) provides as follows:

> (B) "State" means the State of Ohio, including but not limited to, the general assembly, the
> Supreme Court, and Franklin County, Ohio 10th District Court of Appeals and other Ohio
> Courts of Appeals, and the offices of all elected Ohio State officers, and all State of Ohio
> Departments, Boards, Offices, Commissions, Agencies, Institutions, and other instrumentalities
> of the state of Ohio. "State" does not include political subdivisions.

60.     On appeal, State Defendants may invoke the appellate jurisdiction by conceding to the U.S.
Federal District Court's version of the facts, as construed in the light most favorable to Plaintiff.
*Anderson-Santos*, 94 F.4th at 554 (citing *Berryman v. Rieger*, 150 F.3d 561, 562 (6th Cir. 1998);
*Moldowan v. City of Warren*, 578 F.3d 351, 369–70 (6th Cir. 2009)), for allowing the appellate Courts'
adoption of the U.S. Federal District Court's version of the facts on a decision of the legal question of
whether qualified immunity is warranted, *Raimey v. City of Niles*, 77 F.4th 441, 448 (6th Cir. 2023).

61.     Since State Defendants pursued in disguise and under color of law to kill Plaintiff and his son
for possessing and occupying their real property and for Plaintiff being granted his 11/21/2019,
Bankruptcy Order of Discharge; thus, qualified immunity is unavailable to State Defendants. The 11th
Amendment to U.S. Constitution immunity from suit is unavailable to State Defendants, for willfully
extinguishing existing laws and the Ohio and U.S. Constitutions, for the purpose to enforce the
draconian Supplemental Final Judicial Report against discharged Bankrupt Plaintiff, to eliminate his
11/21/2019, Bankruptcy Order of Discharge (Exhibit 29) and Bankruptcy Schedule Official Form 108.

62.     State Defendants' Response did not present any founded quarrel with Plaintiff's record-
supported facts on Plaintiff's allegations in the Complaint; hence, State Defendants' allegations did not
present any known and recognized crucial dispute of facts, because State Defendants holding and
possessing discharged Bankrupt Plaintiff's 11/21/2019, Bankruptcy Order of Discharge, beforehand
knew and ignored and conceded that the enforcement of the Government of Ohio's unlawful and
draconian and lawless and unconstitutional and fraudulent and malicious in bad faith 07/15/2020,
Supplemental Final Judicial Report, against Plaintiff and his son was malicious and unlawful and

unconstitutional and an authorized fraudulent under color of law act upon Franklin County, Ohio Court of Common Pleas. They violated Plaintiff's civil rights to occupy his home.

63.     They admitted and conceded that they were willfully and wrongfully under color of law affected Plaintiff, by violating his civil rights, which are granted and warranted and guaranteed and provided and secured by the Ohio and U.S. Constitutions and Federal laws, to freedom, to own and possess and live and occupy in Plaintiff's real property, which are granted by the U.S. Constitution.

64.     Plaintiff will soon be filing a Complaint in the United States Federal District Court of Northern District of Illinois, at 219 South Dearborn Street, Chicago, IL 60604, for the convenience of where the witnesses reside and justice under 42 U.S.C. § 1983 to properly invoke the Multidistrict Litigation (MDL) under 28 U.S.C. § 1407(a); hence, Plaintiff will timely amend the Complaint because of changes that happened.

65.     Plaintiff incorporates hereto and references into and attaches to and makes part of this substantial motion the evidentiary exhibits and appendices that were attached to Plaintiff's 01/15/2025, Motion for Opposition (ECF Doc. # 33) to Defendant Honorable Justice Daniel R. Hawkins' 12/24/2024, Motion to Dismiss the Complaint (ECF Doc. # 21). Plaintiff is proffering a portion of the evidence that is available now and will provide more evidence upon properly getting the substantial key witnesses in Chicago, in the State of Illinois before the United States Federal District Court of Northern District of Illinois; consequently, the sufficiency of the evidence is not available now; thus, the U.S. Federal District Court should deny State Defendants' Response, *Scheuer v. Rhodes*, 416 U.S. 232-Supreme Court (1974).

**<u>Mortgage's Provision</u>**

66.     State Defendants under color of law concealed and ignored that Plaintiff's mortgage (Exhibit 14) is governed by **Federal and Ohio laws** and Franklin County, Ohio's Court of Common Pleas' local rules and all rights and obligations contained in it are subject to any requirements and limitations or applicable laws. Plaintiff's mortgage is governed by the Ohio and U.S. Constitutions and existing Federal and Ohio laws and Bankruptcy law and Rules and Codes.

67.     11 U.S.C. § 524(a)(1) and (2) and 11 U.S.C. § 727(a)(1) and 11 U.S.C. § 1326(c) and 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9011 and Fed. R. Bankr. P. 3001(c)(1) and O.R.C. § 2329, et seq., and O.R.C. § 2329.02(H) and O.R.C. § 2329.191(B)(7) and the Ohio and U.S. Constitutions and other Federal and Ohio laws are Federal and Ohio laws and cannot be ignored and vacated and extinguished and nullified by State Defendants, who will be seriously found pecuniary liable to Plaintiff by the jury.

68. Plaintiff proffers the mortgage (Exhibit 14) for review as it was attached by Defendant CitiMortgage, Inc., on 07/10/2019, in its unsecured Proof of Claim 6-1 (Exhibit 14), while deceitfully in disguise misrepresenting and leading Plaintiff in the belief that State Defendants will not physically attack and forcibly entering Plaintiff's wholly satisfied property.

69. But on 11/29/2022, State Defendants willfully and under color of law in conjunction with the Government of Ohio dispatched five armed sheriff officers with drawn guns at the Government of Ohio's instructions to forcibly breaking into Plaintiff's home, against his wish and killing him and his son upon a physical contact with them; and looting their belongings and assets and memories and money, and taking and depriving and confiscating their real property, against their wish and without a valid real property's title transfer under O.R.C. § 2329, et seq., and Ohio statutes and without any just compensation, in violation of the Ohio and U.S. Constitutions and existing Federal and Ohio laws, knowingly that State Defendants lack any recorded certificate of judgment against Plaintiff's home under O.R.C. § 2329.02(H) and lack any lien against Plaintiff's home under O.R.C. § 2329.02(H) and under O.R.C. § 2323.07 and lack any Final Judicial Report under O.R.C. § 2329.191(B)(7); thus, the members of the jury will conclude that Plaintiff is a victim of an organized white-collar-crime scheme.

70. On 11/29/2022, State Defendants knew and ignored that they under color of law unlawfully and unconstitutionally ordered the assassination of a victim and honest and unfortunate and discharged skin colored Black Bankrupt Plaintiff an American Citizen, by enforcing the invalid and draconian and unlawful Supplemental Final Judicial Report, without the power to do it, purporting and pretending to enforcing written and proscribed Ohio statutes and existing Federal and Ohio laws and Bankruptcy law and Rules and Codes and 11 U.S.C. § 524(a)(1) and (2) and 11 U.S.C. § 727(a)(1) and 11 U.S.C. § 1326(c) and 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9011 and Fed. R. Bankr. P. 3001(c)(1) and O.R.C. § 2329, et seq., and O.R.C. § 2329.02(H) and O.R.C. § 2329.191(B)(7) and the Ohio and U.S. Constitutions and O.R.C. § 2323.07, without all subject-matter jurisdictions.

71. State Defendants did not object they knowingly enforced the invalid and draconian and unlawful Supplemental Final Judicial Report, against Plaintiff, without the power to do it, for the purpose to defraud 100% equity of the fair market value of Plaintiff's real property, against his wish, by eliminating and extinguishing Plaintiff's Bankruptcy protection for a fresh start under 11 U.S.C. § 524(a)(1), in violation of U.S. Congress' act and intention under 11 U.S.C. § 524(a)(1).

72. The U.S. Supreme Court had made clear that Plaintiff's property interests protected by procedural due process under the 14th Amendment to U.S. Constitution extend well beyond actual

18

ownership of real estate. See, *Connell v. Higginbotham*, 403 U. S. 207, 208; *Bell v. Burson*, supra; *Goldberg v. Kelly*, supra. The State of Ohio requires state employees to affirm that they "will support the Constitution of the United States and of the State of Ohio and of public office." State Defendants willfully acted in bad faith under color of law by rejected all existing laws against Plaintiff.

73.     Article XV, Section 7: Oath of officers provides as follows:

> Every person chosen or appointed to any office under this state, before entering upon the discharge of its duties, shall take an oath or affirmation, to support the Constitution of the United States, and of this state, and also an oath of office.

74.     But on 11/29/2022, Defendant Governor of Ohio Richard Michael DeWine; and Defendant Ohio Attorney General David Anthony Yost; and Defendant CitiMortgage, Inc.; and Defendant First American Title Insurance Company; and Defendant Padgett Law Group; and Defendant Attorney Ellen L. Fornash; and Defendant Attorney Jacqueline M. Wirtz; and Defendant Attorney Bethany L. Suttinger; and Defendant Honorable Justice Daniel R. Hawkins; and Defendant Honorable Chief Justice Sharon L. Kennedy; and Defendant Honorable Judge David J. Leland; and Defendant Honorable Judge Julia L. Dorrian; and Defendant Honorable Judge Kristin Boggs' draconian and unconstitutional enforcement of the invalid and draconian and unconstitutional Supplemental Final Judicial Report against Plaintiff is not an act to support the Ohio and U.S. Constitutions and of public office, by dispatching five armed sheriff officers with the Ohio Government's instructions to forcibly breaking into Plaintiff's home, against his wish and killing him and his son upon a physical contact with them; knowingly that they under color of law ordered the assassination of a victim and honest and unfortunate and discharged Bankrupt Plaintiff an American Citizen, unconstitutionally without the power to do it. Plaintiff will demand the members of the jury to award Plaintiff a huge amount.

75.     Plaintiff's mortgage provides specifically in pertinent part on page 9 of 12, at *Id.* ¶ 16 that:

> "**{16}** Governing law; Severability; Rules of Construction: This security instrument shall be governed by **federal law and the law of the jurisdiction in which the property is located**. All rights and obligations contained in this security instrument are subject to any requirements and limitations or applicable laws."

76.     In this suit, State Defendants knew and disregarded and concealed and ignored that Plaintiff's mortgage is governed by Federal and Ohio law and Franklin County, Ohio's Court of Common Pleas' local rules, for their purpose to eliminate 11 U.S.C. § 524(a)(1) and (2) and 11 U.S.C. § 727(a)(1) and 11 U.S.C. § 1326(c) and 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9011 and Fed. R. Bankr. P.

3001(c)(1) and O.R.C. § 2329, et seq., and O.R.C. § 2329.02(H) and O.R.C. § 2329.191(B)(7) and the Ohio and U.S. Constitutions and O.R.C. § 2323.07, without all subject-matter jurisdictions.

77.     State Defendants knew and should have known and disregarded and concealed which existing Federal and Ohio laws allowed its enforcement of the invalid and nullity and draconian Supplemental Final Judicial Report, against Plaintiff and his satisfied home; and concealed to state that Plaintiff's mortgage's governed by Federal and Ohio law and Franklin County, Ohio's Court of Common Pleas' local rules **did not allow** its enforcement of the invalid and nullity and draconian 07/15/2020, Supplemental Final Judicial Report on 11/29/2022, against Plaintiff and his home.

78.     Under the unambiguous provisions of Plaintiff's mortgage (Exhibit 14), State Defendants knew and should have known and disregarded and concealed to state which Federal and Ohio laws **governed** its enforcement of the invalid and nullity and draconian 07/15/2020, Supplemental Final Judicial Report (Exhibit 5) on 11/29/2022, against Plaintiff and his home.

79.     Under the unambiguous provisions of Plaintiff's mortgage, State Defendants knew and should have known and disregarded and concealed to state which Federal and Ohio laws permitted the 11/29/2022, unlawful and devastating and unconstitutional and draconian taking and deprivation and confiscation of Plaintiff's satisfied real property, against his wish, in a violation of 11 U.S.C. § 524(a)(1) and (2) and 11 U.S.C. § 727(a)(1) and 11 U.S.C. § 1326(c) and Fed. R. Bankr. P. 9011 and Fed. R. Bankr. P. 3001(c)(1) and O.R.C. § 2329, et seq., and O.R.C. § 2329.02(H) and O.R.C. § 2329.191(B)(7) and the Ohio and U.S. Constitutions and other Federal and Ohio laws, under its enforcement of the invalid and nullity and draconian 07/15/2020, Supplemental Final Judicial Report? There is none! The U.S. Federal District Court is compelled and bound to timely return to Plaintiff his satisfied and unlawfully and unconstitutionally taken and deprived and confiscated home, without a valid title transfer under O.R.C. § 2329, et seq., to protect Plaintiff's 14th Amendment to U.S. Constitution right to own and possess and occupy and enjoy living in his satisfied real property.

80.     This suit cannot settle outside the Federal judicial system until the invalid and draconian and unlawful 07/15/2020, is declared unconstitutional and barred and declared prohibited by a Federal Court of jurisdiction competence to protect people's civil right to homeownership, which are granted and warranted and secured by the U.S. Constitution; hence, Plaintiff will continue to valiantly fight this uphill battle to the highest ranking Federal Government officials and by invocation of people's power.

81.     The Appeal Court's record before State Defendants in the 10th District Court of Appeals in consolidated Appeal Case No. 2022-AP-000464 shows as follows:

20

This "first impression" legal issues that affect the Appellant directly in the State of Ohio's Courts, affect nationwide minority and underprivileged homeowners indirectly, who need to grapple with the underlying causes in this Amended Brief. It is unfortunate that a manifestation will be organized and will take place in Franklin County, Ohio but it is even more unfortunate that the City of Columbus's white power structure left the minority and underprivileged homeowners, not limited to the Negro community with no alternative. In the imminent nonviolent manifestation, there will be few basic steps: displaying of the facts to prove injustices exist in Ohio Courts; request of redress and justice; and direct actions.

