# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**LEONARD NYAMUSEVYA,**

      **Plaintiff,**

                                **Case No. 2:24-cv-4216**

  **v.**                          **JUDGE EDMUND A. SARGUS, JR.**

                                      **Magistrate Judge Kimberly A. Jolson**

**STATE OF OHIO,** *et al.,*

      **Defendants.**

### OPINION AND ORDER

This matter is before the Court on several motions: a Motion to Dismiss for Failure to State a Claim filed by Defendants Sharon L. Kennedy, David J. Leland, Julia L. Dorrian, Kristin Boggs, and the State of Ohio (ECF No. 16); a Motion to Dismiss for Failure to State a Claim filed by Defendant Daniel R. Hawkins (ECF No. 21); a Motion to Dismiss and Motion to Declare Plaintiff Leonard Nyamusevya a Vexatious Litigator filed by Defendant CitiMortgage, Inc. (ECF No. 31); and a Motion to Dismiss filed by Defendant First American Financial Title Insurance Company (ECF No. 32).

Also considered are Plaintiff Leonard Nyamusevya's: "Motion to Invoke Inherent Power of District Court to Return Unlawfully Deprived Plaintiff's Satisfied Real Estate" (ECF No. 10); "Motion to Withhold to Consent to Magistrate Judge's Authority" (ECF No. 41); "Motion for Safe Harbor with Appendix K or Order to Show Cause" (ECF No. 50); and "Motion to Amend/Correct Complaint" (ECF No. 54).

For the reasons stated in this Opinion and Order, the Motions to Dismiss (ECF Nos. 16, 21, 31, and 32) are **GRANTED**. CitiMortgage's Motion to Declare Plaintiff a Vexatious Litigator (ECF No. 31) is **GRANTED**. All other motions (ECF Nos. 10, 41, 50, 54) are **DENIED** as **MOOT.**

# BACKGROUND

Plaintiff Leonard Nyamusevya is proceeding without the assistance of counsel. The facts here overlap with the facts summarized at length in an earlier related case in this Court in front of the Undersigned. *See Nyamusevya v. Hoffman, et al.*, No. 2:22-cv-2228, 2022 U.S. Dist. LEXIS 101194 (S.D. Ohio June 6, 2022). The Court restates the relevant background information below.[1]

## I.     Mr. Nyamusevya's prior litigation.

The Bankruptcy Appellate Panel ("BAP") of the United States Court of Appeals for the Sixth Circuit aptly surmised the early, and lengthy, procedural background of Mr. Nyamusevya's related cases:

> More than ten years ago, CitiMortgage, Inc., started foreclosure proceedings in the Franklin County, Ohio, Court of Common Pleas against the Debtor's [Mr. Nyamusevya's] residence at 2064 Worcester Court, Columbus, Ohio ("the Property"). The Debtor vigorously defended against the proceedings, but on May 20, 2014, the Court of Common Pleas entered a Judgment Entry and Decree in Foreclosure. After the Debtor appealed from the foreclosure judgment, the appellate court affirmed in part and reversed in part, and remanded the matter to determine the amount due on the loan. After the remand, the Court of Common Pleas entered a directed verdict in November 2018 granting CitiMortgage judgment in its favor in the amount of $98,452.56 plus interest. On the Debtor's further appeal, the appellate court issued a stay of the foreclosure sale but conditioned that stay upon the Debtor's timely posting of a supersedeas bond. The Debtor did not timely post the bond, but instead filed a voluntary chapter 13 petition on May 1, 2019, before converting his case to a liquidation proceeding under chapter 7.

> At every stage of his bankruptcy proceeding, and contrary to the conclusions of the Ohio courts, the Debtor has argued that CitiMortgage is wholly unsecured and that its mortgage is void. In the bankruptcy court he filed many unsuccessful motions and three adversary proceedings all with the aim of negating CitiMortgage's claim and mortgage. CitiMortgage filed motions to dismiss each of the adversary proceedings based on the *Rooker-Feldman* doctrine and *res judicata* as the issues

---

[1] The Court may take judicial notice of public records related to Mr. Nyamusevya's previous litigation not to establish the truth of the facts within, but for the existence of the opinions themselves. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) ("[O]n a motion to dismiss, we may take judicial notice of another court's opinion not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.").

had previously been decided in the prebankruptcy foreclosure proceedings. Those motions are still pending in the bankruptcy court and are not before the Panel.