There can be no gainsaying the fact that racial injustice engulfs this Franklin County community. The minority and underprivileged homeowners, not limited to the Negroes have experienced grossly unjust treatment in the Courts; hence, oppressed people cannot remain oppressed forever.

While suffering gross injustice, this matter should be timely reported to the media, because the Ohio Bankruptcy Court's system was abolished, and the Bankruptcy Court's Injunction Orders of Discharge were vacated and extinguished and were decried as worthless with no legal power. Some judges in the State of Ohio do not follow the U.S. Congress' act and intention and the Federal Bankruptcy law and Rules and Codes, not limited to 11 U.S.C. § 524 and 11 U.S.C. § 727 and 11 U.S.C. § 1326(c) and the Fed. R. Bankr. P. 3001(c) and Rule 9011 and Rule 3001(c)(2)(D)(i), in order to cause the imminent and unlawful and unconstitutional death of the victim and innocent and underprivileged and honest but unfortunate homeowner Negro Appellant by the Sheriff and the Ohio's law enforcement officers, for having paid off entirely his residential real property, as this is a continuation of *white-collar-crime* and *white-supremacy-crime* and *under-color-of-law* and *white-supremacy-oppression*.

82.    Plaintiff attached Exhibit 29 to factually substantiate that Joseph Speetjens, who prepared the Certificate of Notice on 11/23/2019, (Exhibit 29), will testify under the penalty of perjury that Defendant Ohio Attorney General David Anthony Yost was regularly on notice of Plaintiff's 05/01/2019, Bankruptcy Case No. 2:19-bk-52868, and possessed and was owner and custodian of Plaintiff's 11/21/2019, Bankruptcy Court Injunction Order of Discharge, but he under color of law ignored his duty to care, when Plaintiff needed it, when State Defendants extinguished existing Federal and Ohio laws and the Ohio and U.S. Constitutions and Bankruptcy law and Rules and Codes against Plaintiff, without the power to do it. Plaintiff needed existing Federal and Ohio laws and the Ohio and U.S. Constitutions and Bankruptcy law and Rules and Codes for the protection of his dependents, which were unavailable to Plaintiff as a direct and proximate cause of Defendants. This uphill legal battle is worth fighting for a nationwide public interest and confidence in the integrity of the Ohio and Federal Judicial Systems, for the protection of their fundamental civil rights to real property ownerships and right to life and pursuit of happiness and financial freedom.

83.     State Defendants did not allege they unlawfully and fraudulently and unconstitutionally enforced against Plaintiff the invalid Supplemental Final Judicial Report, to establish in disguise subject-matter jurisdiction over Plaintiff and his home; but they unsuccessfully want the U.S. Federal District Court to dismiss Plaintiff's Complaint and deny Plaintiff's Motion (ECF Doc. # 10) without producing any evidence, for the continuation of their white-collar financial crime to take and deprive and confiscate homeowners' real properties.

84.     State Defendants ignored that Defendant CitiMortgage, Inc., extinguished and vacated and nullified and invalidated all existing Federal and Ohio laws and the Ohio and U.S. Constitutions and Bankruptcy law and Rules and Codes for the purposes to under color of law enforce lawlessness of the invalid and draconian and unconstitutional Supplemental Final Judicial Report, against Plaintiff for their defrauding of 100% equity of the fair market value of Plaintiff's wholly satisfied; and paid off entirely; and unmortgaged; and unencumbered residential real property, without a valid real property title transfer under Ohio law and without any just compensation, which is a violation of Plaintiff's fundamental civil rights, which are granted by the Ohio and U.S. Constitutions.

85.     Contrary to the U.S. Supreme Court's established decisions in precedents *Connell v. Higginbotham*, 403 U. S. 207, 208; *Bell v. Burson*, supra; and *Goldberg v. Kelly*, supra, which held that Plaintiff's property interest's protected by procedural due process under the 14th Amendment to U.S. Constitution extends well beyond actual ownership of real estate. See, *Connell v. Higginbotham*, 403 U. S. 207, 208; *Bell v. Burson*, supra; *Goldberg v. Kelly*, supra; therefore, Defendant CitiMortgage, Inc., contradicted the U.S. Supreme Court's established decisions in precedents *Connell v. Higginbotham*, 403 U. S. 207, 208; *Bell v. Burson*, supra; and *Goldberg v. Kelly*, supra, and enforced lawlessness of the invalid and draconian and unconstitutional Supplemental Final Judicial Report, against Plaintiff, to extinguish Plaintiff's property interest's protected by procedural due process under the 14th Amendment to U.S. Constitution, which extends well beyond actual ownership of real estate.

86.     State Defendants ignored that Defendant CitiMortgage, Inc., concealed and did not state the constitutionally of the lawless and invalid and draconian and unconstitutional and unlawful and nullity Supplemental Final Judicial Report; and did not state how it **doesn't meet** the condition precedent for the enforcement of the statutory mandate under O.R.C. § 2323.07, under Ohio Foreclosure laws.

87.     State Defendants knew the lawless and invalid and draconian and unconstitutional and unlawful and nullity Supplemental Final Judicial Report **doesn't meet** the conditions precedent for the

enforcement of the statutory mandate under O.R.C. § 2323.07 and under O.R.C. § 2329.31(A). State Defendants under color of law ignored that O.R.C. § 2329.31(A) provides that:

> (A) Upon the return of any writ of execution for the satisfaction of which lands and tenements have been sold, on careful examination of the proceedings of the officer making the sale, if the court of common pleas finds that the sale was made, in all respects, **in conformity with sections 2329.01 to 2329.61 of the Revised Code**, it shall, within thirty days of the return of the writ, direct the clerk of the court of common pleas to make an entry on the journal that the court is satisfied of the legality of such sale.

88.     It is undisputed that State Defendants knew and ignored written Ohio statutes and existing Federal and Ohio laws, to under color of law decline their duties to care, against Plaintiff.

89.     State Defendants ignored that Defendant CitiMortgage, Inc., concealed and did not oppose it enforced on 11/29/2022, its 07/15/2020, lawless and invalid and draconian and unconstitutional and unlawful and nullity Supplemental Final Judicial Report, against Plaintiff, which is not authorized under any existing Federal and Ohio law and the Ohio and U.S. Constitutions and Bankruptcy law and Rules and Codes; and which is not provided and not authorized under O.R.C. § 2329.1919(B)(7).

90.     State Defendants concealed that Defendant CitiMortgage, Inc., concealed and did not oppose it violated O.R.C. § 2323.07 and O.R.C. § 2329.1919(B)(7) and O.R.C. § 2329.02(H) and O.R.C. § 2329, et seq., and 11 U.S.C. § 524(a) and 11 U.S.C. § 727(a)(1) and 11 U.S.C. § 1326(c) and Fed. R. Bankr. P. 9011 and the Ohio and U.S. Constitutions and the 4th and 5th and 8th and 14th Amendments to U.S. Constitution; and it violated Plaintiff's Ohio and U.S. constitutional rights to own and buy and pay off entirely and possess and transfer and occupy and enjoy living in his real property; and violated Plaintiff's son right to life; and violated Plaintiff's right to happiness and enjoy life and enjoy family companionship with his son, which are granted and warranted and secured and provided by the U.S. Constitution and Federal laws. State Defendants are guilty for seriously wronging Plaintiff.

91.     To accomplish their unlawful financial enrichment, State Defendants acted under color of law outside the Ohio and U.S. Constitutions and outside of existing Federal and Ohio laws; and outside of Bankruptcy law and Rules and Codes, and willfully and knowingly violated existing Federal and Ohio laws and the Ohio and U.S. Constitutions and Bankruptcy law and Rules and Codes, including violating O.R.C. § 2329, et seq.; O.R.C. § 2329.02; and O.R.C. § 2329.191(B)(7); and 11 U.S.C. § 524(a) and 11 U.S.C. § 727(a) and 11 U.S.C. § 1326(c) and Fed. R. Bankr. P. 9011 and Fed. R. Bankr. P. 3001(c)(1), to affect Plaintiff and his son by publicly "pretending" to show under color of law and dishonestly and misleadingly a compliance under O.R.C. § 2323.07, to cause the 09/02/2024, tragic

and horrible and premature death of Plaintiff's son U.S. Marine Simeon Underhill Bihesi, in Forest Park, in Chicago, in the State of Illinois.

92.     Plaintiff is the biological father of U.S. Marine Simeon Underhill Bihesi, and Plaintiff proffers U.S. Marine Simeon Underhill Bihesi's birth certificate showing Plaintiff's name (Exhibit 6 and 8); thus, Plaintiff is the administrator of the estate of his deceased son U.S. Marine Simeon Underhill Bihesi (Exhibit 8).

93.     State Defendants are liable to Plaintiff under the inherent power of the U.S. Federal District Court and the All-Writs Act under 28 U.S.C. § 1651(a) power of the U.S. Federal District Court and 42 U.S.C. § 1983 and 11 U.S.C. § 105(a) and other Federal Statutes and Ohio laws, for under color of law willfully and knowingly enforcing the draconian Supplemental Final Judicial Report against Plaintiff and violation of the 4th and 5th and 8th and 14th Amendments to U.S. Constitution; and violation of Plaintiff's civil rights to possess his home, which are granted under the Ohio and U.S. Constitutions.

94.     Knowingly and disregarding to adhering to the U.S. Supreme Court's decision in *Scheuer v. Rhodes*, 416 U.S. 232-Supreme Court (1974); that Plaintiff is entitled to be heard by way of summary judgment or by trial on the merit more fully than it is possible on State Defendants' premature and frivolous and unwarranted and unsupported Response, prior to the availability of the evidence sufficiency; and without attaching or showing or submitting or proffering a statutory Certificate of Judgment under O.R.C. § 2329.02(H), that was not filed in Foreclosure Case No. 2010-CV-09-13480, against Plaintiff; and that was not filed with the County Recorder in Franklin County, Ohio Recorder's Office, on the title record of Plaintiff's home; and without attaching or showing or submitting or proffering a statutory Final Judicial Report under O.R.C. § 2329.191(B)(7), that was not filed in Foreclosure Case No. 2010-CV-09-13480, against Plaintiff; and that was not filed with the Clerk of Court of Franklin County, Ohio Court of Common Pleas; and without attaching or showing or submitting or proffering an *in-rem* judicial or justiciable lien with a mention *in-rem* on its face, as required by Ohio law, against Plaintiff's home that survived Bankruptcy and that passed through Bankruptcy and that passed through 11 U.S.C. § 524(a)(1) and that was not automatically void *ab-initio* at any time obtained *post-discharge* under 11 U.S.C. § 524(a)(1).

95.     Consequently, because State Defendants and Defendant CitiMortgage, Inc., lack any evidence to rebut or refute or disprove Plaintiff's allegations in the Complaint and Plaintiff's evidence that are in favor of Plaintiff and that are against State Defendants and Defendant CitiMortgage, Inc.; thus, State Defendants and Defendant CitiMortgage, Inc., under color of law in disguise are instigating and

inducing the U.S. Federal District Court to allow it to escape and evade Plaintiff's evidence and supported allegations in the Complaint.

96.     Under Ohio law, the Ohio Constitution is the state's highest law superseding all others. The Ohio statutes known as Ohio Revised Codes (O.R.C.) are the codified laws of the State of Ohio. Under Ohio foreclosure law, O.R.C. § 2329.191(B)(7) and O.R.C. § 2329.02(H) and O.R.C. § 2329, et seq., provide for the conditions precedents prior to enforcing O.R.C. § 2323.07. State Defendants are owners and keepers and custodians and enforcers of the Ohio and U.S. Constitutions and Ohio laws and statutes and obligated to correctly enforce Bankruptcy law and Rules and Codes. State Defendants denied and ignored to do that and acted outside existing Federal and Ohio laws and outside of justice and outside the practice of the legal profession.

97.     Under Ohio law, the Ohio Constitution being the state's highest law superseding all others; therefore, State Defendants and Defendant CitiMortgage, Inc., has the burden to materially show or produce or provide or submit or forward or proffer some evidence showing how they complied with the Ohio statutes guiding and controlling Foreclosure Case No. 2010-CV-09-13480, against victim discharged Bankrupt Plaintiff, and providing for the conditions precedents prior to enforcing O.R.C. § 2323.07, and to show its compliance under Ohio foreclosure law, to the mandatory statutory compliance under O.R.C. § 2329.191(B)(7) and O.R.C. § 2329.02(H) and O.R.C. § 2329, et seq.

98.     Thus, State Defendants and Defendant CitiMortgage, Inc., complied specifically with its unconstitutional and unlawful and draconian enforcement of its 07/15/2020, invalid Supplemental Final Judicial Report, against a victim of *white-collar-crime* and honest but unfortunate discharged Bankrupt minority and skin colored Black Plaintiff and homeowner of his wholly satisfied; and paid off entirely; and unmortgaged; and unencumbered residential real property.

99.     State Defendants and Defendant CitiMortgage, Inc., lacks a Final Judicial Report under O.R.C. § 2329.191(B)(7); and lacks a Certificate of Judgment under O.R.C. § 2329.02(H); and lacks an *in-rem* judicial lien with a mention *in-rem* on its face under O.R.C. § 2329.02(H), against Plaintiff's real property, as a matter of law and the facts.

100.    The U.S. Federal District Court is expeditiously compelled and bound by law in compliance to the U.S. Constitution to issue an emergency Order to return Plaintiff's satisfied residential real property, reasonably and lawfully without a hearing or a jury trial.

101.    As victim of *white-collar-crime* and honest but unfortunate discharged Bankrupt minority and skin colored Black Plaintiff and homeowner; thus, discharged Bankrupt Plaintiff has right to life and

should not be chased and hunted down to be killed for buying and paying off and occupying his real property, and for being granted his 11/21/2019, Bankruptcy Court Injunction Order of Discharge; knowingly that Plaintiff had his Ohio and U.S. constitutional rights to own and possess and buy and occupy his real property; knowingly that Plaintiff had his fundamental civil rights to seek his 11/21/2019, Bankruptcy Court Injunction Order of Discharge and to get his Bankruptcy relief for a financial Fresh Start, which are granted by the U.S. Constitution.