In September 2019, CitiMortgage formally asked the Trustee to abandon the Property, which, after an objection period under the bankruptcy court's local rules, prompted the Trustee to file a notice of abandonment. The Trustee's notice declares that the Property offered no benefit to unsecured creditors and was of inconsequential value to the estate. (*In re Nyamusevya*, Bankr. Case No. 2:19-bk-52868 ECF No. 111.) The Debtor did not object to the abandonment, evidently believing that it would somehow strip CitiMortgage of its rights, instead of revesting the Property in the Debtor, subject to CitiMortgage's pre-bankruptcy mortgage.

CitiMortgage moved for relief from the automatic stay under 11 U.S.C. § 362(d) in the fall of 2019 in a bid to resume the foreclosure, and the Debtor opposed the motion. While the motion remained pending, but before conducting a hearing, the bankruptcy court entered a discharge order under § 727, which Rule 4004(c)(1) obliged it to do "forthwith" upon the satisfaction of several conditions not at issue in this appeal.

On November 26, 2019, the bankruptcy court entered a "clean-up" order addressing the lender's stay relief motion and the Debtor's several outstanding motions. Recognizing that the Property had been abandoned by the Trustee and that the Debtor had received a discharge, the bankruptcy court determined that CitiMortgage's motion for relief from stay was moot. This decision had the effect of confirming that the automatic stay no longer shielded the Property from the lender's foreclosure efforts — a result obviously at odds with the Debtor's efforts to retain his home. The bankruptcy court also denied the Debtor's motions to void CitiMortgage's liens on the Property and to quiet title, similarly disappointing the Debtor. The court also overruled the Debtor's objection to CitiMortgage's proof of claim. In response to these adverse rulings, the Debtor moved for reconsideration, then filed a notice of appeal (together with a motion for stay pending appeal).

The bankruptcy court denied the Debtor's motion for reconsideration and the Debtor's motion for stay pending appeal, prompting him to amend his notice of appeal to seek review of the order denying the motion for reconsideration and the stay pending appeal.

Before this Panel, the Debtor continued to engage in motion practice, filing motions for stay pending appeal, which the Panel denied. The Debtor appealed the Panel's decision denying a stay pending appeal to the Sixth Circuit Court of Appeals, which dismissed the appeal for lack of jurisdiction.

*Nyamusevya v. CitiMort., Inc.*, No. 19-8027, 2021 Bankr. LEXIS 174, at *3–6 (B.A.P. 6th Cir.

Jan. 20, 2021), *aff'd In re Leonard Nyamusevya, Sr.*, No. 21-3089, 2021 U.S. App. LEXIS 36933

(6th Cir. Dec. 14, 2021). The BAP rejected Mr. Nyamusevya's arguments, affirmed the Bankruptcy Court, and allowed CitiMortgage to proceed against the Property in state court. *Id.* *6–7.

A foreclosure auction was scheduled for June 10, 2022. *Hoffman*, 2022 U.S. Dist. LEXIS 101194, at *6. In May 2022, Mr. Nyamusevya filed several motions in the Bankruptcy Court seeking to prevent the foreclosure sale. *Id.* After the Bankruptcy Court denied Mr. Nyamusevya's motions, Mr. Nyamusevya moved for a Temporary Restraining Order in this Court. *Id.*

On June 6, 2022, this Court issued an Opinion and Order denying Mr. Nyamusevya's motion for a temporary restraining order. *Id.* Soon after Mr. Nyamusevya filed several additional motions and CitiMortgage responded with a motion to declare Mr. Nyamusevya a vexatious litigator. *Nyamusevya v. Hoffman*, No. 2:22-cv-02228, 2023 U.S. Dist. LEXIS 48217, at *5 (S.D. Ohio Mar. 21, 2023). Each named defendant also moved to dismiss. *Id.* The Court granted the motions to dismiss, denied the remaining motions as moot, but "reserve[d] the right to reexamine Defendant CitiMortgage's Motion to Declare Nyamusevya as a Vexatious Litigator pending future litigation." *Id.* at *29–30.

## II.    Mr. Nyamusevya's allegations in this action.

Mr. Nyamusevya brings this action against the State of Ohio, Governor Michael DeWine, Attorney General David Yost, CitiMortgage Inc., First American Financial Title Insurance Company, Padgett Law Group, Ellen L. Fornash, Jacqueline M. Wirtz, Bethany L. Suttinger, Judge Daniel R. Hawkins, Ohio Supreme Court Justice Sharon L. Kennedy, Judge David L. Leland, Judge Julia L. Dorrian, and Judge Kristen Boggs. (ECF No. 1.)