102.    The uncovered and unambiguous and ultimate reality is State Defendants and Defendant CitiMortgage, Inc., had fraudulently orchestrated and manipulated and maneuvered an under color of law white-supremacist and above the law cat in a conspiracy of white-collar-crime to extinguishing existing written Federal and Ohio laws and the Ohio and U.S. Constitutions and Bankruptcy law and Rules and Codes, to wronging Plaintiff by taking and depriving and confiscating his satisfied real property, against his wish and without any just compensation in a violation of the 5th and 8th and 14th Amendments to U.S. Constitution, by violating Plaintiff's fundamental civil rights to own and buy and possess and occupy and enjoy living in his real property, and his right to life and pursuit of happiness, which are granted by the Ohio and U.S. Constitutions. State Defendants and Defendant CitiMortgage, Inc.'s under color of law acts to extinguish the law for their financial purpose to take and deprive and confiscate Plaintiff's satisfied home violated Plaintiff's civil right to occupy his home.

103.    State Defendants ignored that Defendant CitiMortgage, Inc., concealed that under Ohio foreclosure laws, O.R.C. § 2329.191(B)(7) must be enforced prior to the Court's issuing of a Foreclosure Decree and prior to enforcing O.R.C. § 2323.07. *TPI Asset Mgt., L.L.C. v. Ealey*, 2015-Ohio-740; *GMAC Mgt., L.L.C. v. Jacobs*, 196 Ohio App.3d 167, 172-73, 2011-Ohio-1780, (9th Dist.); *Home Fed. S. & L. Assn. of Niles v. Keck*, 2016-Ohio-651; *McClung v. McClung*, 2004-Ohio-240; *CitiMortgage, Inc. v. Wiley*, 2016-Ohio-5902; Local. R. 96 of Franklin County, Ohio Court of Common Pleas. In its Response, State Defendants ignored that Defendant CitiMortgage, Inc., concealed that O.R.C. § 2329.191(B) provides as follows:

> (B) In every action demanding the judicial sale of residential real estate consisting of one to four single-family units, the party seeking that judicial sale shall file with the clerk of the court of common pleas within fourteen days after filing the pleadings requesting relief a preliminary judicial report on a form that is approved by the department of insurance that is prepared and issued by a duly licensed title insurance agent on behalf of a licensed title insurance company or by a title insurance company that is authorized by the department of insurance to transact business in this state. The preliminary judicial report shall be effective within thirty days prior to the filing of the complaint or other pleading requesting a judicial sale and shall include at least all of the following:

26

(1) A legal description of each parcel of real estate to be sold at the judicial sale;

(2) The street address of the real estate or, if there is no street address, the name of the street or road upon which the real estate fronts together with the names of the streets or roads immediately to the north and south or east and west of the real estate;

(3) The county treasurer's permanent parcel number or other tax identification number of the real estate;

(4) The name of the owners of record of the real estate to be sold;

(5) A reference to the volume and page or instrument number of the recording by which the owners acquired title to the real estate;

(6) A description of the record title to the real estate; however, easements, restrictions, setback lines, declarations, conditions, covenants, reservations, and rights-of-way that were filed for record prior

(7) The name and address of each lienholder and the name and address of each lienholder's attorney, if any, as shown on the recorded lien of the lienholder.

**Prior to submitting any order or judgment entry to a court that would order the sale of the residential real estate, the party submitting the order or judgment entry shall file with the clerk of the court of common pleas a final judicial report that updates the state of the record title to that real estate** from the effective date of the preliminary judicial report through the date of *lis-pendens* and includes a copy of the court's docket for the case. The cost of the title examination necessary for the preparation of both the preliminary judicial report and the final judicial report together with the premiums for those reports computed as required by the department of insurance, based on the fair market value of the real estate, or in the case of a foreclosure, the principal balance of the mortgage or other lien being foreclosed on or any other additional amount as may be ordered by the court shall be taxed as costs in the case.

104.    Because this suit is under 42 U.S.C. § 1983 for the violation of the 4th and 5th and 8th and 14th Amendments to U.S. Constitution and Federal laws and violation of the Ohio and U.S. Constitutions and the violation of Ohio laws and statutes; hence, to affect Plaintiff, pertaining to the mandatory statutory compliance pursuant to O.R.C. § 2329.191, State Defendants and Defendant CitiMortgage, Inc., negligently, wrongfully, unlawfully, unconstitutionally, recklessly and maliciously in bad faith, under color of law ignored and concealed that the court held in *Home Fed. S. & L. Assn. of Niles v. Keck*, 2016-Ohio-651 (see Appendix B) as follows:

{¶ 11} In the conclusions of law, the magistrate concluded the corrected preliminary judicial report was not a final judicial report as required by O.R.C. § 2329.191, finding it did not update the status of title or include a copy of the court's docket. **The magistrate found this deficiency rendered the foreclosure decrees void as there was no foreclosure decree remaining, the order confirming the sale was also declared void**…

105.    Because this suit is under 42 U.S.C. § 1983 for the violation of the 4th and 5th and 8th and 14th Amendments to U.S. Constitution and Federal laws and violation of the Ohio and U.S. Constitutions

27

and the violation of Ohio laws and statutes; hence, State Defendants and Defendant CitiMortgage, Inc.'s knew and rejected and concealed that it is established in Franklin County, Ohio by the 10th District Court of Appeals' decision in *TPI Asset Mgt., L.L.C. v. Ealey*, 2015-Ohio-740 (see Appendix C) that a "**Final Judicial Report**" must be filed under O.R.C. § 2329.191(B)(7) and not a draconian Supplemental Final Judicial Report that is not provided under the Ohio and U.S. Constitutions and existing Federal and Ohio laws. The 10th District Court of Appeals decided in *TPI Asset Mgt., L.L.C. v. Ealey*, 2015-Ohio-740 that:

> {¶ **2**} O.R.C. § 2329.191(B) requires the filing of preliminary and final judicial reports in foreclosure actions. The preliminary report must contain the property's legal description, address,… and the names and addresses of lienholders. O.R.C. § 2329.191(B)(1) through (7).

> {¶ **3**} The statute further provides that:

>> **Prior to submitting any order or judgment entry to a court that would order the sale of the residential real estate, the party submitting the order or judgment entry shall file with the clerk of the court of common pleas a Final Judicial Report that updates the state of the record title to that real estate from the effective date of the Preliminary Judicial Report** through the date of *lis-pendens* and includes a copy of the court's docket for the case. The cost of the title examination necessary for the preparation of both the Preliminary Judicial Report and the Final Judicial Report… as costs in the case. O.R.C. § 2329.191(B)(1) through (7).

> {¶ **4**} The purpose of the Final Report is to update the state of the record title to the property at issue. O.R.C. § 2329.191(B). The legislature's decision to include this mandatory language in the statute evidences the legislature's understanding of the importance of establishing a definitive record of title in a foreclosure action prior to the ultimate sale or disposition of the property. *GMAC Mgt., L.L.C. v. Jacobs*, 196 Ohio App.3d 167, 172-73, 2011-Ohio-1780, ¶ 22 (9th Dist.).

106.   Because this suit is under 42 U.S.C. § 1983 for the violation of the 4th and 5th and 8th and 14th Amendments to U.S. Constitution and Federal laws and the Ohio Constitution and the violation of Ohio laws and statutes; hence, a reasonable jurist or person and the U.S. Federal District Court and the F.B.I. should admit and conclude and affirm that State Defendants knew and rejected and negligently, wrongfully, unlawfully, unconstitutionally, recklessly, under color of law and maliciously in bad faith concealed that the Ohio Appellate Court held in *GMAC Mgt., L.L.C. v. Jacobs*, 196 Ohio App.3d 167, 172-73, 2011-Ohio-1780, ¶ 22 (9th Dist.) (see Appendix D) as follows:

> The final report is to be filed prior to the trial court's entry of judgment. O.R.C. § 2329.191(B)(7); Loc. R. 11.03. Here, GMAC filed a preliminary report with its complaint; however, **it did not file a final report**.

28

**{¶ 21} Assuming without deciding that the trial court may have permissibly ignored its own local rule requiring the filing of a final judicial report, it did not have discretion to ignore a statute containing that requirement.**

**{¶ 22} O.R.C. § 2329.191 requires the filing of preliminary and final judicial reports in foreclosure actions. The statute provides that "[p]rior to submitting any order or judgment entry to a court that would order the sale of the residential real estate, the party submitting the order or judgment entry shall file with the clerk of the court of common pleas a final judicial report * * *." O.R.C. § 2329.191(B).**

107.    Pursuant to the statutory compliance under O.R.C. § 2329.191(B)(7); hence, State Defendants and Defendant CitiMortgage, Inc., must show the evidence they used "prior to submitting any order or judgment entry to Franklin County, Ohio Court of Common Pleas, which ordered the sale of Plaintiff's satisfied and private residential real estate;" and must show which *in-rem* foreclosure judgment or decree, with a mention *in-rem* on its face, as required by Ohio laws.

108.    The U.S. Federal District Court and the F.B.I. and the members of the jury will find that State Defendants and Defendant CitiMortgage, Inc., lack any evidence of Final Judicial Report, which was not submitted to Franklin County, Ohio, and which was not filed with the Clerk of Court of Franklin County, Ohio Court of Common Pleas; consequently, a Final Judicial Report that updates the state of the record title to Plaintiff's real estate from 04/15/2010, the effective date of the Preliminary Judicial Report is unavailable, for the purpose to conceal Plaintiff's Bankruptcy records; and conceal the Chapter 13 Bankruptcy Trustee's payment under 11 U.S.C. § 1326(c); and conceal Plaintiff's 11/21/2019, Bankruptcy Court Injunction Order of Discharge under 11 U.S.C. § 727(a)(1); and conceal Plaintiff's Bankruptcy Schedule Official Form 108, which materially substantiate that Plaintiff's real property is wholly satisfied; and paid off entirely; and unmortgaged; and unencumbered, in corroboration to Defendant CitiMortgage, Inc.'s 07/10/2019, "unsecured" Proof of Claim 6-1 (Exhibit 14); hence, State Defendants' Response should be denied.

109.    Because this suit is under 42 U.S.C. § 1983 for the violation of the 4th and 5th and 8th and 14th Amendments to U.S. Constitution and Federal laws and the Ohio and U.S. Constitutions and the violation of Ohio laws and statutes; hence, a reasonable jurist or person and the U.S. Federal District Court and the F.B.I. and the members of the jury should admit and conclude and affirm that in their Response, State Defendants knew and rejected and negligently, wrongfully, unlawfully, unconstitutionally, recklessly, under color of law and maliciously in bad faith concealed that following the Court's decision in *GMAC Mgt., L.L.C. v. Jacobs*, 196 Ohio App.3d 167, 172-73, 2011-Ohio-1780,

¶ 22 (9th Dist.), it rejected and extinguished and nullified and vacated that O.R.C. § 2329.191 requires the filing of Preliminary and Final Judicial Reports in Ohio foreclosure actions and that the statute provides that prior to submitting any order or judgment entry to Franklin County, Ohio Court of Common Pleas, Defendant CitiMortgage, Inc., **"MUST"** file with the Clerk of the Court of Common Pleas a Final Judicial Report under O.R.C. § 2329.191(B)(7), without the authority to do it.

110.    State Defendants concealed and ignored that Defendant CitiMortgage, Inc., knew and rejected and negligently, wrongfully, unlawfully, unconstitutionally, recklessly, under color of law and maliciously in bad faith concealed and nullified and extinguished and vacated without the authority to do it that the Local Rule 96 of Franklin County, Ohio Court of Common Pleas, clearly and unambiguously provides in part as follows:

**Local Rule 96: Judicial Sales / Title Insurance Required**

**Loc. R. 96.01**
In every action demanding the judicial sale of one to four family residential real estate, the party or parties seeking such judicial sale shall file, within fourteen (14) days after the filing of the pleadings requesting such relief, **a commitment for an owner's policy of title insurance**, [which is called a Preliminary Judicial Report under O.R.C. § 2329.191(B)] on the currently revised ALTA owner's policy form prepared by a licensed "title insurance company" [in this suit First American Title Insurance Company under O.R.C. § 3953.01(c)] as that term is defined in Section 3953.01(c) of the Ohio Revised Code, showing: (i) the name of the owners of the property to be sold; (ii) a reference to the volume and page of the recording by which said owners acquired title to such real estate; (iii) a description of all exceptions to said owner's fee simple title and liens thereon; and (iv) the name and address, **as shown on the recorded lien**, of the lien holder(s).
Such commitment [also known as Preliminary Judicial Report] shall have an effective date within fourteen (14) days prior to the filing of the complaint or other pleading requesting judicial sale. Such commitment shall cover each parcel of real estate to be sold, shall be in "the amount of the successful bid at Sheriff's sale", shall show "purchaser at judicial sale" as the proposed insured, and shall not expire until 30 days after recordation of the Sheriff's Deed to such purchaser.

**Loc. R. 96.02**
**No later than thirty (30) days prior to the date set for such judicial sale, the party or parties submitting the same shall cause the original commitment to be updated by the issuer thereof to a date subsequent to the date of judgment, to ensure that all necessary parties are properly before the Court in the pending action…**

111.    State Defendants ignored that Defendant CitiMortgage, Inc., concealed that under Ohio foreclosure laws, O.R.C. § 2329.191(B)(7) must be enforced prior to Franklin County, Ohio Court of Common Pleas' issuing of a Foreclosure Decree on 11/15/2018, and prior to enforcing O.R.C. §

2323.07. State Defendants ignored that Defendant CitiMortgage, Inc., filed on 07/15/2020, its invalid Supplemental Final Judicial Report, against Plaintiff.