He alleges that Defendants violated his civil rights under 42 U.S.C. § 1983; engaged in malicious, willful, wanton, and reckless misconduct; engaged in "apparent lawlessness outside of justice"; and were the direct and proximate cause of his son's wrongful death. (*Id.* PageID 12–22.)

Mr. Nyamusveya's allegations revolve around the foreclosure and sale of his property that was the subject of the earlier litigation. (*Id.*) He asserts that his son's murder, which occurred in Chicago, Illinois, is attributable to this foreclosure. (*Id.*) As relief, he requests compensatory and punitive damages and the return of his real property. (*Id.* PageID 22–23.)

Defendants each filed their own motion to dismiss. (ECF Nos. 16, 21, 31, 32.)[2] Mr. Nyamusevya responded to each Motion. (ECF Nos. 33–36, 45.) Following his response, the State Defendants and CitiMortgage replied. (ECF Nos. 38, 43.) CitiMortgage also filed a "Motion to Declare Nyamusevya as a Vexatious Litigator." (ECF No. 31.) These motions are now ripe for review. The Court begins by addressing the Motions to Dismiss.

## MOTIONS TO DISMISS

### I.    Legal Standard under Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for dismissing actions that fail to state a claim upon which relief can be granted. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (clarifying plausibility standard from

---

[2] The Padgett Law Group, Attorneys Ellen L. Fornash, Jacqueline M. Wirtz, and Bethany L. Suttinger ("Attorney Defendants") have not moved to dismiss most likely because they have not been properly served. Mr. Nyamusevya attempted service by ordinary mail and filed "proof of service" on the Court's docket. (ECF No. 7.) But the proof of service does not include a domestic return receipt (or "green card") to show the Attorney Defendants acknowledge receipt as required by this Court's Local Rules. *See* S.D. Ohio. Civ. R. 4.2(a). The plaintiff bears the burden of showing proper service was made. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

*Twombly*). Further, "[a]lthough for purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

"[P]ro se litigants are to be afforded liberal construction of their pleadings and filings." *Yagley v. Occupational Safety & Health Admin., U.S. Dep't of Lab.*, 461 F. App'x 411, 414 (6th Cir. 2012) (citing *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999)). Even so, courts should not be left to guess at the nature of the claims asserted. *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (unpublished) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.     The State Defendants' Motion to Dismiss

Mr. Nyamusevya alleges that Defendants State of Ohio, Governor Michael DeWine, Attorney General David Yost, Chief Justice Sharon L Kennedy, Judges David J. Leland, Julia L. Dorrian, and Kristin Boggs (collectively, "the State Defendants") violated his constitutional rights by taking his house without compensation through foreclosure proceedings. (ECF No. 1, PageID 5, ¶ 8.) He alleges that because of the foreclosure, he was evicted and he and his son were left homeless. (*Id.* ¶ 5.) His son was later shot and killed in Chicago. (*Id.* PageID 3, ¶ 2.) He purportedly brings a wrongful death claim based on his son's murder in Chicago but does not include any factual allegations detailing how Defendants participated in his son's murder. (*Id.* PageID 5, ¶ 9.)

The State Defendants move to dismiss Mr. Nyamusevya's claims. (ECF No. 16.) Mr. Nyamusevya opposed the Motion (ECF No. 35) and the State Defendants replied (ECF No. 43).

Defendants first assert that Mr. Nyamusevya's claims against them in their official capacities are barred by sovereign immunity under the Eleventh Amendment. (ECF No. 16, PageID 178–81.) The Eleventh Amendment bars suits against a state or its agencies in federal

court. *Brent v. Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 681 (6th Cir. 2018). This immunity extends to state officials sued in their official capacities. *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 732 (6th Cir. 2022) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). The Sixth Circuit considers state judges, the Governor, and the Ohio Attorney General, to be state officials entitled to Eleventh Amendment immunity. *See McCormick v. Braverman*, 451 F.3d 382, 399, n.16 (6th Cir. 2006) (extending Eleventh Amendment immunity to state judges); *see also Skatemore*, 40 F.4th at 732 (finding that state governors are entitled to immunity); *Jabr v. Ohio Dep't of Tax'n*, No. 2:24-cv-3580, 2024 U.S. Dist. LEXIS 158735, at *2 (S.D. Ohio Sep. 4, 2024) (Graham, J.) (holding that Ohio Attorney General is entitled to immunity).