112.    State Defendants ignored that Defendant CitiMortgage, Inc., concealed that pursuant to Franklin County, Ohio Court of Common Pleas' Loc. R. 96.01, there is no factually shown recorded lien against Plaintiff and his property, and there is no factually shown lien holder on Plaintiff's home.

113.    State Defendants concealed and ignored that Defendant CitiMortgage, Inc., never filed its Certificate of Judgment under O.R.C. § 2329.02(H); Defendant CitiMortgage, Inc., never filed its Final Judicial Report under O.R.C. § 2329.191(B)(7); Defendant CitiMortgage, Inc., never complied with the provision under O.R.C. § 2323.07; consequently, Plaintiff should urgently get an Order returning back to him his wholly satisfied real property, which was maliciously in bad faith and unconstitutionally and unlawfully and wrongfully and deliberately taken and deprived and confiscated on 11/29/2022, against his wish, by the Government of Ohio, specifically the executive officials of the State of Ohio and the employees of the Government of the State of Ohio, who are guilty and liable to Plaintiff, in this suit. In their Response, State Defendants concealed that O.R.C. § 2329.02(H) provides as follows:

> No such judgment or decree shall be a lien upon any lands, whether or not situated within the county in which such judgment is rendered, registered under sections 5309.02 to 5309.98 and 5310.01 to 5310.21 of the Revised Code, "**until a CERTIFICATE under the hand and official seal of the clerk of the court**" in which the same is entered or of record, stating the date and purport of the judgment, giving the number of the case, the full names of the parties, plaintiff and defendant, the last known address that is not a post office box of each defendant, and the volume and page, or instrument number, of the journal or record in which it is entered, or a certified copy of such judgment, stating such facts, **is FILED and NOTED in the office of the county RECORDER of the county in which the land is situated**, and a memorial of the same is entered upon the register of the last certificate of title to the land to be affected.

114.    The U.S. Federal District Court and the F.B.I. and the members of the jury should find that no Certificate of Judgment pursuant to O.R.C. § 2329.02(H), was not under the hand and official seal of the Clerk of Court of Franklin County, Ohio Court of Common Pleas in which it was not entered on record, was not or was never filed and noted in the office of the County Recorder of Franklin County, Ohio Recorder's Office, in the title record of Plaintiff's satisfied real property. The U.S. Federal District Court and the F.B.I. and the members of the jury should expeditiously issue an Order to give back or return to Plaintiff, his wholly satisfied and paid off entirely residential real property.

115.    State Defendants concealed and ignored that Defendant CitiMortgage, Inc., concealed that under Ohio foreclosure laws, O.R.C. § 2329.191(B)(7) mandates that, "Prior to submitting any order or

31

decree or judgment entry to Franklin County, Ohio Court of Common Pleas, Defendant CitiMortgage, Inc., must file with the Clerk of the Court of Common Pleas a "**Final Judicial Report**."

116.    The U.S. Federal District Court and the F.B.I. and the impartial members of the jury will be told that State Defendants and Defendant CitiMortgage, Inc., never filed a statutory **Final Judicial Report under O.R.C. § 2329.191(B)(7)**, for the purpose of defrauding 100% equity of the fair market value of Plaintiff's wholly satisfied; and paid off entirely; and unmortgaged; and unencumbered real property, which is located at 2064 Worcester Court, Columbus, Ohio 43232; and for causing the tragic 09/02/2024, death of Plaintiff's son U.S. Marine Simeon Underhill Bihesi, in Chicago, in Illinois State.

117.    The U.S. Federal District Court and the F.B.I. and the impartial members of the jury should question why State Defendants and Defendant CitiMortgage, Inc., did not submit or did not forward a statutory Final Judicial Report under O.R.C. § 2329.191(B)(7), which is mandatory and statutorily required for filing in Defendant CitiMortgage, Inc.'s Ohio Foreclosure Action Case No. 2010-CV-09-13480, in Franklin County, Ohio Court of Common Pleas? Where is Final Judicial Report under O.R.C. § 2329.191(B)(7)? State Defendants will soon learn how damaging this matter is. State Defendants destroyed Plaintiff's reputation in his community and chased him out of his community.

118.    The U.S. Federal District Court and the F.B.I. and the impartial members of the jury should question why State Defendants and Defendant CitiMortgage, Inc., concealed and lacked and couldn't submit or couldn't forward a statutory Final Judicial Report under O.R.C. § 2329.191(B)(7), which is mandatory and statutorily required for filing without any exception in Defendant CitiMortgage, Inc.'s Ohio Foreclosure Action Case No. 2010-CV-09-13480 against Plaintiff, in Franklin County, Ohio Court of Common Pleas?

119.    The U.S. Federal District Court and the F.B.I. and members of the jury: you are asked where is Defendant CitiMortgage, Inc.'s Final Judicial Report under O.R.C. § 2329.191(B)(7), which was not filed on the record, in Franklin County, Ohio Court of Common Pleas?

120.    The U.S. Federal District Court and the F.B.I. and the impartial members of the jury should find and question why State Defendants' Response did not "explain or allege or rebut Plaintiff's allegations in the Complaint" why it concealed and lacked and couldn't submit or couldn't forward a statutory Final Judicial Report under O.R.C. § 2329.191(B)(7), which is mandatory and statutorily required for filing without any exception in Defendant CitiMortgage, Inc.'s Ohio Foreclosure Action Case No. 2010-CV-09-13480 against Plaintiff, in Franklin County, Ohio Court of Common Pleas?

121. The U.S. Federal District Court and the F.B.I. and members of the jury: you are tasked to materially find out the "**discriminatory treatment**" here in *CitiMortgage, Inc. v. Nyamusevya*, in which First American Title Insurance Company provided to Defendant CitiMortgage, Inc., an invalid and unconstitutional and unlawful and lawless and nullity and draconian 07/15/2020, "**Supplemental Final Judicial Report**," which Defendant CitiMortgage, Inc., enforced against Plaintiff; knowingly that it is not provided and not authorized under O.R.C. § 2329.191(B)(7), and that Plaintiff possessed 100% equity of the fair market value of his satisfied real property; while contrary on the other hand, in *CitiMortgage, Inc. v. Wiley*, 2016-Ohio-5902, First American Title Insurance Company provided to Defendant CitiMortgage, Inc., a statutory Final Judicial Report under O.R.C. § 2329.191(B)(7), which Defendant CitiMortgage, Inc., enforced against Wiley. Why this factual discriminatory treatment here? Defendant CitiMortgage, Inc.'s factual discriminatory treatment against Plaintiff violated the law.

122. The U.S. Federal District Court and the F.B.I. and members of the jury should find that under Ohio law, a Final Judicial Report under O.R.C. § 2329.191(B)(7) cannot be supplemented. There is no such thing as a Supplemental Final Judicial Report under Ohio law. A final judicial report is final indeed and cannot be supplemented. Enforcing a Supplemental Final Judicial Report is committing a fraud upon Franklin County, Ohio Court of Common Pleas.

<u>**Court's Subject Matter Jurisdiction Terminated by**</u>
<u>**Statutory Voidness and Injunction Under 11 U.S.C. § 524(a)(1) and (2)**</u>

123. After Plaintiff's real property was wholly satisfied; and paid off entirely; and unmortgaged; and unencumbered prior to 05/01/2019; thereafter, Plaintiff became a discharged Bankrupt on 11/21/2019, under 11 U.S.C. § 727(a)(1).

124. Defendant CitiMortgage, Inc., was granted on **11/15/2018**, it *pre-discharge* and *in-personam* Foreclosure Decree, which was without a mention *in-rem* on its face, and which was automatically and retro-actively void *ab-initio*, under 11 U.S.C. § 524(a)(1), at any time obtained on **11/15/2018**, by Plaintiff's **11/21/2019**, Bankruptcy Court Injunction Order of Discharge, convincingly and correctly and ultimately as a matter of law and the facts.

125. Defendant CitiMortgage, Inc., was barred to unlawfully and unconstitutionally enforce its **11/15/2018**, *pre-discharge* and *in-personam* Foreclosure Decree, which was without a mention *in-rem* on its face; and which was automatically and retro-actively void *ab-initio*, under 11 U.S.C. § 524(a)(1), at any time obtained on **11/15/2018**, as a matter of law and the facts.

126. Under Ohio law a real property cannot transfer in the absence of Ohio law. Under Ohio law, real property interest is provided and secured under Ohio law. Without factually complying with the conditions precedents to enforcing O.R.C. § 2323.07; consequently, State Defendants and Defendant CitiMortgage, Inc., were barred to claim any defense of the *Rooker-Feldman* Doctrine and *res-judicata*; and were barred to waste the U.S. Federal District Court and Plaintiff's resources.

127. Under Ohio law, the defense of the *Rooker-Feldman* Doctrine and *res-judicata* cannot and is not available to State Defendants and Defendant CitiMortgage, Inc., for not complying with O.R.C. § 2329.02(H) by lacking a Certificate of Judgment under O.R.C. § 2329.02(H); not complying with O.R.C. § 2329.191(B)(7) by lacking a Final Judicial Report under O.R.C. § 2329.191(B)(7); by lacking a *pre-discharge* and *post-discharge in-rem* Foreclosure Decree, which was without a mention *in-rem* on its face, which was not automatically and retro-actively void *ab-initio*, under 11 U.S.C. § 524(a)(1); and by lacking any factually recorded lien under Loc. R. 96.01 and under O.R.C. § 2329.02(H); and by lacking any justiciable controversy against Plaintiff and against his real property; and by violating Plaintiff's 11/21/2019, Bankruptcy Injunction Order of Discharge under 11 U.S.C. § 727(a)(1).

128. The U.S. Federal District Court, of necessity, must be able to ascertain the extent to which all Defendant CitiMortgage, Inc.'s *in-personam* judgments and Orders and Entries were automatically void *ab-initio* at any times obtained under 11 U.S.C. § 524(a)(1) as an essential element of determining Defendant CitiMortgage, Inc.'s *Rooker-Feldman* Doctrine defense claim and *res-judicata* claim, as Defendant Justice Daniel R. Hawkins: Franklin County, Ohio Court of Common Pleas factually lost and lacked all subject-matter jurisdictions over Plaintiff and his home effective prior to **05/01/2019**, before Plaintiff's **05/01/2019**, filing of his Bankruptcy petition Case No. 2:19-bk-52868, in which Defendant CitiMortgage, Inc., **was not scheduled** as a creditor of Plaintiff; and **was not schedule** as a secured creditor of Plaintiff; and **was not scheduled** as an unsecured creditor of Plaintiff.

129. State Defendants and Defendant CitiMortgage, Inc., did not show or offer or present or proffer or submit the evidence for claiming the *Rooker-Feldman* Doctrine defense claim and *res-judicata* claim, in compliance to Ohio and Federal laws, not limited to complying with 11 U.S.C. § 524(a)(1) and (2) and 11 U.S.C. § 727(a)(1) and Loc. R. 96.01 and O.R.C. § 2329.02(H) and O.R.C. § 2329.191(B)(7). All Defendant CitiMortgage, Inc.'s *in-personam* judgments and Orders and Entries were automatically void *ab-initio* at any times obtained under 11 U.S.C. § 524(a)(1), on **11/15/2018** and **08/01/2022**.

130.    Since Plaintiff became an honest but unfortunate discharged Bankrupt on 11/21/2019; hence,
State Defendants and Defendant CitiMortgage, Inc., lacked and did not show or present or proffer or
submit or forward any *pre-discharge* and/or *post-discharge in-rem* Foreclosure Decree and Orders,
which were with a mention *in-rem* on their faces, and which were not automatically and/or retro-
actively void *ab-initio*, under 11 U.S.C. § 524(a)(1); hence, without showing any evidence;
consequently, State Defendants and Defendant CitiMortgage, Inc., were barred and cannot claim the
*Rooker-Feldman* Doctrine defense claim and *res-judicata* claim, in compliance to Ohio and Federal
laws. Where Plaintiff had lost his son; consequently, there should not be gaming by or escape route
and abuse of process by State Defendants and Defendant CitiMortgage, Inc.

131.    State Defendants and Defendant CitiMortgage, Inc., under color of law purported and
pretended and targeted to extinguish and invalidate and nullify and conceal Plaintiff's 11/21/2019,
Bankruptcy Court Injunction Order of Discharge without the power to do it, in order to violate 11
U.S.C. § 524(a)(1), to under color of law purport and pretend to get jurisdiction by enforcing the
draconian Government of Ohio's 07/15/2020, Supplemental Final Judicial Report, knowingly that
Plaintiff and his son would be seriously hurt and injured and harmed, but State Defendants and
Defendant CitiMortgage, Inc., did it at their own risk of paying damages to Plaintiff, for his sufferings
and mental anguishes, ignoring and discarding that the B.A.P. (Bankruptcy Appellate Panel) of the 9th
Circuit Court of Appeals decided in In *re Pavelich* 229 B.R. 777 (B.A.P. 9th Cir. 1999) as follows:

> **The question in this appeal is whether a state court judgment can be collaterally attacked,
> or enjoined in enforcement, in federal court on the theory that it is void as violative of the
> bankruptcy discharge. We conclude that the bankruptcy court does have jurisdiction to
> enforce the discharge in the face of a contrary state court judgment.** The bankruptcy court's
> holding that it lacks such jurisdiction is REVERSED.
> A
> **By federal statute, any judgment of any court that does not honor the bankruptcy
> discharge is "void" to that extent. Specifically, a bankruptcy discharge "voids any
> judgment at any time obtained, to the extent that such judgment is a determination of the
> personal liability of the debtor with respect to any debt discharged under section 727**, or
> 1328 of this title, whether or not discharge of such debt is waived". 11 U.S.C. § 524(a)(1).
>
> **The discharge also operates as an injunction against the commencement or continuation
> of an action to collect a discharged debt as a personal liability of the debtor. 11 U.S.C. §
> 524(a)(2). Thus, all judgments purporting to establish personal liability of a debtor on a
> discharged debt, including judgments obtained after bankruptcy, are void to that extent.
> They are not voidable; they are void *ab-initio* as a matter of federal statute.**
> B

**The statutory voidness and statutory injunction created by § 524(a) operate to strip a state court of the subject matter jurisdiction to require a debtor to pay a discharged debt.**

132. Because State Defendants and Defendant CitiMortgage, Inc., knew Plaintiff became a honest but unfortunate and victim and blameless discharged Bankrupt; therefore, following the *Palvelich* Court In *re Pavelich* 229 B.R. 777 (B.A.P. 9th Cir. 1999); hence, on 11/29/2022, State Defendants and Defendant CitiMortgage, Inc., under color of law willfully knew and should have known and ignored that their statutorily subject-matter jurisdiction over Plaintiff and his home **terminated prior to 05/01/2019**, because Plaintiff's home was indisputably and factually and convincingly wholly satisfied and paid off entirely.