There are three exceptions to Eleventh Amendment immunity: (1) when the state has waived immunity by consenting to the suit; (2) when Congress has expressly abrogated the state's sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young*, 209 U.S. 123 (1908) applies. *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017).

None of these exceptions applies here. The State of Ohio has not waived immunity from suit. *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992). And Congress did not abrogate Ohio's sovereign immunity when it enacted 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 338 (1979). Since Mr. Nyamusevya seeks monetary damages (specifically $250 million from each of the State Defendants) to redress a past alleged violation (the foreclosure action), *Ex Parte Young* does not apply. (ECF No. 1); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 965 (6th Cir. 2013) (explaining that *Ex Parte Young* only applies to ongoing violations of federal law or requests for prospective relief); *see also Ernst v. Rising*, 427 F.3d 351, 370 (6th Cir. 2005) (holding that *Ex Parte Young* does not apply to requests for monetary relief). As a result, the Eleventh Amendment

bars Mr. Nyamusevya's federal- and state-law claims against the State Defendants in their official capacities.

Judicial immunity also shields Defendants Kennedy, Leland, Dorrian, and Boggs from Mr. Nyamusevya's federal- and state-law claims against them in their individual capacities. Defendants Leland, Dorrian, and Boggs are judges on Ohio's Tenth District Court of Appeals and Defendant Sharon Kennedy is the Chief Justice of the Ohio Supreme Court. Mr. Nyamusevya asserts that the judicial officers wrongfully enforced a "judicial report" against him causing him to lose his house and his son to be killed. (ECF No. 1, PageID 16–17.) Judges "enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012). Judicial immunity applies, too, in cases involving civil rights violations under 42 U.S.C. § 1983. *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000) (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)).

In two circumstances a judicial officer is not immune: "(1) where the judicial officer acts in a non-judicial capacity; or (2) where the judicial officer acts in the complete absence of jurisdiction." *Jones v. O'Connor*, No. 3:18-cv-314, 2019 U.S. Dist. LEXIS 60591, at *13 (S.D. Ohio Apr. 8, 2019) (Ovington, M.J.), *adopted by* 2019 U.S. Dist. LEXIS 70131, at *1 (S.D. Ohio Apr. 25, 2019) (Rose, J.). Neither circumstance applies here because Defendants were acting in a judicial capacity with jurisdiction. Therefore, Mr. Nyamusevya's state and federal claims against Defendants Kennedy, Leland, Dorrian, and Boggs in their individual capacities are dismissed.

Mr. Nyamusevya's § 1983 claim against Governor DeWine and Attorney General Yost in their individual capacities also fails to state a claim upon which relief may be granted. "When pleading a Section 1983 claim, a plaintiff must also establish that each defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior." *Williams*

*v. Warden, Chillicothe Corr. Inst.*, No. 2:23-cv-1042, 2024 U.S. Dist. LEXIS 18676, at *6 (S.D. Ohio Feb. 2, 2024) (Jolson, M.J.) *adopted by* 2024 U.S. Dist. LEXIS 42231 (S.D. Ohio, Mar. 11, 2024) (Graham, J.). Beyond naming Governor DeWine and Attorney General Yost in the case caption, not a single allegation in the Complaint mentions either Defendant. Thus, even if Mr. Nyamusevya's rights were violated, he presented no factual allegations that either Defendant was personally involved in the underlying foreclosure action to attach § 1983 liability.

Last, although difficult to decipher, Mr. Nyamusevya appears to allege a wrongful death claim under Ohio law related to his son's death. (ECF No. 1, ¶¶ 9, 37–38, 45, 54–58.) In Ohio, wrongful death claims are governed by Ohio Revised Code Chapter 2125. *Mercer v. Keane*, 172 N.E.3d 1101, 1108 (Ohio Ct. App. 2021) ("A wrongful death claim is statutory in nature and does not exist at common law."). Under that chapter, in relevant part,

> When the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued, the person who would have been liable if death had not ensued . . . shall be liable to an action for damages, notwithstanding the death of the person injured[.]

Ohio Rev. Code § 2125.01. Furthermore,

> [A] civil action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death, and for the exclusive benefit of the other next of kin of the decedent.