133. Since Plaintiff became an honest but unfortunate and victim and blameless discharged Bankrupt; thus, the statutory voidness and statutory injunction created by 11 U.S.C. § 524(a)(1) and (2) operates to strip State Defendants and Defendant CitiMortgage, Inc., of the subject-matter jurisdiction to under color of law and unconstitutionally take and deprive and confiscate Plaintiff's real property, without any factual lien against it.

134. State Defendants and Defendant CitiMortgage, Inc., lack and cannot show any enforceable *in-personam* or *in-rem* foreclosure judgment and Order of Sale, which survived 11 U.S.C. § 524(a)(1) - (2). There are none! Consequently, State Defendants and Defendant CitiMortgage, Inc., are barred and cannot claim the *Rooker-Feldman* Doctrine defense claim and *res-judicata* claim, in compliance to Ohio and Federal laws.

135. After pocketing the whole satisfaction of payments on its mortgage loan; thereafter, State Defendants and Defendant CitiMortgage, Inc., extinguished and nullified and disabled Plaintiff's 11/21/2019, Bankruptcy Court Injunction Order of Discharge on 11/29/2022, to under color of law enforce the invalid Supplemental Final Judicial Report to violate and escape the discharge voidness and injunction under 11 U.S.C. § 524(a)(1) and (2), ignoring that in In *re Pavelich* 229 B.R. 777 (B.A.P. 9th Cir. 1999) held as follows:

> **This necessarily places the bankruptcy court in the position of scrutinizing a state court judgment. The bankruptcy court, of necessity, must be able to ascertain the extent to which the judgment is void under § 524(a)(1)** as an essential element of determining whether the § 524(a)(2) discharge injunction has been violated. **The *Rooker-Feldman* doctrine does not compel a contrary conclusion**. Under that doctrine, inferior federal courts are precluded from reversing or modifying a state court judgment on the merits where the issues decided in the state court are "inextricably intertwined" with the federal issue before the federal court. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Ct.App. v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); 18 James

W. Moore, Moore's Federal Prac. § 133.30[3][c][ii] (3d ed. 1998); Charles A. Wright, Arthur R. Miller and Edward H. Cooper, 18 Federal Proc. Prac. § 4469 (1981 Supp. 1998).

136.    Since Defendant CitiMortgage, Inc.'s identity and address were "never" a matter of public record because of its lack of the Certificate of Judgment under O.R.C. § 2329.02(H), which was not filed with Franklin County, Ohio Recorder's Office; hence, Plaintiff's 100% interest of the fair market value in his real property was never extinguished. State Defendants and Defendant CitiMortgage, Inc., are liable to Plaintiff.

137.    State Defendants and Defendant CitiMortgage, Inc., should be barred to ignore that Plaintiff is a honest but unfortunate discharged Bankrupt under 11 U.S.C. § 727(a)(1), who factually paid off entirely and still own and possess his wholly satisfied; and paid off entirely; and unmortgaged; and unencumbered; private residential real property, which is located at 2064 Worcester Court, Columbus, Ohio 43232; consequently, pertaining to the real property, Defendant CitiMortgage, Inc.'s foreclosure litigations against Plaintiff starting from 09/14/2010, State Defendants and Defendant CitiMortgage, Inc., lack an *in-personam* and /or an *in-rem pre-discharge* and /or *post-discharge* Foreclosure Judgment or Decree and Order of Sales, in compliance with O.R.C. § 2329, et seq., and O.R.C. § 2329,02(H) and O.R.C. § 2323.191(B)(7) conditions precedents to enforcing O.R.C. § 2323.07; which were not automatically void *ab-initio* at any times obtained on 11/15/2018, (Exhibit 12) and on 08/01/2022, (Exhibit 10) and 07/06/2022, (Exhibit 11), under 11 U.S.C. § 524(a)(1).

138.    This suit was brought under 42 U.S.C. § 1983, for violation of U.S. constitutional civil rights for Plaintiff and his son, which are granted by the Ohio and U.S. Constitutions; hence, this suit is not an Ohio Foreclosure Action Case No. 2010-CV-09-13480, in which Defendant CitiMortgage, Inc., lacks any *in-personam* and /or an *in-rem pre-discharge* and /or *post-discharge* Foreclosure Judgment or Decree and Order of Sales, in compliance with O.R.C. § 2329, et seq., and O.R.C. § 2329,02(H) and O.R.C. § 2323.191(B)(7) conditions precedents to enforcing O.R.C. § 2323.07; **which were not automatically void *ab-initio*** at any times obtained on 11/15/2018, (Exhibit 12) and on 08/01/2022, (Exhibit 10) and 07/06/2022, (Exhibit 11), under 11 U.S.C. § 524(a)(1); hence, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) is inapplicable to this suit and thus is misplaced.

139.    To substantiate the failure of State Defendants and Defendant CitiMortgage, Inc.'s *Rooker-Feldman* Doctrine defense claim and *res-judicata* defense claim, which are unavailable here in this suit; therefore, the U.S. Federal District Court, should ascertain the extent to which all Defendant CitiMortgage, Inc.'s *in-personam* judgments and Orders of Sales were automatically void *ab-initio* at

any times obtained under 11 U.S.C. § 524(a)(1) as an essential element of determining Defendant CitiMortgage, Inc.'s *Rooker-Feldman* Doctrine defense claim and *res-judicata* claim, as Defendant Justice Daniel R. Hawkins: Franklin County, Ohio Court of Common Pleas factually lost and lacked all subject-matter jurisdictions over Plaintiff and his home effective prior to **05/01/2019**, before Plaintiff's **05/01/2019**, filing of his Bankruptcy petition Case No. 2:19-bk-52868, in which Defendant CitiMortgage, Inc., **was not scheduled** as a creditor of Plaintiff; and **was not schedule** as a secured creditor of Plaintiff; and **was not scheduled** as an unsecured creditor of Plaintiff, In *re Pavelich* 229 B.R. 777 (B.A.P. 9th Cir. 1999). State Defendants and Defendant CitiMortgage, Inc., lacks any *in-personam* and /or an *in-rem pre-discharge* and /or *post-discharge* Foreclosure Judgment or Decree and Order of Sales, in compliance with O.R.C. § 2329, et seq., and O.R.C. § 2329,02(H) and O.R.C. § 2323.191(B)(7) conditions precedents to enforcing O.R.C. § 2323.07; **which were not automatically void *ab-initio*** at any times obtained on 11/15/2018, (Exhibit 12) and on 08/01/2022, (Exhibit 10) and 07/06/2022, (Exhibit 11), under 11 U.S.C. § 524(a)(1); hence, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) is inapplicable to this suit and thus is misplaced.

140.     The Ohio Legislature on 09/11/2008 enacted Ohio House Bill 138 - 127th General Assembly, which provided for the Ohio Revised Code Section 2323.07 Sale of foreclosed property, known as O.R.C. § 2323.07, which in pertinent part "conditionally" mandates as follows:

> When a mortgage is foreclosed or **a specific lien enforced**, a sale of the property, or a transfer of property pursuant to sections 323.28, 323.65 to 323.78, and 5721.19 of the Revised Code, shall be ordered by the court having jurisdiction or the county board of revision with jurisdiction pursuant to section 323.66 of the Revised Code.

141.     To substantiate the failure of State Defendants and Defendant CitiMortgage, Inc.'s *Rooker-Feldman* Doctrine defense claim and *res-judicata* claim, without a showing or presentation of the evidence of enforceable judicial lien under O.R.C. § 2329.02(H) against Plaintiff's satisfied real property; thus, the U.S. Federal District Court and the F.B.I. and the members of the jury should find that O.R.C. § 2323.07 specifically requires that a specific lien be enforced, as a condition precedent to a sale of the real property, or a transfer of the real property; consequently, State Defendants and Defendant CitiMortgage, Inc., factually lacks any recorded and enforceable judicial lien under O.R.C. § 2329.02(H) against Plaintiff's real property.

142.     Hence, O.R.C. § 2323.07 is barred and cannot be enforced against Plaintiff and cannot be enforced against Plaintiff's satisfied real property for a factual lack of enforceable proof. The burden of showing or proffering or presenting the evidence of enforceable proof lies upon and against State

Defendants and Defendant CitiMortgage, Inc., who factually lacks any recorded judicial lien enforceable under O.R.C. § 2329.02(H) against Plaintiff's satisfied real property, because there is none. Under O.R.C. § 2329.02(H) Plaintiff's real property is wholly satisfied; and paid off entirely; and unmortgaged; and unencumbered, indisputably and convincingly as a matter of law and the facts.

143.     State Defendants and Defendant CitiMortgage, Inc., should be assured that this suit is heading into a jury trial, because the evidence sufficiency for the preparedness of Motions for Summary Judgment is unfeasible and is burdensome; thus, beforehand Plaintiff specifically and ultimately demanded a trial by a jury.

144.     State Defendants and Defendant CitiMortgage, Inc., factually lacks any recorded specific judicial lien enforceable under O.R.C. § 2329.07 against Plaintiff's satisfied real property, because there is none recorded and enforceable under O.R.C. § 2329.02(H), against Plaintiff's satisfied real property; consequently, the U.S. Federal District Court should dismiss Defendant CitiMortgage, Inc.'s *Rooker-Feldman* Doctrine defense claim and *res-judicata* claim, for failing to showing or presenting the evidence of a judicial lien enforceable under O.R.C. § 2329.02(H) against Plaintiff's real property.

145.     In this suit under 42 U.S.C. § 1983, Plaintiff's question to the U.S. Federal District Court and the F.B.I. and the members of the jury is "Under O.R.C. § 2329.07 and under O.R.C. § 2329.02(H), where is State Defendants and Defendant CitiMortgage, Inc.'s recorded evidence for a lien against Plaintiff's satisfied real property? There is none. State Defendants and Defendant CitiMortgage, Inc., factually lacks any recorded specific judicial lien enforceable under O.R.C. § 2329.07 against Plaintiff's satisfied real property, because there is none recorded and enforceable under O.R.C. § 2329.02(H), against Plaintiff's satisfied real property.

146.     State Defendants and Defendant CitiMortgage, Inc., as officer of the Court ignored to take care and prevent harm to Plaintiff, when called upon it and for under color of law without all subject-matter jurisdictions against honest but unfortunate discharged Bankrupt Plaintiff, enforced State Defendants and Defendant CitiMortgage, Inc.'s automatically voided *ab-initio* under 11 U.S.C. § 524(a)(1), *in-personam* judgment obtained *pre-discharge* on 11/15/2018, (Exhibit 12); and obtained *post-discharge* Order for Sale on 08/01/2022, (Exhibit 10); and obtained *post-discharge* Order for Sale on 07/06/2022. **In _re Pavelich_ 229 B.R. 777 (B.A.P. 9th Cir. 1999) is Controlling Authority on Jurisdiction**

147.     State Defendants ignored that Defendant CitiMortgage, Inc., knew Plaintiff was a honest but unfortunate discharged Bankrupt and as an officer of the Court, it was custodian and keeper and holder and was served with and owned and possessed discharged Bankrupt Plaintiff's 11/21/2019,

Bankruptcy Order of Discharge, and knew exactly that by U.S. Congress' act and intention it provided to discharged Bankrupt Plaintiff his secured and warranted and precious Bankruptcy relief for a Financial Fresh Start under 11 U.S.C. § 727(a)(1), which State Defendants and Defendant CitiMortgage, Inc., took away and extinguished under color of law, for completing its enforcement of its invalid 07/15/2020, Supplemental Final Judicial Report, knowingly that Plaintiff had his U.S. constitutional civil right to his Bankruptcy protection and financial freedom for a fresh start. The members of the jury are asked to punish State Defendants and Defendant CitiMortgage, Inc.'s willful and draconian enforcement of their invalid Supplemental Final Judicial Report against Plaintiff.

148.     Enforcing the invalid and unconstitutional and draconian Supplemental Final Judicial Report to dissimilate and vanquish and destroy and nullify and extinguish Plaintiff's Bankruptcy Discharge Order and Bankruptcy records; knowingly that Plaintiff and his son needed it for their protection and care and survivorship and harmony and happiness; hence, State Defendants and Defendant CitiMortgage, Inc., took away and blocked Plaintiff's Bankruptcy protection lifeline at Plaintiff's peril.

149.     Thus it ascertained that it takes away and dismantle and extinguish Plaintiff's Bankruptcy Discharge Order and Bankruptcy records and blocked Plaintiff's Bankruptcy protection lifeline at Plaintiff's peril; thus, State Defendants and Defendant CitiMortgage, Inc., violated clearly established in writing Bankruptcy law for a fresh start and Ohio Foreclosure law that protected Plaintiff's right to real property ownership under O.R.C. § 2329, et seq. State Defendants and Defendant CitiMortgage, Inc., cannot evade prosecution for their wrongful under color of law acts against Plaintiff; thus, their Response (ECF Doc. # 27) should be denied, In re Pavelich 229 B.R. 777 (B.A.P. 9th Cir. 1999). State Defendants and Defendant CitiMortgage, Inc., are liable for wronging Plaintiff.