*Id.* § 2125.02(A).

"A wrongful-death action in Ohio has three elements: (1) the existence of a duty owed to the plaintiff's decedent; (2) a breach of that duty; (3) proximate causation linking the breach of the duty to the decedent's death." *CBC Eng'rs & Assocs. Ltd. v. Miller Aviation, LLC*, 880 F. Supp.

2d 883, 888 (S.D. Ohio 2012) (Rose, J.) (citing *Est. of Johnson v. Miller*, No. 2:11-CV-00067, 2011 U.S. Dist. LEXIS 95322 (S.D. Ohio Aug. 25, 2011) (Marbley, J.)).

The State Defendants point out that a wrongful death claim can only be brought by decedent's estate's administrator. (ECF No. 16, PageID 189–90.) Since Mr. Nyamusevya does not allege that he is the executor of his son's estate, he lacks standing to bring his claim. (*Id.*) In response, Mr. Nyamusevya seeks leave of the Court to amend his Complaint to assert that he has been appointed as the administrator of his son's estate. (*See* ECF No. 54.) Even if the Court granted him leave to amend his Complaint to show that he is the executor, since Mr. Nyamusevya is proceeding *pro se*, and is not an attorney, he cannot maintain this litigation in the capacity as executor. *See Lusk v. Crown Pointe Care Ctr.*, 135 N.E.3d 414, 418 (Ohio Ct. App. 2019) (dismissing *pro se* wrongful death claim brought by executor of estate); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (explaining that *pro se* plaintiffs cannot appear *pro se* where interests other than their own are at stake) (citations omitted).

Even if he had standing to bring the claim, Mr. Nyamusevya failed to plead any factual allegations connecting the State Defendants to his son's murder in Chicago by gun violence. To state a plausible claim for wrongful death, Mr. Nyamusevya must show that the State Defendants owed a duty to his son, breached that duty, and proximately caused his son's death. *CBC Eng'rs & Assocs. Ltd.*, 880 F. Supp. 2d at 888. While the events leading to his son's death are tragic, the factual allegations in the Complaint fail to connect the State Defendants, or any other Defendant, to his son's death.

Mr. Nyamusevya fails to state a claim upon which relief can be granted and the State Defendants' Motion to Dismiss (ECF No. 16) is **GRANTED**.

### III.    Judge Daniel Hawkins's Motion to Dismiss

Judge Hawkins moves to dismiss the Complaint for three reasons: "(1) the *Rooker-Feldman* doctrine precludes this Court from exercising jurisdiction over any state court decisions; (2) judicial immunity bars [Mr. Nyamusevya]'s claims for monetary and injunctive relief; [and] (3) the Complaint is insufficient and fails to state a claim for which relief may be granted." (ECF No. 21, PageID 208.) Mr. Nyamusevya contends dismissal is inappropriate. (ECF No. 33.)

Mr. Nyamusevya's allegations against Judge Hawkins are similar to his allegations against Judge Hawkins in the earlier related case before this Court. *See Nyamusevya v. Hoffman*, No. 2:22-cv-02228, 2023 U.S. Dist. LEXIS 48217, at *12–19 (S.D. Ohio Mar. 21, 2023). This Court dismissed those claims as barred by the *Rooker-Feldman* doctrine. *Id.* Justifying the dismissal of the claims against Judge Hawkins, this Court explained that "[a]t the core of his claim, Plaintiff is challenging the resolution of a state court decision by alleging misconduct. The relief he seeks can only be granted by voiding a decision of the Franklin County Court of Common Pleas. Such a decision is exactly what the *Rooker-Feldman* doctrine is meant to prevent." *Id.*

The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It prevents "a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Luber v. Sprague*, 90 F. App'x 908, 910 (6th Cir. 2004). "Federal courts have no jurisdiction over challenges to state court decisions, even if the challenges allege that the state court acted unconstitutionally." *Id.* (citation omitted).

For the same reasons, the Court dismisses Mr. Nyamusevya's claims against Judge Hawkins in this case. Mr. Nyamusevya once again is challenging the resolution of a state court

decision regarding the foreclosure on his home by alleging misconduct. (*See* ECF No. 1, PageID 10, ¶ 23.) He seeks review of an Ohio state court's decision by a federal court which lacks jurisdiction to review such a claim under the *Rooker-Feldman* doctrine. *See Luber*, 90 F. App'x at 910. Even if the *Rooker-Feldman* doctrine did bar his claim, Judge Hawkins is entitled to judicial immunity from civil liability in his individual capacity. *See Nyamusevya v. Hoffman*, No. 2:22-cv-02228, 2023 U.S. Dist. LEXIS 48217, at \*13–18 (S.D. Ohio Mar. 21, 2023) (explaining how judicial immunity rendered Mr. Nyamusevya's claims against Judge Hawkins implausible).