## In *re Pavelich* 229 B.R. 777 (B.A.P. 9th Cir. 1999) is Controlling Authority on *Rooker-Feldman*

150.     Following the *Pavelich* Court In *re Pavelich* 229 B.R. 777 (B.A.P. 9th Cir. 1999); thus, the *Rooker-Feldman* doctrine is not applicable to this suit *sub-judice*. Further the *Pavelich* Court decided and established that this necessarily places the U.S. Federal District Court in the position of wholly scrutinizing Defendant CitiMortgage, Inc.'s judgments and Orders of Sale for being wholly *in-personam* at any times obtained and wholly voided *ab-initio* under 11 U.S.C. § 524(a)(1).

151.     The decision in In *re Pavelich* 229 B.R. 777 (B.A.P. 9th Cir. 1999) establishes that Defendant CitiMortgage, Inc.'s *in-personam* and *pre-discharge* 11/15/2018, Foreclosure Judgment (Exhibit 12); and *in-personam* and *post-discharge* 08/01/2022, Order of Sale (Exhibit 10); and *in-personam* and *post-discharge* 07/06/2022, Order of Sale (Exhibit 11); were automatically void *ab-initio* under 11

U.S.C. § 524(a)(1), at any time obtained on 11/15/2018, and 08/01/2022, and 07/06/2022; hence, the institutions of the State of Ohio should have cared and protect the life of Plaintiff's son.

152. Plaintiff presented his legal battles and State Defendants' denial of justice to Plaintiff and sought help from the higher-ranking executive officials of the State of Ohio and was wholly ignored with no help. The institutions of the State of Ohio failed and ignored Plaintiff for being an honest but unfortunate and victim of white-collar crime and underprivileged minority skin colored Black discharged Bankrupt. Plaintiff will legally fight to have the draconian Supplemental Final Judicial Report declared nullity and unconstitutional under federal jurisdiction; hence, the legal fight is on.

153. State Defendants lack any supported defense of the *Rooker-Feldman* Doctrine and *res-judicata*. Assuredly the defense of *Rooker-Feldman* doctrine and *res-judicata* are unavailable to State Defendants, Inc, In *re Pavelich* 229 B.R. 777 (B.A.P. 9th Cir. 1999), because State Defendants violated Plaintiff's 11/21/2019, Bankruptcy Court Injunction Order of Discharge, for their financial motive to extinguish and eliminate Plaintiff's Bankruptcy protection of the relief for a fresh start, in violation of 11 U.S.C. § 524(a)(1) and 42 U.S.C. § 1983 and the Ohio and U.S. Constitutions, and violation of the 5th and 8th and 14th Amendments to U.S. Constitution, In *re Pavelich* 229 B.R. 777 (B.A.P. 9th Cir. 1999). Plaintiff will seek relief under 11 U.S.C. § 105(a).

154. State Defendants willfully ignored the law to conceal that Defendant CitiMortgage, Inc., lacks any specific *in-rem* judgment and *in-rem* Order of Sales with a mention *in-rem* of their faces, which were not void under 11 U.S.C. § 524(a)(1), for all of its *in-personam* judgments didn't survive discharged Bankrupt Plaintiff's Bankruptcy Order of Discharge under § 524(a)(1).

155. State Defendants unduly increased the cost for this litigation by filing their meritless Response without referring to or submitting or forwarding or proffering or presenting any Defendant CitiMortgage, Inc.'s clearly *in-rem* judgment and Order for Sales with a mention *in-rem* on their face, as required by Ohio law, which it doesn't have; and didn't have any Final Judicial Report under O.R.C. § 2329.191(B)(7), and didn't have any certificate of judgment or any evidence of a lien against Plaintiff's real property under O.R.C. § 2329.02(H), and was factually barred to enforce O.R.C. § 2323.07. At this point forward, Defendant CitiMortgage, Inc., will be soon found guilty by the members of the jury in Chicago, for willfully and knowingly and maliciously in bad faith and egregious abuse of their duties for wronging and injuring Plaintiff and his son. Plaintiff already had a feeling that Magistrate Judge Kimberly A. Jolson will improperly fight and oppose the transfer for this suit to the U.S. Federal District Court in Chicago, in the State of Illinois.

156. State Defendants acted under color of law purporting to and pretending to act to dishonestly have jurisdiction by enforcing the invalid Supplemental Final Judicial Report, under a lawless and invalid statute; without all subject-matter jurisdictions which were terminated; and furthermore they dishonestly and unconstitutionally acted while they ignored the statutory voidness and statutory injunction that also terminated all their subject-matter jurisdictions under 11 U.S.C. § 524(a)(1) and (2) while discarding and not complying with the statutory mandate of O.R.C. § 2329.191(B)(7) and the statutory mandate of O.R.C. § 2329.02(H), but showing under color of law that State Defendants willfully knew that it was mandatory to comply with O.R.C. § 2329, et seq., as under color of law shown in *CitiMortgage, Inc. v. Nyamusevya*, 2023-Ohio-1583 as follows:

> {¶6} Confirmation of judicial foreclosure sales in Ohio is governed by **O.R.C. § 2329.31**, which provides that, if the common pleas court finds that **the sale was made in conformity with O.R.C. § 2329**, the court will direct distribution of the proceeds and order that the purchaser receive the deed for the subject property.

157. State Defendants ironically and abusively with "**partiality**" of Defendant CitiMortgage, Inc., knew how to articulate and invoke O.R.C. § 2329.31 and O.R.C. § 2329 and to state that, "Confirmation of judicial foreclosure sales in Ohio is governed by O.R.C. § 2329.31, which provides that, if the common pleas court finds that the sale was made in conformity with O.R.C. § 2329,..."

158. State Defendants ironically and abusively **did not know** how to articulate and invoke O.R.C. § 2329.02(H) and O.R.C. § 2329, et seq., and O.R.C. § 2329.191(B)(7) to fail their duty to care and to save the life of Plaintiff's deceased son U.S. Marine Simeon Underhill Bihesi, knowingly that Plaintiff's remedy was State Defendants' correct enforcement of O.R.C. § 2329.02(H) and O.R.C. § 2329, et seq., and O.R.C. § 2329.191(B)(7) and O.R.C. § 2323.07 and 11 U.S.C. § 524(a)(1) and (2).

159. State Defendants are properly brought to face the rule of law by professionals who uphold their oaths to practice law and their oaths to uphold the Ohio and U.S. Constitutions. Plaintiff will demand the impartial members of the jury to award $5 billion dollars against Defendant Governor of Ohio Richard Michael DeWine; and $5 billion dollars against Defendant Ohio Attorney General David Anthony Yost; and $3 billion dollars against Defendant Honorable Judge Daniel R. Hawkins; and $5 billion dollars against Defendant Honorable Chief Justice Sharon L. Kennedy; and $1 billion dollars against Defendant Honorable Judge David J. Leland; and $1 billion dollars against Defendant Honorable Judge Julia L. Dorrian; and $1 billion dollars against Defendant Honorable Judge Kristin Boggs in favor of Plaintiff and against State Defendants. Plaintiff is not a quitter and will legally fight to bring all Defendants to face the rule of law.

160. State Defendants knew they lacked all subject-matter jurisdictions over Plaintiff and his home, but forcibly under color of law under the Ohio government power and supervision of the executive officials of the State of Ohio and officers of the Courts enforced the draconian and invalid Supplemental Final Judicial Report against Plaintiff, by vacating and extinguishing and nullifying 11 U.S.C. § 524(a) and O.R.C. § 2329, et seq., including O.R.C. § 2329.02(H) and O.R.C. § 2329.191(B)(7) and O.R.C. § 2323.07 in Federal and State Courts against Plaintiff; hence, State Defendants under color of law denied justice to Plaintiff as materially substantiated in Franklin County, Ohio, 10th District Court of Appeals' decision in *CitiMortg. v. Nyamusevya*, 2023 Ohio 1583 (Ohio Ct. App. 2023) Case No. 22-AP-464 (Exhibit 24) as follows:

> (3) **The statutory voidness and statutory injunction created by § 524(a) operated to strip the lower trial Court of the subject matter jurisdiction**. After no *in rem* Foreclosure Judgment was entered; hence, the lower trial Court was barred to unlawfully enforce the not *in rem* Foreclosure Judgment that was automatically voided as the time obtained under 11 U.S.C. § 524(a)(1).

> (5) After the Appellant paid off his real property and after the Bankruptcy's Orders of Discharge were entered; hence, the lower Court was barred to "abolish" the Bankruptcy law and Codes and Rules; and to "abolish" the U.S. Congress's act and intention; and to "abolish" the Bankruptcy process and relief and Orders and the Bankruptcy Court's judicial authority.

161. Under 11 U.S.C. § 524(a), statutory voidness refers to the legal concept that Plaintiff's 11/21/2019, Bankruptcy Order of Discharge under 11 U.S.C. § 727(a)(1) (Exhibit 3), effectively renders any creditors' *in-personam* judgment or debt collection action against Plaintiff's discharged debt as null and automatically void *ab-initio* at any times obtained *pre-discharge* and / or *post-discharge*, meaning creditors and State Defendants were barred to legally pursue collection efforts on Plaintiff's discharged debts due to the voidness injunction effect under § 524(a)(2); thus, Plaintiff's discharged debt is considered legally non-existent for collection purposes.

162. The U.S. Federal District Court and the F.B.I. and a reasonable jurist or person and reasonable scholars and the members of the jury should take a judicial notice of Defendant CitiMortgage, Inc.'s 09/14/2010, Foreclosure Action Case No. 2010-CV-09-13480 against Plaintiff, in Franklin County, Ohio Court of Common Pleas, to find the journal entries on the docket record as follows (Exhibit 30):

> On 06/27/2022, Plaintiff filed a Motion to Hold 04/18/2022, Order for Sale void ab-initio.

> On 06/07/2022, Plaintiff filed a Motion for Court's lack of subject-matter jurisdiction to vacate Plaintiff's 11/21/2019, Bankruptcy Court Injunction Order of Discharge.

43

On 06/16/2021, Plaintiff filed an Emergency Motion to Strike and Object to both Preliminary and Final Judicial Reports.

On 06/14/2021, Plaintiff filed a Motion to enforce Compliance to Ohio Statutes.

On 07/15/2021, the Court entered an Order Denying Compliance to Statutes.

On 04/26/2022, Plaintiff filed a Motion for Providing his Bankruptcy Order of Discharge.

On 04/26/2022, Plaintiff filed an Amended Motion for an Order to Block and Cancel the Court's Order of Sale.

163.    State Defendants ignored which Plaintiff's debt that was not voided *ab-initio* under 11 U.S.C. § 524(a)(1), did Defendant CitiMortgage, Inc., enforce and collect by unlawfully and unconstitutionally taking and depriving and confiscating Plaintiff's wholly satisfied; and paid off entirely real property? Where is the evidence for that Plaintiff's debt for the U.S. Federal District Court and the F.B.I. and a reasonable jurist or person and reasonable scholars and the members of the jury review?

164.    State Defendants and Defendant CitiMortgage, Inc., should file on the record the evidence for Plaintiff's debt that was not automatically voided *ab-initio* under 11 U.S.C. § 524(a)(1). The evidentiary facts are against State Defendants and Defendant CitiMortgage, Inc., for lacking facts.

165.    State Defendants concealed that Defendant CitiMortgage, Inc.'s 11/15/2018, ***pre-discharge in-personam*** Foreclosure Judgment (Exhibit 12) and 08/01/2022, ***post-discharge in-personam*** Order for Sale (Exhibit 10) and 07/06/2022, ***post-discharge in-personam*** Order for Sale (Exhibit 11) established personal liability of discharged Bankrupt Plaintiff of discharged debt under 11 U.S.C. § 727(a).

166.    Since Plaintiff is a discharged Bankrupt under 11 U.S.C. § 727(a); hence, State Defendants and Defendant CitiMortgage, Inc., lacks any *in-rem* judgment with a mention *in-rem* on its face that passed through Bankruptcy, and that survived the statutory voidness and injunction under 11 U.S.C. § 524(a) and (2); thus, State Defendants and Defendant CitiMortgage, Inc., materially lack any *Rooker-Feldman* and *res-judicata* defenses. They are liable financially to Plaintiff. They unlawfully wronged Plaintiff.

167.    Based on the evidentiary facts in Courts' records, which are against State Defendants and Defendant CitiMortgage, Inc.; thus, State Defendants concealed Defendant CitiMortgage, Inc.'s own 11/05/2018, admission for receiving "payments" in full after 09/14/2010, the date it filed its *in-personam* Foreclosure Complaint against Plaintiff; and the convincing Defendant CitiMortgage, Inc.'s 07/10/2019, unsecured Proof of Claim 6-1 (Exhibit 14); and Defendant CitiMortgage, Inc.'s own honest and convincing 07/10/2019, representation to the Bankruptcy Court that Defendant

44

CitiMortgage, Inc., is "unsecured" creditor under Fed. R. Bankr. P. 9011 and Fed. R. Bankr. P. 3001(c)(1), and lacked any justiciable controversy against Plaintiff and his satisfied real property; and Defendant CitiMortgage, Inc.'s own lack of a statutory and mandatory required Final Judicial Report under O.R.C. § 2329.191(B)(7); and Defendant CitiMortgage, Inc.'s own lack of a statutory and mandatory required Certificate of Judgment under O.R.C. § 2329.02(H); and Defendant CitiMortgage, Inc.'s own lack of a judicial lien against Plaintiff's satisfied real property that is statutorily and mandatory required under O.R.C. § 2323.07 and under O.R.C. § 2329.02(H).