The Motion to Dismiss filed by Judge Hawkins (ECF No. 21) is **GRANTED**.

## IV. CitiMortgage's Motion to Dismiss

CitiMortgage moved to dismiss Mr. Nyamusevya's claims as barred by the *Rooker-Feldman* doctrine and for failing to state a claim upon which relief can be granted. (ECF No. 31.) Mr. Nyamusevya opposed the Motion (ECF No. 34) and CitiMortgage replied (ECF No. 38).

As discussed above, federal courts lack jurisdiction to review state court decisions under the *Rooker-Feldman* doctrine. *See Luber*, 90 F. App'x at 910. Mr. Nyamusevya again challenges the resolution of a state court decision in the foreclosure action by alleging that CitiMortgage engaged in misconduct. This Court cannot exercise jurisdiction over attempts to appeal a state court decision. Because Mr. Nyamusevya's requested relief is the type the *Rooker-Feldman* doctrine was meant to prohibit, the Court dismisses his claims related to the foreclosure.

Mr. Nyamusevya also lacks standing to assert a state-law wrongful death claim against CitiMortgage. (*See* ECF No. 62, PageID 1915–16.) As discussed above, only the administrator or executor of an estate may bring a claim for wrongful death. And since he is proceeding *pro se*, he cannot assert a claim on behalf of his son's estate. *See Lusk*, 135 N.E.3d at 418. His wrongful death claim fails to state a claim for relief against CitiMortgage and must be dismissed.

Accordingly, CitiMortgage's Motion to Dismiss (ECF No. 31) is **GRANTED**.

## V.      First American Financial Title Insurance Company's Motion to Dismiss

First American similarly moves to dismiss Mr. Nyamusevya's claims against it as barred by the *Rooker-Feldman* doctrine and for failing to state a claim upon which relief may be granted. (ECF No. 32.) It contends that Mr. Nyamusevya's claims against it are inextricably intertwined with the prior state court litigation in the foreclosure proceedings. (*Id.* PageID 441–42.)

First American performed an examination of the record title before the foreclosure sale. (*See* ECF No. 1-1, PageID 27.) The examination, titled "Supplemental Final Judicial Report" detailed changes to the property's title to ensure the court had the most current information before the foreclosure sale. (*See id.*) Mr. Nyamusevya's allegations regarding First American are difficult to decipher. He broadly alleges that he was wronged by the title examination conducted by First American. (ECF No. 1, PageID 5–7, ¶¶ 9–11.)

Mr. Nyamusevya's allegations against First American are inextricably intertwined with the injuries he alleges from the numerous state court judgments regarding the foreclosure action. As discussed above, the *Rooker-Feldman* doctrine prohibits a federal district court from reviewing a state court decision. *See Luber*, 90 F. App'x at 910.

Moreover, First American is not subject to liability under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that she or he was deprived of a right secured by the U.S. Constitution or laws of the United States by a person acting under color of state law. 42 U.S.C. § 1983. Similarly, the Fourteenth Amendment prohibits states from denying federal constitutional rights and applies to states, not private persons or entities. *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982). For a private party's actions to constitute state action, the party's action must be "fairly attributable to the state." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). The U.S. Supreme Court has set forth three tests to determine whether conduct is attributable to the state— none of which applies here. *See e.g.*, *Lindke v. Freed*, 37 F.4th 1199, 1202 (6th Cir. 2022) (detailing

13

the three tests and the framework to assess state action). Because Mr. Nyamusevya fails to allege how First American was acting under color of state law, his § 1983 claim fails as a matter of law.

Last, to the extent that Mr. Nyamusevya asserts a claim for wrongful death against First American, his claim fails for the same reasons articulated above. Mr. Nyamusevya cannot bring a claim, without the assistance of counsel, on behalf of his son's estate. Because he lacks standing to assert his claim, and because the Complaint lacks factual allegations connecting First American, or any other Defendant, to his son's death, his wrongful death claim is dismissed.