168.    Since Plaintiff was discharged in Bankruptcy on 11/21/2019; thus, State Defendants and Defendant CitiMortgage, Inc.'s own lack of a *pre-discharge* and / or *post-discharge in-rem* Foreclosure Judgment and *in-rem* Order of Sale, which were not void *ab-initio* under 11 U.S.C. § 524(a)(1) by Plaintiff's 11/21/2019, Bankruptcy Order of Discharge; and Defendant CitiMortgage, Inc.'s own 11/15/2018, *pre-discharge in-personam* Foreclosure Judgment (Exhibit 12) and 08/01/2022, *post-discharge in-personam* Order for Sale (Exhibit 10) and 07/06/2022, *post-discharge in-personam* Order for Sale (Exhibit 11), which  established personal liability of discharged Bankrupt Plaintiff's discharged debt under 11 U.S.C. § 727(a), which were automatically void *ab-initio* under 11 U.S.C. § 524(a)(1) at any time obtained on 11/15/2018 and 08/01/2022 and 07/06/2022; consequently, State Defendants and Defendant CitiMortgage, Inc.'s enforcing on 11/29/2022, their invalid and draconian and unlawful and unconstitutional Supplemental Final Judicial Report, against Plaintiff to under color of law unconstitutionally take and deprive and confiscate Plaintiff's satisfied real property, against his wish, constituted the violation of Plaintiff's fundamental civil rights to own and possess his home, and right to life and happiness.

169.    Hence, the members of the jury will find that State Defendants and Defendant CitiMortgage, Inc., violated 42 U.S.C. § 1983 and 11 U.S.C. § 524(a)(1) and (2) and the Ohio and U.S. Constitutions and existing Federal and Ohio laws and Bankruptcy law and Rules and Codes and the 4th and 5th and 8th and 14th Amendments to U.S. Constitution; thus, State Defendants and Defendant CitiMortgage, Inc., lack any defense of *Rooker-Feldman* and defense of *res-judicata*; hence, State Defendants and Defendant CitiMortgage, Inc.'s unsupported and frivolous and unwarranted Response should be wholly denied; thus, Plaintiff will demand the member of the jury to award to Plaintiff **$1 billion dollars** in favor of Plaintiff and against Defendant CitiMortgage, Inc., who willfully violated its fiduciary duties owed to Plaintiff, for the purpose of causing the 09/02/2024, tragic death of Plaintiff's son U.S. Marine Simeon Underhill Bihesi.

45

170.    The evidentiary facts and Courts' records and Plaintiff's truthful and supported and convincing allegations above factually substantiate that the U.S. Federal District Court and the members of the jury in President Trump's 47th U.S. Federal Government administration will be inclined to find and decide that State Defendants lack any substantive right of a creditor pursuant to O.R.C. § 2323.07 to under color of law enforce their invalid and draconian and unconstitutional and unlawful 07/15/2020, Supplemental Final Judicial Report, against a honest but unfortunate discharged Bankrupt Plaintiff, for the purpose to create a specific lien, without the recording and filing of a certificate of judgment under O.R.C. § 2329.02(H) against Plaintiff's real property. *Feinstein v. Rogers* 2 Ohio App. 3d 96 (Ohio Ct. App. 1981) is instructive and controlling authority here. The Court in *Feinstein v. Rogers* 2 Ohio App. 3d 96 (Ohio Ct. App. 1981) (see Appendix R) decided as follows:

Plaintiff-appellee filed a foreclosure action to sell real estate owned by defendant-appellant and located in Franklin County, Ohio, for the purpose of satisfying **a judgment lien resulting from a money judgment** against defendant-appellant, **after which a certificate of judgment was filed pursuant to O.R.C. § 2329.02.**

{1}. O.R.C. § 2329.02 is **intended to create a specific lien** upon the lands and tenements of the judgment debtor which lie within the county **at the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of judgment**. The lien applies specifically to all such property identified as belonging to the judgment debtor at the time of the filing of the certificate and may be enforced as a specific lien pursuant to O.R.C. § 2323.07 by a foreclosure action.

{2}. A judgment creditor may elect to enforce a judgment against a judgment debtor by either of the alternative methods provided by O.R.C. Chapter 2323 or O.R.C. Chapter 2329.

On the same day, plaintiff-appellee **caused a certificate of judgment to be filed** in the office of the Clerk of the Court of Common Pleas of Franklin County pursuant to O.R.C. § 2329.02. **The certificate of judgment is recorded at Judgment Docket Volume 203, page 105371.** A writ of execution has not been issued on the judgment. However, on August 8, 1980, plaintiff-appellee **commenced this action to foreclose the lien created by the filing of the certificate of judgment** on specifically described real estate owned by defendant-appellant, Carol Rogers, joining all parties necessary to foreclose the lien.

O.R.C. § 2329.02 provides, as pertinent, as follows:

"Any judgment or decree rendered by any court of general jurisdiction, including district courts of the United States, within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment, setting forth the court in which the same was rendered, the title and number of the action, the names of the judgment creditors and judgment debtors, the amount of the judgment and costs, the rate of interest, if the

judgment provides for interest, and the date from which such interest accrues, the date of rendition of the judgment, and the volume and page of the journal entry thereof."

**The issue is whether the judgment lien acquired by plaintiff-appellee when he filed the certificate of judgment in the office of the clerk of the court of common pleas may provide the basis for foreclosure and sale of Rogers' real estate in Franklin County**. Plaintiff-appellee foreclosed pursuant to O.R.C. § 2323.07, which provides, as pertinent, as follows:

> "When a mortgage is foreclosed or a specific lien enforced, a sale of the property shall be ordered." Defendant-appellant argues that the lien which arose from the filing of the certificate of judgment in the office of the Clerk of the Court of Common Pleas of Franklin County was a general rather than a specific lien upon her real estate and thus, O.R.C. § 2323.07 has no application. That contention is not well taken.

The lien acquired by filing a certificate of judgment in accordance with O.R.C. § 2329.02 is a statutory lien which is effective from the date of filing on all real estate located in the county. *Maddox* v. *Astro Investments* (1975), 45 Ohio App.2d 203 [74 O.O.2d 312].

O.R.C. § 2329.02 makes judgment liens specific liens at the time of filing of the certificate of judgment.

171.    The U.S. Federal District Court and the F.B.I. and the members of the jury in President Trump's 47th U.S. Federal Government administration will be inclined to find and decide that since the filing of its Foreclosure Complaint on 09/14/2010, State Defendants conspired and concealed that Defendant CitiMortgage, Inc., lacked and never had a certificate of judgment in accordance with O.R.C. § 2329.02(H) and never had a lien against Plaintiff's real property in accordance with O.R.C. § 2323.07 against Plaintiff's real property; and never had a recorded Final Judicial Report to disclose Plaintiff's Bankruptcy records and "payments" and discharge Order against Plaintiff's real property in accordance with O.R.C. § 2329.191(B)(7) against Plaintiff's real property; therefore, based on the evidentiary facts in favor of Plaintiff and the Courts' records; therefore, observing or following or adhering to the Court decision in *Feinstein v. Rogers* 2 Ohio App. 3d 96 (Ohio Ct. App. 1981) (see Appendix R); thus, all existing Defendant CitiMortgage, Inc.'s judgments against Plaintiff are void *ab-initio*, as a matter of law and the facts. Plaintiff was maliciously prosecuted.

172.    State Defendants' Motion Response to Rule 12 tests the sufficiency of Plaintiff's complaint. In reviewing a Rule 12 motion, the U.S. Federal District Court must construe the complaint in the light most favorable to Plaintiff, accept its allegations as true, and draw all inferences in favor of Plaintiff, *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The U.S. Federal District Court, however,

need not accept as true legal conclusions or unwarranted factual inferences, *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

173. Adhering *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the U.S. Supreme Court has explained that to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, the factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *Twombly*, 550 U.S. at 555).

174. Plaintiff's Complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff's factual and truthful allegations didn't create speculation or suspicion of a legally cognizable cause of action, but they convincingly show entitlement to relief. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *Twombly*, 550 U.S. at 555).

175. Since Bankrupt Plaintiff was discharged on **11/21/2019**; hence, State Defendants' **08/01/2022**, *post-discharge in-personam* Order for Sale (Exhibit 10) and **07/06/2022**, *post-discharge in-personam* Order for Sale judgments obtained after **11/21/2019**, Bankruptcy Court Injunction Order of Discharge was entered, were "automatically **void ab-initio**" at any times obtained under 11 U.S.C. § 524(a)(1), as a matter of law and the facts and U.S. Congress' act and intention under 11 U.S.C. § 524(a)(1).

176. State Defendants violated 11 U.S.C. § 524(a) and lacked all subject-matter and *personam* jurisdictions over Plaintiff and his real property.

177. State Defendants ignored following Franklin County, Ohio 10th District Court of Appeals' decision in *McClung v. McClung*, 10th Dist. Franklin No. 03AP-156, 2004-Ohio-240; where the appellate Court decided and established in Franklin County, Ohio as follows:

> {¶12} When a debtor completes his or her obligations to the bankruptcy estate, he or she receives a discharge. Sections 524, 727, Title 11, U.S.Code. The discharge relieves a debtor of personal liability for all *pre-petition* debt and enjoins any action to collect, recover, or offset a discharged obligation. Section 524(a), Title 11, U.S.Code.

178. In their willful under color of law rejection of existing Federal and Ohio laws; thus, State Defendants enforced unlawful and unconstitutional draconian statute of the State of Ohio's invalid Supplemental Final Judicial Report to take and deprive and confiscate Plaintiff's property and to cause

48

the tragic and shocking and devastating and horrible and premature 09/02/2024, death of Plaintiff's

son. The Bankruptcy Court in In re Lynch 187 B.R. 536 (Bankr. E.D. Ky. 1995) held as follows:

> Upon the entry of the discharge creditors holding **unsecured claims** are permanently enjoined from attempting to collect their claims as personal obligations of the debtor or from property acquired by the debtor after bankruptcy. 11 U.S.C. § 524(a)(1), (2)… *Pre-petition* obligations owing to creditors holding **unsecured** claims are **discharged** as of the date of the commencement of the case. *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934)… Any existing judgment **not secured by a lien is voided** by the discharge.

179.     Adhering to the Bankruptcy Court's decision in In *re Lynch* 187 B.R. 536 (Bankr. E.D. Ky.

1995) in this suit; therefore, upon the 11/21/2019, entry of Plaintiff's Bankruptcy Order of Discharge,

State Defendants and creditors holding **unsecured claims** were permanently enjoined from collecting

their claims as personal obligation of Plaintiff, after his real property was wholly satisfied, and paid off

entirely. 11 U.S.C. § 524(a)(1), (2); thus, Plaintiff's *pre-petition in-personam* and *post-petition in-*

*personam* obligations owing to creditors holding **unsecured** claims were **discharged** as of the

05/01/2019, date of the commencement of the Bankruptcy Case No. 2:19-bk-52868. *Local Loan Co. v.*

*Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934) and thus any existing judgment **not secured**

**by a lien is voided** by the discharge. There is no judgment secured by a lien against Plaintiff's home.

180.     In their pursuit to harm Plaintiff, State Defendants under color of law ignored that by their

enforcement of the invalid Supplemental Final Judicial Report and by taking and depriving and

confiscating Plaintiff's home without all subject-matter jurisdictions, danger and risks and evil will

affect Plaintiff and his son, as they ignored that upon the entry of the 11/21/2019, Bankruptcy Order of

Discharge; thus, they purportedly pretended to holding a fictional and imaginary and not existing

unsecured claim, while they were permanently enjoined from collecting Plaintiff's discharged personal

obligation. 11 U.S.C. § 524(a)(1), and (2). Plaintiff suffered the loss of his son, which was preventable

should State Defendants didn't enforce draconian law against Plaintiff.

181.     State Defendants conspired and concealed that Defendant CitiMortgage, Inc., represented to the

Bankruptcy Court on July 10, 2019, as being a fictitious "unsecured" creditor (Exhibit 14); therefore,

*pre-petition* obligations owing to creditors holding **unsecured** claims are **discharged** as of the date of

the commencement of the case. *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230

(1934); therefore, State Defendants' judgment **not secured by a lien is voided** by the 11/21/2019,

Bankruptcy Order of Discharge.

182.     Section 524 does not specify a remedy for a violation of the discharge injunction. However, it
is the consensus of Bankruptcy and Circuit Courts around the country that discharge violations may be
remedied under **11 U.S.C. § 105(a)**, which allows Courts to issue any Order necessary or appropriate
to carry out the provisions of the Code. See *Bessette v. Avco Fin. Servs.*, 230 F.3d 439, 442 (1st Cir.
2000); In *re Cano*, 410 B.R. 506, 537-541 (Bankr. S.D. Tex. 2009).

183.     Following this decision, on August 04, 2022, the Court of Ohio, Eighth Appellate District,
County of Cuyahoga decided in *Lance Invest. Corp. v. Burkhalter*, 2022-Ohio-2675 as follows:

   {6} 11 U.S.C. § 727(b) grants to the debtor who is discharged under 11 U.S.C. § 727(a), a
   discharge from all debts that arose before the date of the order for relief under Chapter 7,
   except those debts that are excepted from discharge by exceptions not applicable here. The
   discharge relieves a debtor of personal liability for all *pre-petition* debt and enjoins any action
   to collect, recover, or offset a discharged obligation. *McClung v. McClung*, 10th Dist. Franklin
   No. 03AP-156, 2004-Ohio-240, ¶ 12, citing 11 U.S.C. 524(a).

   **Specifically, a discharge in a case (1) voids any judgment at any time obtained, to the
   extent that such judgment is a determination of the personal liability of the debtor** with
   respect to any debt discharged under section 727 * * * whether or not discharge of such debt is
   waived; **(2)** operates as an injunction against the commencement or continuation of an action,
   the employment of process, or an act, to collect, recover or offset any such debt as a personal
   liability of the debtor, whether or not discharge of such debt is waived, **11 U.S.C. § 524(a)**.

   {7} By the express terms of 11 U.S.C. 524(a)(1), any judgment entered after entry of the
   discharge is void to the extent that the judgment purports to establish personal liability of the
   debtor with respect to a discharged debt. See *Riley v. AmTrust Mortg. Corp.* (In re Riley),
   Bankr.M.D.N.C. Nos. 05-80548 and 14-09037, 2014 Bankr. LEXIS 4923, 5 (Dec. 4, 2014).