First American's Motion to Dismiss (ECF No. 32) is **GRANTED**.

### VI.    The Padgett Law Group and Attorney Defendants

Having dismissed Mr. Nyamusevya's claims against all Defendants who moved to dismiss, the Court now turns to Mr. Nyamusevya's allegations against the Padgett Law Group, Attorneys Ellen L. Fornash, Jacqueline M. Wirtz, and Bethany L. Suttinger ("Attorney Defendants"). (*See* ECF No. 1.)

As of this Opinion and Order, the Attorney Defendants have not entered an appearance or responded to the Complaint. On November 29, 2024, Mr. Nyamusevya filed his Complaint and issued summons to all Defendants. (ECF Nos. 1, 2.) As the Court discussed above, Mr. Nyamusevya has not met his burden of showing that service has been completed. *See supra* footnote 2.

That said, even assuming proper service, Mr. Nyamusevya's claims against the Attorney Defendants must fail. The Court may sua sponte dismiss an action under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h); 12(b)(1). The *Rooker-Feldman* doctrine prohibits the Court from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments

rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284.

As discussed above, Mr. Nyamusevya once again seeks the return of the property that was subject to the foreclosure action. The Attorney Defendants were parties to the underlying litigation. *See Nyamusevya v. Hoffman*, No. 2:22-cv-02228, 2023 U.S. Dist. LEXIS 48217, at *7 (S.D. Ohio Mar. 21, 2023) (construing Mr. Nyamusevya' notice as a voluntary dismissal and dismissing claims against the attorneys and Padgett Law Group). His requested relief reveals that the source of his injury is the state-court judgment enforcing the foreclosure. Since Mr. Nyamusevya impermissibly asks this Court to overturn a state-court judgment, the Court finds that the *Rooker-Feldman* doctrine precludes subject-matter jurisdiction over his claims. *See Collins v. Wells Fargo Bank, N.A.*, No. 23-3603, 2024 U.S. App. LEXIS 7513, at *10 (6th Cir. Mar. 29, 2024) (concluding that the district court did not err in sua sponte applying *Rooker-Feldman* because subject-matter jurisdiction was lacking). As a result, the Court sua sponte dismisses his remaining claims against the Attorney Defendants.

## MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGATOR

In addition to moving to dismiss the Complaint, CitiMortgage also asks the Court to declare Mr. Nyamusevya a vexatious litigator. (ECF No. 31, PageID 292–93.) Mr. Nyamusevya opposed that motion (ECF No. 34) and CitiMortgage replied (ECF No. 38).

"Federal courts have recognized their own inherent power and constitutional obligation to protect themselves from conduct that impedes their ability to perform their Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others." *Meros v. Dimon*, No. 2:17-CV-103, 2017 U.S. Dist. LEXIS 209163, at *26 (S.D. Ohio Dec. 20, 2017) (Marbley, J.) (citation omitted). The Sixth Circuit has approved prefiling

restrictions imposed on harassing and vexatious litigators as an inherent constitutional and statutory power of the federal courts. *See, e.g.*, *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (noting courts can restrict harassing and vexatious litigators); *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998) (affirming the court's ability to impose prefiling restrictions in matters with a history of vexatious litigation).

Before declaring a litigant vexatious, the Sixth Circuit instructs that this Court must (1) give the litigant notice that pre-filing requirements will be imposed; (2) "create an adequate record for review . . . includ[ing] a listing of all the cases and motions that led the [] court to conclude that a vexatious litigant order was needed"; (3) make "substantive findings as to the frivolous or harassing nature of the litigant's actions"; and (4) "narrowly tailor the order 'to closely fit the specific vice encountered.'" *Clemons v. Dewine*, No. 19-3033, 2019 U.S. App. LEXIS 13271, at *6 (6th Cir. May 1, 2019) (citation omitted).