   {8} The record reveals that the issue of Appellant's bankruptcy discharge was not raised before
   the trial court. "Section 524(a) is meant to operate automatically * * * with no need for the
   debtor to assert the discharge to render the judgment void." *Riley* at 7, citing 4 Collier on
   Bankruptcy ¶ 524.02[1] (Alan Resnick & Henry Sommer eds., 16th Ed.). Because appellant's
   pre-bankruptcy petition debt was discharged by bankruptcy, the judgment rendered against her
   in municipal court is void.

   {9} The judgment of the Cleveland Municipal Court is hereby vacated, and the court is ordered
   to dismiss Appellee's complaint.

184.     Based on the Court's record and docket entries State Defendants knew that Franklin County,
Ohio Court of Common Pleas' record in Defendant CitiMortgage, Inc.'s *in-personam* Foreclosure Case
No. 2010-CV-09-13480 shows that Defendant CitiMortgage, Inc., filed on 09/14/2010, its *in-personam*
Foreclosure Complaint (Exhibit 13) Case No. 2010-CV-09-13480, against Plaintiff, which was without
a mention *in rem* on its face, and alleged *in-personam* as follows:

"COUNT ONE: … Plaintiff has declared the debt evidenced by said Note due, and there is due thereon from the Defendants, Leonard Nyamusevya and Consolata Nkurunziza, $98,452.56, together with interest at the rate of 6.250% per year from May 01, 2010… plus Court costs, advances, and other charges, as allowed by law.

WHEREFORE, Plaintiff prays for judgment against Defendants, Leonard Nyamusevya (Defendants) and Consolata Nkurunziza, in the amount of $98,452.56, together with interest at the rate of 6.250% per year from May 01, 2010,… plus Court costs, advances, and other charges, as allowed by law.

185. Based on the Court's record and docket entries, State Defendants knew that Franklin County, Ohio Court of Common Pleas' record in Defendant CitiMortgage, Inc.'s *in-personam* Foreclosure Case No. 2010-CV-09-13480 shows that Defendant CitiMortgage, Inc., was granted on 11/15/2018, its *in-personam* Foreclosure Judgment (Exhibit 12), against Plaintiff, which was without a mention *in rem* on its face as follows:

Therefore, the Court finds that there is due from said Defendant, Leonard Nyamusevya, to Plaintiff, the sum of $98,452.56, plus interest thereon at the rate of 6.25% per annum from June 01, 2010, plus advances made by Plaintiff for taxes, insurance, and otherwise to protect the property, and the cost of this action, the full amount of which may be ascertained, as necessary, after sale judicial of the property…

It is therefore Ordered that judgment shall be, and hereby is, rendered in favor of the Plaintiff and against the Defendant, Leonard Nyamusevya, in the amount of $98,452.56, plus interest thereon at the rate of 6.25% per annum from June 01, 2010, plus advances made by Plaintiff for taxes, insurance, and otherwise to protect the property, and the cost of this action.

186. Based on the Court's record and docket entries, State Defendants knew that Franklin County, Ohio Court of Common Pleas' record in Defendant CitiMortgage, Inc.'s *in-personam* Foreclosure Case No. 2010-CV-09-13480 shows that Defendant CitiMortgage, Inc., was never granted an *in-rem* Foreclosure Judgment with a mention *in rem* on its face, after the 11/21/2019, entry of Plaintiff's Bankruptcy Court Injunction Order of Discharge. In this new administration, the F.B.I. will investigate this suit and discover whatsoever is going on. State Defendants are not above the law and will be held accountable for causing the 09/02/2024, tragic death of Plaintiff's son in Chicago.

187. State Defendants filed on July 15, 2020, their invalid Supplemental Final Judicial Report for the purpose to unlawfully and fraudulently conceal the following:

Mr. Nyamusevya was granted a decree of divorce from Consolata Nkurunziza on October 01, 2010; thereafter, by the May 26, 2021, Court Order, Mr. Nyamusevya is the sole owner of his property.

Mr. Nyamusevya filed his Chapter 13 Bankruptcy Case No. 2:14-bk-55846 on August 18, 2014 that was dismissed.

Defendant Consolata Nkurunziza filed her Bankruptcy Case No. 2:15-bk-53820 and received a Bankruptcy Court Order of Discharge on January 21, 2016, which eliminated her personal liabilities.

Mr. Nyamusevya's property had been satisfied and paid in full.

Mr. Nyamusevya filed his Bankruptcy Case No. 2:19-bk-52868 and received a Bankruptcy Court Order of Discharge on November 21, 2019, which extinguished his personal liabilities.

188.    State Defendants acted under color of law within the meaning of the U.S. Congress' act and intention under 42 U.S.C. § 1983, which provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress,...

189.    As an officer of the Courts State Defendants ignored that that Fed. R. Bankr. P. 3001(c)(1) provides that:

> (c) SUPPORTING INFORMATION.
>
> (1) *Claim Based on a Writing.* Except for a claim governed by paragraph (3) of this subdivision, **when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.**

190.    The 6th Circuit Court of Appeals held in *Zillow, Inc. v. Miller, et al*. Nos. 23-5300/5301 that the Equal Protection Clause of the 14th Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike. *City of Cleburne v. Cleburne Living Ctr., Inc*., 473 U.S. 432, 439 (1985). To prevail on an equal-protection claim, Plaintiff showed that Donna Wiley has been treated disparately. *Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir. 2010).

191.    In the past, the 6th Circuit Court of Appeals itself had failed to treat Plaintiff alike, but this is not at issue in this suit under 42 U.S.C. §1983. *City of Cleburne v. Cleburne Living Ctr., Inc*., 473 U.S. 432, 439 (1985). The evidentiary facts show that State Defendants treated Donna Wiley differently and did not enforce an invalid Supplemental Final Judicial Report against Donna Wiley. Plaintiff showed

that Donna Wiley has been treated disparately by State Defendants, *Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir. 2010).

192.     A *Rooker-Feldman* and *res-judicata* defense are only available where there is a re-litigation on the merit from an *in-rem* judgment with a preclusive effect, and which is respected by the U.S. Federal District Court, and which was not automatically void *ab-initio* under 11 U.S.C. § 524(a)(1) at any times obtained.

193.     State Defendants didn't present and lack an *in-rem* judgment with a preclusive effect, and which is respected by the U.S. Federal District Court, and which was not automatically void *ab-initio* under 11 U.S.C. § 524(a)(1) at any times obtained; thus, State Defendants lack a *Rooker-Feldman* and *res-judicata* defense and their Response (ECF Doc. # 27) should be wholly denied.

194.     State Defendants were aware of Plaintiff's need of justice and availability of existing Federal and Ohio laws and the Ohio and U.S. Constitutions and Bankruptcy law and Rules and Codes and knew the risky impact affecting Plaintiff whenever existing laws are unavailable to Plaintiff. State Defendants did not identify in their Response any specific facts they believe lack record support.

195.     Viewing the evidentiary facts and Courts' records in the light most favorable to Plaintiff, State Defendants under color of law conduct ignoring 11 U.S.C. § 524(a)(1) and O.R.C. § 2329, et seq., and O.R.C. § 2329.02(H) and O.R.C. § 2329.191(B)(7) and O.R.C. § 2329.31(A) and O.R.C. § 2323.07 violated clearly established laws and constitutional rights of which a reasonable person would have known. State Defendants' denial of justice and enforcement of the invalid Supplemental Final Judicial Report conduct against Plaintiff rose to a violation of Plaintiff's clearly established 14th Amendment to U.S. Constitution fundamental civil right to due process and the equal protection under the law rights. Observing the 6th Circuit Court of Appeals' decision in *Gillman v. City of Troy*, Mich., et al., the Court decided as follows:

> Qualified Immunity
>
> Green-Hernandez begins by contesting the district court's order denying her motion for summary judgment on her qualified immunity defense. We review the district court's denial of qualified immunity *de novo*. See *Helphenstine v. Lewis County*, 60 F.4th 305, 314 (6th Cir. 2023), cert. denied, 144 S. Ct. 692 (2024). "A public official is entitled to qualified immunity at summary judgment when, viewing the facts in the light most favorable to the plaintiff, the challenged conduct did not violate 'clearly established . . . constitutional rights of which a reasonable person would have known.'" *Heeter v. Bowers*, 99 F.4th 900, 908 (6th Cir. 2024) (quoting *Jackson v. City of Cleveland*, 64 F.4th 736, 745 (6th Cir. 2023)).

But because qualified immunity involves immunity from suit, not just from liability, a district court's denial of summary judgment as to a qualified immunity defense can—in some circumstances—be reviewed on an interlocutory basis under the collateral order doctrine. See Mitchell v. Forsyth, 472 U.S. 511, 526–27, 530 (1985).

196. Ohio Foreclosure law and Ohio Constitution and Federal law and Bankruptcy law and Rules and Codes and U.S. Constitution blocked State Defendants from taking Plaintiff's real property; thus, the U.S. Federal District Court must deny State Defendants' Response (ECF Doc. # 27).

197. Ohio Foreclosure law and Ohio Constitution and Federal law and Bankruptcy law and Rules and Codes and U.S. Constitution blocked the U.S. Federal District Court from under color of law ignoring that State Defendants were blocked from taking Plaintiff's real property; thus, the U.S. Federal District Court must deny State Defendants' Response (ECF Doc. # 27).

198. State Defendants and CitiMortgage, Inc., did not provide any material facts authorizing them to take and deprive and confiscate Plaintiff's satisfied real property. Where are State Defendants and CitiMortgage, Inc.'s material facts authorizing them to take and deprive and confiscate Plaintiff's satisfied real property, which were in compliance with O.R.C. § 2329.02(H) and O.R.C. § 2329.191(B)(7) and O.R.C. § 2323.07 and O.R.C. § 2329.31 and 11 U.S.C. § 524(a)(1) and (2)? There are none in all public records. Ohio Foreclosure laws do not authorize the taking of Plaintiff's real property without evidentiary material facts under O.R.C. § 2329.02(H) and O.R.C. § 2329.191(B)(7) and O.R.C. § 2323.07 and O.R.C. § 2329.31 and 11 U.S.C. § 524(a)(1).

199. State Defendants and CitiMortgage, Inc., did not provide any *in-rem* judgment against honest but unfortunate discharged Bankrupt Plaintiff with a mention *in-rem* on its face that was against Plaintiff and his real property, and that survived 11 U.S.C. § 524(a)(1) and (2); thus, State Defendants' 01/03/2025, **Response (ECF Doc. # 27) should be denied**.

Respectfully Submitted,

**LEONARD NYAMUSEVYA**
Plaintiff – *pro se*
P.O. Box 314
Reynoldsburg, Ohio 43068
(614) 323-5898   *nyaleo@hotmail.com*

## CERTIFICATE FOR SERVICE

I hereby certify that on the 31st day of January 2025, I served a true and accurate copy of the foregoing document and all attachments on the following by regular U.S. Mail, postage prepaid, in the manner specified as follows:

**DAVE YOST, Esq.**
Ohio Attorney General
Rhodes State Office Tower
30 East Broad Street, 14th Floor,
Columbus, OH 43215

**MIKE DEWINE. Esq.**
Governor of the State of Ohio
Vern Riffe State Office Center, Riffe Center
77 South High Street, 30th Floor
Columbus, Ohio 43215

**CITIMORTGAGE, INC.**
Successor by Merger to ABN AMRO
Mortgage Group, Inc.,
1000 Technology Drive
O'Fallon, MO 63368-2239

**PADGETT LAW GROUP**
6267 Old Water Oak Rd Suite 203
Tallahassee, FL 32312

**FIRST AMERICAN FINANCIAL TITLE INSURANCE COMPANY**
1 First American Way
Santa Ana, California 92707

**HONORABLE SHARON L. KENNEDY, Esq.**
Chief Justice of Supreme Court of Ohio
Supreme Court of Ohio
65 South Front Street
Columbus, OH 43215-3431

**ATTORNEY ELLEN L. FORNASH, Esq.**
**ATTORNEY JACQUELINE M. WIRTZ, Esq.**
**ATTORNEY BETHANY L. SUTTINGER, Esq.**
8087 Washington Village Drive, St 220
Dayton, Ohio 45458

**Honorable Judge Kristin Boggs, esq.**
Franklin County, 10th District Court of Appeals
373 South High Street,
Columbus, Ohio 43215

**Honorable Judge Daniel R. Hawkins, esq.**
Franklin County, Ohio Court of Common Pleas
345 South High Street, Courtroom 6B
Columbus, Ohio 43215

**Honorable Judge Julia L. Dorrian, esq.**
Franklin County, 10th District Court of Appeals
373 South High Street,
Columbus, Ohio 43215

**Honorable Judge David J. Leland, esq.**
Franklin County, Ohio 10th District Court of Appeals
373 South High Street, Columbus, Ohio 43215

**Attorney Charles R. Ellis, esq.**
Assistant Prosecuting Attorney
Civil Division
373 South High St, Columbus, Ohio 43215
*cellis@franklincountyohio.gov*
Attorney for Judge Daniel R. Hawkins, esq

**Attorney Michael A. Walton, esq.**
**Attorney Julie M. Pfeiffer, esq.**
Assistant Ohio Attorney General
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
*Michael.walton@ohioago.gov*
*julie.pfeiffer@ohioago.gov*

**Attorney Kara Ann Czanik**
Dinsmore & Shohl LLP
255 E. Fifth Street, Suite 1900
Cincinnati, OH 45202
(513) 832-5490

**Attorney Alexander E. Goetsch, esq.**
**Attorney Michael J. Sikora, esq.**
737 Bolivar Road, Suite 270
Cleveland, Ohio 44115
*msikora@sikoralaw.com*
*agoetsch@sikoralaw.com*
Counsel for Defendant First American Title Insurance Company.

*kara.czanik@dinsmore.com*
Counsel for Defendant CitiMortgage, Inc.

Respectfully Submitted,

**LEONARD NYAMUSEVYA**
Plaintiff – *pro se*
P.O. Box 314
Reynoldsburg, Ohio 43068
(614) 323-5898

56