Mr. Nyamusevya's litigation and filings have reached a vexatious level. CitiMortgage summarized the relevant litigation in state court, this Court, and the Bankruptcy Court. (*See* ECF No. 31, PageID 278–89; *see also* ECF No. 62, PageID 1913.) As did the Bankruptcy Court when declaring Mr. Nyamusevya a vexatious litigator. *In re Nyamusevya*, 654 B.R. 581, 584–88 (Bankr. S.D. Ohio 2023) (listing cases filed by Mr. Nyamusevya starting in 2010). From the Court's count, Mr. Nyamusevya has filed over 20 lawsuits related to the Property and foreclosure also at issue here. *See id.*

The Bankruptcy Court not only created an adequate record of cases to explain why a vexatious litigant order is necessary; it also made substantive findings about the frivolous and harassing nature of Mr. Nyamusevya's action, with which this Court agrees:

> Nyamusevya's repeated filings in multiple forums—including this Court—are harassing, repetitive, and have consumed far too much of the limited resources of

courts, their judges, judges' staffs, clerks of court and law enforcement officers. The thumbnail history of his various foreclosure-related actions, shown above, does not begin to reveal the sheer number of documents filed in each case. Nyamusevya has filed thousands of pages of incoherent ramblings, random case citations, legal theories based on an aggressive and seemingly willful distortion of property law, bankruptcy law, and foreclosure law, as well as ungrounded accusations of ill treatment by lenders, lawyers and courts. His deluge of frivolous filings required responses from opposing parties, which then generated replies and additional motions from Nyamusevya, which, of course, generated more responses, replies and motions, ad infinitum. This was all especially wasteful because every court that has reviewed the Foreclosure Action has found the foreclosure judgment to be valid. Despite several lengthy written decisions from multiple courts explaining the reasoning behind their findings, Nyamusevya persists in arguing and re-arguing positions that have been soundly rejected.

*In re Nyamusevya*, 654 B.R. at 591.

This Court also gave Mr. Nyamusevya notice that it may impose pre-filing requirements by stating that it "reserve[d] the right to reexamine Defendant CitiMortgage's Motion to Declare Nyamusevya as a Vexatious Litigator pending future litigation." *Nyamusevya v. Hoffman*, No. 2:22-cv-02228, 2023 U.S. Dist. LEXIS 48217, at *29–30 (S.D. Ohio Mar. 21, 2023). That he was declared vexatious by two other courts also put Mr. Nyamusevya on notice that pre-filing requirements may be imposed if he continued to file repetitive lawsuits related to the foreclosure. *In re Nyamusevya*, 654 B.R. at 591; *see also CitiMortgage, Inc. v. Nyamusevya*, 218 N.E.3d 949 (Ohio 2023) (prohibiting Mr. Nyamusevya "from continuing or instituting legal proceedings in this court without first obtaining leave").

Given his lengthy history of filing frivolous and harassing litigation against many of the same defendants, the Court **DECLARES Mr. Nyamusevya a vexatious litigator**. *See Marbly v. Wheatley*, 87 F. App'x 535, 536 (6th Cir. 2004) (explaining district courts have the "authority to issue an injunctive order to prevent prolific litigants from filing pleadings without first obtaining court approval to do so") (citing *Feathers*, 141 F.3d at 269; *Filipas*, 835 F.2d at 1146).

CitiMortgage's Motion is thus **GRANTED** (ECF No. 31). Mr. Nyamusevya must abide by the filing restrictions outlined below in the Conclusion section.

**CONCLUSION**

Defendants' Motions to Dismiss (ECF Nos. 16, 21, 31, 32) are **GRANTED**. Plaintiff Leonard Nyamusevya's claims against the Padgett Law Group, Attorney Ellen L. Fornash, Attorney Jacqueline M. Wirtz, and Attorney Bethany L. Suttinger are sua sponte **DISMISSED** because the Court lacks subject matter jurisdiction under *Rooker-Feldman*. Plaintiff Leonard Nyamusevya's Motions (ECF No. 10, 41, 50, 54) are **DENIED as MOOT**.

Plaintiff Leonard Nyamusevya is **DECLARED a vexatious litigator**. The Court **ORDERS** that before filing any new lawsuit in this Court, Mr. Nyamusevya must obtain a certification of an attorney in good standing in this Court that the case is not frivolous and not brought for an improper purpose. If he cannot obtain such a certificate, he must successfully move for leave from the Court before filing any pleading in this Court. Mr. Nyamusevya is **WARNED** that failure to comply with this Court's Order could result in sanctions.

The Clerk is directed to **ENTER JUDGMENT** closing this case on the Court's docket and mail a copy of this Opinion and Order to Mr. Nyamusevya at P.O. Box 314 Reynoldsburg, OH 43068.

**IT IS SO ORDERED.**

**9/11/2025**                                          **s/Edmund A. Sargus, Jr.**
**DATE**                                                **EDMUND A. SARGUS, JR.**
                                                              **UNITED STATES DISTRICT JUDGE**